1  C.D. Michel-SBN 144258
   Anna M. Barvir-SBN 268728
2  Tiffany D. Cheuvront-SBN 317144
   MICHEL & ASSOCIATES, P.C.
3  180 East Ocean Blvd., Suite 200
   Long Beach, CA 90802
4  Telephone: (562) 216-4444
   Fax: (562) 216-4445
5  Email: cmichel@michellawyers.com

6  Attorneys for Plaintiffs Junior Sports Magazines Incorporated, Raymond Brown,
   California Youth Shooting Sports Association, Inc., Redlands California Youth Clay
7  Shooting Sports Inc., California Rifle & Pistol Association, Inc., The CRPA
   Foundation, and Gun Owners of California
8
   Donald Kilmer-SBN 179986
9  Law Offices of Donald Kilmer, APC
   14085 Silver Ridge Road
10 Caldwell, Idaho 83607
   Telephone: (408) 264-8489
11 Email: Don@DKLawOffice.com

12 Attorney for Plaintiff Second Amendment Foundation

13           IN THE UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA

15 JUNIOR SPORTS MAGAZINES          CASE NO: 2:22-cv-04663-CAS (JCx)
   INC., RAYMOND BROWN;
16 CALIFORNIA YOUTH SHOOTING        **MEMORANDUM OF POINTS AND**
   SPORTS ASSOCIATION, INC.;        **AUTHORITIES IN SUPPORT OF**
17 REDLANDS CALIFORNIA YOUTH        **PLAINTIFFS' EX PARTE**
   CLAY SHOOTING SPORTS INC.;       **APPLICATION FOR ORDER**
18 CALIFORNIA RIFLE & PISTOL        **SHORTENING TIME FOR HEARING**
   ASSOCIATION, INCORPORATED;       **ON PLAINTIFFS' MOTION FOR**
19 THE CRPA FOUNDATION; GUN         **PRELIMINARY INJUNCTION**
   OWNERS OF CALIFORNIA, INC.;
20 and SECOND AMENDMENT
   FOUNDATION,
21
             Plaintiffs,
22
        v.
23
   ROB BONTA, in his official capacity
24 as Attorney General of the State of
   California; and DOES 1-10,
25
             Defendants.
26
27
28
                        1
   POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

# INTRODUCTION

Good cause exists to shorten time to hear Plaintiffs' Motion for Preliminary Injunction. The "urgency" for this motion is being caused by the California Legislature's actions in declaring passage and immediate implementation of AB 2571 necessary, and by the California Governor's acquiescence in this "urgency" by immediately signing the bill into law and making it enforceable on June 30, 2022. If AB 2571 had followed a normal course of legislative enactment, it could have been challenged in a routine manner and under an ordinary schedule of litigation. But this case presents claims under 42 U.S.C. § 1983 for violations of the First Amendment and the Equal Protection clauses of the Fourteenth Amendment, and preservation of these fundamental rights carries its own urgency, so Plaintiffs ask this Court to consider their Motion for Preliminary Injunction on an expedited schedule.

# FACTUAL BACKGROUND[1]

On June 30, 2022, California enacted Assembly Bill (AB 2571), amending the California Business & Professions Code to add section 22949.80, which makes it unlawful for "firearm industry members" to "advertise, market, or arrange for placement of an advertising or marketing communication concerning any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors." Cal. Bus. & Prof. Code § 22949.80(a)(1).

AB 2571 targets speech not only "designed or intended" for minors, but that which might "reasonably appear[] to be attractive to minors." *Id.* AB 2571 directs courts tasked with determining whether a communication is "attractive to minors." *Id.* § 22949.80(a)(2). "[A] court shall consider the totality of the circumstances," including *but not limited to*, whether the communication:

(A) Uses caricatures that reasonably appear to be minors or

---

[1] For a more detailed statement of the factual background compelling this motion, see Complaint (ECF No. 1) and Plaintiffs' Motion for Preliminary Injunction also filed on July 20, 2022.

2

cartoon characters to promote firearm-related products.

(B) Offers brand name merchandise for minors, including, but not limited to, hats, t-shirts, or other clothing, or toys, games, or stuffed animals, that promotes a firearm industry member or firearm-related product.

(C) Offers firearm-related products in sizes, colors, or designs that are specifically designed to be used by, or appeal to, minors.

(D) Is part of a marketing or advertising campaign designed with the intent to appeal to minors.

(E) Uses images or depictions of minors in advertising and marketing materials to depict the use of firearm-related products.

(F) Is placed in a publication created for the purpose of reaching an audience that is predominately composed of minors and not intended for a more general audience composed of adults.

