ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
KEVIN J. KELLY
Deputy Attorney General
State Bar No. 337425
  300 South Spring Street, Suite 9012
  Los Angeles, CA 90013
  Telephone: (213) 269-6615
  E-mail: Kevin.Kelly@doj.ca.gov
*Attorneys for Defendant Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUNIOR SPORTS MAGAZINES INCORPORATED ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California et al.,**<br><br>Defendants. | 2:22-cv-04663-CAS (JCx)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judges:     Hon. Christina A. Snyder and Magistrate Judge Jacqueline Chooljian<br><br>Action Filed: July 8, 2022 |

**INTRODUCTION**

Defendant respectfully requests that this Court deny plaintiffs' ex parte application for an order shortening the time for a hearing on their pending motion for a preliminary injunction, currently scheduled for August 22, 2022. Plaintiffs have failed to establish good cause for such an order, relying on arguments more appropriate for the preliminary injunction motion itself and failing to sufficiently explain why they did not seek emergency relief earlier, instead filing their motion nearly three weeks after the law they challenge went into effect. Moreover, the abbreviated schedule proposed by plaintiffs would prejudice the ability of defendants to fully respond to the motion.

If the Court does deny plaintiffs' application, defendant respectfully requests that the Court grant an additional one-week period for defendant to submit opposition papers to plaintiffs' preliminary injunction motion. Given the importance and complexity of the constitutional issues raised in this case, the number of plaintiffs and claims, and the voluminous briefings and other materials that plaintiffs have filed in support of their motion, defendant will require additional time to appropriately and sufficiently respond to plaintiffs' motion. Ultimately, this extension would allow the parties to assist the Court in coming to a more informed yet expeditious resolution of plaintiffs' motion.

Therefore, Defendants propose that the hearing remain scheduled for August 22, 2022, or the earliest available date thereafter on the Court's calendar, with the opposition due August 8, 2022, and any reply papers due on or before August 15, 2022.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On June 30, 2022, California Governor Gavin Newsom signed Assembly Bill 2571 ("AB 2571") into law. The bill amended the California Business & Professions Code to add section 22949.80, "Marketing or advertising attractive to minors; publishing material; definitions." Cal. Bus. & Prof. Code § 22949.80. The law took effect immediately on June 30, 2022. *See id.*

On July 8, 2022, more than one week after AB 2571 went into effect, plaintiffs filed the Complaint in the instant action. *See* ECF No. 1. The Complaint named eight individuals and entities as plaintiffs and purported to allege a variety of constitutional claims, including violations

-1-

of plaintiffs' First Amendment rights to "political & ideological speech," "commercial speech," and "association & assembly," and their Fourteenth Amendment equal protection rights. *See* Complaint ¶¶ 107-141. At that time, plaintiffs did not seek any type of immediate injunctive or emergency relief as to the enforcement of AB 2571. Defendant was served with the Complaint on July 11, 2022. *See* ECF No. 10.

The parties filed no further substantive items in this case until July 20, 2022, when plaintiffs filed the instant motion and a motion for a preliminary injunction enjoining defendant from enforcing Cal. Bus. & Prof. Code § 22949.80. *See* ECF Nos. 12 & 13. Plaintiffs' motion papers for a preliminary injunction total some 565 pages, inclusive of declarations and exhibits. *See* ECF No. 12. To date, plaintiffs have not sought a temporary restraining order granting more immediate injunctive relief, or any other form of emergency injunctive relief in this case.

## ARGUMENT

### I.   PLAINTIFFS HAVE FAILED TO ESTABLISH GOOD CAUSE TO SHORTEN THE TIME FOR A HEARING ON THEIR MOTION FOR PRELIMINARY INJUNCTION

Under the Local Rules of the Central District of California, a notice of motion must be filed with the Clerk not later than 28 days before the date set for hearing. *See* Local Rule 6-1. Opposing papers must be filed not later than 21 days before the hearing. *See* Local Rule 7-9. Reply papers, if any, must be served and filed not later than 14 days before the hearing. *See* Local Rule 7-10. Pursuant to the Court's standing order in this case, motions are heard by the Court on each Monday of the month. *See* ECF No. 11, ¶ 2. Plaintiffs filed their motion on July 20, 2022, and thus their motion properly noticed a hearing date of Monday, August 22, 2022. *See* ECF No. 12.