Further, AB 2571 targets only "firearm industry members," which the law defines in two ways:

(A) A person, firm, corporation, company, partnership, society, joint stock company, or any other entity or association engaged in the manufacture, distribution, importation, marketing, wholesale, or retail sale of firearm-related products.

(B) A person, firm, corporation, company, partnership, society, joint stock company, or any other entity or association formed for the express purpose of promoting, encouraging, or advocating for the purchase, use, or ownership of firearm-related products that does one of the following:

(i) Advertises firearm-related products.

(ii) Advertises events where firearm-related products are sold or used.

(iii) Endorses specific firearm-related products.

(iv) Sponsors or otherwise promotes events at which firearm-related products are sold or used.

AB 2571 thus applies not only to firearms manufacturers and retailers, *but also* to organizations formed to promote and preserve the rights to keep and bear arms, organizations that offer competitive and recreational shooting programs, businesses that offer shooting skills courses or firearm-safety training, and gun show

3

promoters. Cal. Bus. & Prof. Code § 22949.80(c)(4).

Finally, AB 2571 broadly defines "advertising or marketing" as any "communication" made or placed by a "firearm industry member" in exchange for compensation, if the "primary purpose" is to promote not just the purchase but even the "*use* [of] the product or service." *Id.* § 2949.80(c)(6) (emphasis added). And because the restriction extends to any such communication that even *concerns* a "firearm-related product," *id.* § 22949.80(a)(1), it sweeps within its sizable grasp not just traditional "advertising or marketing" as laypeople might conceive of it, but all manner of speech that promotes the use of "firearm-related products." AB 2571 thus restricts honest commercial speech promoting lawful activities and services, including, but not limited to, traditional advertisements for youth shooting competitions and recreational events, firearm-safety classes, shooting skills courses, and youth shooting programs and organizations. Compl. ¶ 57. But it also bans a broad category of pure speech, like that which Plaintiffs regularly engage in.

Any person, organization, or business that violates AB 2571 "shall be liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by Defendant Attorney General Rob Bonta or by any district attorney, county counsel, or city attorney in any court of competent jurisdiction." *Id.* § 22949.80(e)(1). AB 2571 also authorizes any "person harmed by a violation of this section" to "commence a civil action to recover their actual damages," as well as attorney's fees and costs. *Id.* § 22949.80(e)(3)-(5). Thus Plaintiffs face lawsuits from a multitude of adversaries in multiple venues across California, for engaging in constitutionally protected activities.

Plaintiffs are a group of "firearm industry members," as defined by AB 2571, that regularly "advertise, market, or arrange for placement of an advertising or marketing communication concerning … firearm-related product[s] in a manner that is designed, intended, or [might] reasonably appear[] to be attractive to minors."

4

Compl. ¶¶ 65-96. Because the California Legislature declared AB 2571 to be "urgency" legislation, it immediately went into effect upon approval by Governor Newsom on June 30, 2022, Compl. ¶ 42; Barvir Decl. ¶ 8, sending industry members (including Plaintiffs) scrambling to comply with the law's nearly indecipherable restrictions on their speech. Indeed, Plaintiffs and other "firearm industry members" throughout the country immediately postponed or canceled youth shooting events and hunter's safety courses, scrubbed advertising for such events from their websites, and terminated magazine subscriptions for minors living in California. *See* Decl. of Andy Fink Supp. Pls. Mot. Prelim. Inj. ("Fink Decl.") at ¶¶ 16-17, Exs. 19-20; Decl. of Richard Minnich Supp. Pls. Mot. Prelim. Inj. ("Minnich Decl.") at ¶¶ 8, 15.

## ARGUMENT

### I. GOOD CAUSE EXISTS TO SHORTEN TIME FOR A HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

An application for an order shortening time must be accompanied by a declaration showing "good cause" for the order. Fed. R. Civ. P. 6(c)(1)(C); C.D. Cal. Local Rule 6-1. As stated in the Declaration of Anna M. Barvir and further described here, "good cause" exists to shorten time for the hearing of Plaintiffs' Motion for Preliminary Injunction. Indeed, actual, irreparable harm to Plaintiffs' constitutional rights has already resulted and will continue to result if Plaintiffs are unable to present their case for and obtain a preliminary injunction at the first possible opportunity.

As described more fully in Plaintiffs' Motion for Preliminary Injunction, also filed on July 20, 2022, AB 2571 violates multiple constitutional provisions, including the rights to free speech, association, and assembly under the First Amendment, as well as the right to equal protection under the law guaranteed by the Fourteenth Amendment. Barvir Decl. ¶ 7. Plaintiffs merely seek to return to the last peaceable status quo—allowing them to resume enjoying in their rights to engage in truthful speech about lawful products, services, and activities associated the shooting

5

sports for young people. *Id.* While the law has been in force since June 30, 2022, the harm to Plaintiffs (and countless others throughout the country) is ongoing and compounds every single day the law remains in effect. *Id.* ¶ 11.