By the instant application, plaintiffs assert that they are entitled to an accelerated hearing schedule in their pending preliminary injunction motion, and that the motion should be heard two weeks earlier, on August 8, 2022. *See* Memorandum of Points and Authorities in Support of Plaintiffs' Ex Parte Application for Order Shortening Time for Hearing on Plaintiffs' Motion for Preliminary Injunction ("Plaintiff Memo") at 7. They also request that the Court shorten the due date for defendant's opposition by several days, to July 29, 2022. *See id.* In support, plaintiffs

-2-

Defendant's Opposition to Plaintiffs' Ex Parte Application for Order Shortening Time for Hearing on Plaintiffs' Motion for Preliminary Injunction (2:22-cv-04663-CAS (JCx))

reiterate some of the key arguments of their motion for a preliminary injunction itself, including that they will undergo irreparable harm if the hearing is not scheduled earlier (*see id.* at 5) and that AB 2571 violates their constitutional rights (*see id.* at 5-6). Defendant denies all of these allegations, and for the Court to credit these arguments in granting an earlier hearing would be premature, since these arguments have yet to be fully and adequately briefed by both sides (and since their complexity exceeds the scope of the instant motion).

Indeed, if plaintiffs believe that more immediate relief is necessary, they do not explain or address why they have not sought injunctive relief via an emergency application, such as by motion for a temporary restraining order ("TRO"). Instead, plaintiffs claim that the State, by lawfully promulgating AB 2571 as "urgency" legislation effective immediately, is responsible for their delay in filing a preliminary injunction motion. *See id.* at 6-7. Plaintiffs' motion undoubtedly required considerable time and effort to draft and compile, but the fact remains that it was filed nearly three weeks after AB 2571 went into effect, demonstrating that the claimed urgency is simply not present.

Ultimately, an abbreviated briefing and hearing schedule would cause prejudice to defendant. It would put defendant on unequal footing with plaintiffs, who took several weeks to draft and file their preliminary injunction motion, the breadth of which will require considerable time and resources to address.

Accordingly, plaintiffs have failed to establish good cause for an accelerated hearing schedule, and their motion should be denied.

## II.   IF THE COURT DENIES PLAINTIFFS' APPLICATION, DEFENDANT RESPECTFULLY REQUESTS AN ADDITIONAL WEEK TO SUBMIT OPPOSITION TO THE PRELIMINARY INJUNCTION MOTION IN THE INTERESTS OF FAIRNESS AND JUDICIAL ECONOMY

Under the Local Rules of the Central District of California, if plaintiffs' instant application is denied, defendant's opposition to the preliminary injunction motion will be due 21 days before the August 22 hearing date – that is, on August 1, 2022. Simply put, this is not sufficient time for defendant to adequately brief and inform the Court on the complex and important issues this case presents. Defendant would thus respectfully request a short one-week extension of time to

-3-

respond to plaintiffs' motion, to August 8, 2022, with any reply papers due on or before August 15, 2022.

As indicated above, plaintiffs' motion was filed nearly three weeks after AB 2571 became effective and thus plaintiffs had much more time to adequately brief the complex issues of this case than defendant will have had by the time their opposition is due, whether or not the Court grants plaintiffs' motion. Additionally, plaintiffs have alleged constitutional challenges for which they argue defendant carries the burden to rebut, and defendants may need additional time to assess and prepare responsive evidence, possibly including declarations, in support of their opposition papers. Furthermore, plaintiffs have filed the instant motion concurrently with their preliminary injunction motion. As the motion clock ticks, defendant has had to expend time and resources to address and respond to the instant motion, which could have been used to begin reviewing, analyzing, and composing a response to the preliminary injunction motion itself.

Above all, plaintiffs allege important constitutional claims affecting the public interest that should be resolved carefully and expeditiously. Defendant respectfully submits that providing additional briefing time would allow the parties to assist the Court in coming to a more informed and just conclusion on plaintiffs' motion. To that end, defendant would not object to additional time for plaintiffs to file reply papers, should plaintiffs request it and the Court deem it appropriate.

## CONCLUSION

Plaintiffs' motion for an order shortening the time for a hearing on their motion for preliminary injunction should be denied, and the hearing date should remain scheduled for August 22, 2022. If the Court does deny it, defendant respectfully requests an additional one-week period to submit opposition, by August 8, 2022, with reply papers, if any, due on or before August 15, 2022.

-4-

1   Dated:  July 21, 2022                    Respectfully Submitted,

2                                            ROB BONTA
                                             Attorney General of California
3                                            MARK R. BECKINGTON
                                             Supervising Deputy Attorney General
4

5

6                                            /s/ Kevin J. Kelly
                                             KEVIN J. KELLY
7                                            Deputy Attorney General
                                             *Attorneys for Defendant Rob Bonta, in his*
8                                            *official capacity as Attorney General of the*
                                             *State of California*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-