Immediate relief is necessary because the California Legislature took the somewhat unusual step of declaring AB 2571 an "urgency statute" taking effect *immediately* upon signing by the Governor. *Id.* ¶¶ 8, Ex. 1. Under normal circumstances, newly adopted laws take effect several months or even years after passage, giving citizens ample opportunity to initiate litigation and allowing the courts to hear any motion for preliminary injunction in accordance with standard court procedures before any such law would take effect. *Id.* ¶ 11. In this case, however, Plaintiffs were sent scrambling on June 30, 2022, when Governor Newsom signed AB 2571, to draft and file a complaint as quickly as possible and then to follow up with a motion for preliminary relief. *Id.* ¶ 12. All the while, Plaintiffs (and other "firearm industry members" who engage in the now-banned speech) have been exposed to substantial civil liability for engaging in constitutionally protected expressive activities and/or have censored themselves to avoid such liability. *Id.* ¶¶ 8-10. Considering the important issues at stake here, which implicate citizens' fundamental rights, this matter deserves careful and measured, but hasty, consideration. An order shortening time would help ensure these issues are resolved fairly and without undue haste.

As an aside, Plaintiffs recognize that filing their preliminary injunction motion after the July 1, 2022, effective date requires the Court, Defendant's counsel, and their own counsel to work quickly to resolve this matter. But as described above and in the Declaration of Anna M. Barvir, any brief delay in seeking injunctive relief, while regrettable, was neither unreasonable nor of Plaintiffs' own making. Indeed, if the State had not itself invoked its prerogative to declare AB 2571 "urgency" legislation, taking effect immediately upon approval by the governor, instead of January 1, 2023 (or later), Plaintiffs could have filed this action and

POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

sought relief in accordance with standard court procedures and notice requirements under the Federal Rules of Civil Procedure and Local Rules. *Id.* ¶¶ 11-12.

## II.    PLAINTIFFS HAVE COMPLIED WITH THE PROCEDURAL REQUIREMENTS GOVERNING EX PARTE MOTIONS

Pursuant to Central District of California Local Rule 7-19, Plaintiffs confirm that they have duly complied with the requirements of Rule 6 of the Federal Rules of Civil Procedure 6(c) and Local Rule 7-19.1, as well as this Court's July 19, 2022, Notice to Counsel (ECF No. 11), concerning the notice of ex parte motions.

To wit, on July 18, 2022, Ms. Anna M. Barvir, counsel of record for Plaintiffs, contacted Mr. Kevin J. Kelly, counsel of record for Defendant Rob Bonta, via email to provide notice that Plaintiffs intended to file an ex parte application for an order shortening time to hear their anticipated motion for preliminary injunction on July 19, 2022. Barvir Decl. ¶ 5. Mr. Kelly informed Plaintiffs that his client would oppose this request for an order shortening time, though he did not state on which grounds. *Id.* ¶ 6.

Mr. Kelly's contact information is as follows: Kevin J. Kelly, Deputy Attorney General, California Department of Justice, Government Law Section, 300 S. Spring St., Ste. 9012, Los Angeles, CA 90013; (213) 269-6615; kevin.kelly@doj.ca.gov. *Id.* ¶ 4.

### CONCLUSION

On behalf of Plaintiffs, I respectfully request that the Court set the following schedule in this matter:

- Filing and service of moving papers on July 20, 2022;
- Filing and service of opposition papers on or before July 29, 2022;
- Filing and service of reply papers on or before August 3, 2022;
- Hearing on Plaintiffs' Motion for a Preliminary Injunction to be held on August 8, 2022, at 10:00 a.m.

/ / /

1           Plaintiffs are, however, open to any alternative schedule the Court deems

2    more convenient or appropriate, even if it means less time for Plaintiffs to reply.

3

4    Dated:  July 20, 2022          **MICHEL & ASSOCIATES, P.C.**

5                                      *s/ Anna M. Barvir*

6                                      Anna M. Barvir
     Counsel for Plaintiffs Junior Sports Magazines
     Incorporated, Raymond Brown, California

7    Youth Shooting Sports Association, Inc.,
     Redlands California Youth Clay Shooting

8    Sports Inc., California Rifle & Pistol
     Association, Inc., The CRPA Foundation, and

9    Gun Owners of California

10   Dated:  July 20, 2022          **LAW OFFICES OF DONALD KILMER, APC**

11                                     *s/ Donald Kilmer*

12                                     Donald Kilmer
     Counsel for Second Amendment Foundation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

# CERTIFICATE OF SERVICE
### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.:     2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013
*Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 20, 2022.

Laura Palmerin

9