C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br> Defendant. | CASE NO: 2:22-cv-04663-CAS (JCx) <br><br> **PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL OR SUR-REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF ANNA M. BARVIR IN SUPPORT; EXHIBITS 1-2;** <br><br> **PLAINTIFFS' [PROPOSED] SUPPLEMENTAL BRIEF** <br><br> Action filed: July 8, 2022 |

1    **EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

2    TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

3         Notice is given that counsel for Plaintiffs Junior Sports Magazines

4    Incorporated, Raymond Brown, California Youth Shooting Sports Foundation, Inc.,

5    Redlands California Youth Clay Shooting Sports Inc., California Rifle & Pistol

6    Association, Incorporated, The CRPA Foundation, Gun Owners of California, and

7    the Second Amendment Foundation (collectively, "Plaintiffs"), hereby apply to this

8    Court ex parte for an order granting leave to file a four-page supplemental brief in

9    support of their Motion for Preliminary Injunction.

10        On August 18, 2022, Plaintiffs' counsel contacted Deputy Attorney General

11   Kevin J. Kelly, counsel for Defendants, to provide notice that Plaintiffs intended to

12   file an ex parte application for an order for an order granting leave to file a four-page

13   supplemental brief in support of their Motion for Preliminary Injunction, and the

14   grounds for the requested relief. Barvir Decl. ¶ 6. Plaintiffs' counsel also informed

15   Mr. Kelly that if Defendant intended to oppose Plaintiffs' application, he would

16   have 48 hours from the filing and service of the application to file any opposition.

17   *Id.* Mr. Kelly said that Defendant Bonta would oppose Plaintiffs' request. *Id.*

18        Good cause exists to grant Plaintiffs' application because the State informed

19   Plaintiffs two days after they filed their reply to the State's opposition of a potential

20   legislative development that this Court should be aware of when it considers

21   Plaintiffs' pending motion. This application is based on the memorandum of points

22   and authorities, the declaration of Anna M. Barvir, exhibits 1-2, and the proposed

23   supplemental brief attached to this application, as well as all the records currently on

24   file and any oral argument the Court may authorize.

25

26   Dated:  August 18, 2022          **MICHEL & ASSOCIATES, P.C.**

27                                    *s/ Anna M. Barvir*
                                      Anna M. Barvir
28                                    Counsel for Plaintiffs Junior Sports Magazines,
                                      Inc., Raymond Brown, California Youth

1

Shooting Sports Association, Inc., Redlands
California Youth Clay Shooting Sports, Inc.,
California Rifle & Pistol Association,
Incorporated, The CRPA Foundation, and Gun
Owners of California, Inc.

Dated:  August 18, 2022          **LAW OFFICES OF DONALD KILMER, APC**

*s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff Second Amendment
Foundation

PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

1     <u>**POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION**</u>

2         Local Rule 7-10 permits a moving party to file a reply memorandum before

3 the date set for hearing. In this matter, the parties are following a court-ordered

4 modified briefing schedule. ECF No. 15. Pursuant to that schedule, Plaintiffs filed

5 their reply brief on August 15, 2022. ECF No. 21. No other briefs are contemplated

6 by the local rules without leave of court. C.D. Cal. Local Rule 7-10. Plaintiffs thus

7 bring this application for leave to file a supplemental brief on the grounds that, on

8 August 17, 2022—two days after Plaintiffs filed their reply—counsel for the State

9 sent an email to Plaintiffs' counsel, proposing a continuance of the hearing currently

10 set for August 22, 2022. Barvir Decl. ¶ 4, Ex. 1. The State's stated reason for the

11 postponement is that the Legislature is expected to consider a bill amending AB

12 2571. Attached to the email was a draft of a yet-to-be-proposed bill to amend AB

13 2571. Barvir Decl. ¶ 5, Ex. 2. After due consideration (more below), Plaintiffs

14 declined to agree to a postponement of the August 22, 2022, hearing.

15         Local Rule 7-18(b) permits motions for reconsideration based on new material

16 facts or change in the law. Through no fault of their own, Plaintiffs are now faced

17 with waiting till after this Court issues an order on their preliminary injunction

18 motion and then seeking reconsideration or bringing this matter to the Court's

19 attention now through a supplemental brief. Plaintiffs respectfully suggest that the

20 latter course of action makes more sense and will conserve the parties and the

21 Court's time. Plaintiffs thus seek leave to have the attached [Proposed]

22 Supplemental Brief (below) filed and considered by the Court as part of its

23 adjudication of their instant motion for preliminary injunction.

24         Pursuant to Central District of California Local Rule 7-19, Plaintiffs confirm

25 that they have duly complied with the requirements of Rule 6 of the Federal Rules of

26 Civil Procedure 6(c) and Local Rule 7-19.1, as well as this Court's July 19, 2022,

27 Notice to Counsel (ECF No. 11), concerning the notice of ex parte motions. To wit,

28 on August 18, 2022, Mr. Donald Kilmer, counsel of record for Plaintiff Second

Amendment Foundation, contacted Mr. Kevin J. Kelly, counsel of record for Defendant Rob Bonta, via email to provide notice that Plaintiffs intended to file an ex parte application for an order for leave to file a supplemental brief in support of their Motion for Preliminary Injunction. Barvir Decl. ¶ 6. Mr. Kelly informed Plaintiffs that his client would oppose this request for an order shortening time. *Id.*

Defendant's counsel's contact information is as follows: Kevin J. Kelly, Deputy Attorney General, California Department of Justice, Government Law Section, 300 S. Spring St., Ste. 9012, Los Angeles, CA 90013; (213) 269-6615; kevin.kelly@doj.ca.gov. *Id.* ¶ 3.


Dated:  August 18, 2022                    MICHEL & ASSOCIATES, P.C.

                                           *s/ Anna M. Barvir*
                                           Anna M. Barvir
                                           Counsel for Plaintiffs Junior Sports Magazines,
                                           Inc., Raymond Brown, California Youth
                                           Shooting Sports Association, Inc., Redlands
                                           California Youth Clay Shooting Sports, Inc.,
                                           California Rifle & Pistol Association,
                                           Incorporated, The CRPA Foundation, and Gun
                                           Owners of California, Inc.


Dated:  August 18, 2022                    LAW OFFICES OF DONALD KILMER, APC

                                           *s/ Donald Kilmer*
                                           Donald Kilmer
                                           Counsel for Plaintiff Second Amendment
                                           Foundation

## DECLARATION OF ANNA M. BARVIR

1.     I, Anna M. Barvir, am an attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs in this action. I am licensed to practice law before the United States District Court for the Central District of California. I am also admitted to practice before the Eastern, Northern, and Southern Districts of California, as well as the courts of the state of California, the Supreme Court of the United States, and the D.C., Fourth, Ninth, and Tenth Circuit Courts of Appeals. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2.     Plaintiffs filed the complaint in the above-entitled matter on July 8, 2022. Defendants were promptly served with copies of the complaint, civil cover sheet, on or about July 11, 2022.

3.     Deputy Attorney General Kevin J. Kelly entered an appearance as counsel of record for Defendant Rob Bonta on or about July 12, 2022. Mr. Kelly's contact information is as follows:

> Kevin J. Kelly, Deputy Attorney General
> California Department of Justice, Government Law Section
> 300 S. Spring St., Ste. 9012
> Los Angeles, CA 90013
> (213) 269-6615
> kevin.kelly@doj.ca.gov

4.     On August 17, 2022, I received an email from Deputy Attorney General Kevin J. Kelly, counsel of record for defendants in the above-named action. Mr. Kelly informed me that his office had been notified that the Legislature is expected to introduce a bill that would amend AB 2571. He also asked that Plaintiffs agree to stipulate to a continuance of the August 22, 2022, hearing on Plaintiffs' motion for preliminary injunction in light of the development. A true and correct copy of Mr. Kelly's email and my response is attached hereto as Exhibit 1.

5.     Attached to Mr. Kelly's August 17, 2022, email was a draft of a proposed bill amending AB 2571. A true and correct copy of the attachment to Mr.

1

DECLARATION OF ANNA M. BARVIR

Kelly's August 17, 2022, email is attached hereto as Exhibit 2.

6.      On the afternoon of August 18, 2022, my co-counsel Mr. Kilmer responded to Mr. Kelly via email to inform him that Plaintiffs could not stipulate to continue the hearing. I was cc'd on that email chain. Mr. Kilmer also provided the Defendants with a draft copy of this document and requested that Mr. Kelly indicate whether he would oppose Plaintiffs' ex parte application for an order for leave to file this supplemental brief.

7.      Mr. Kelly responded via e-mail later that afternoon, informing me that Defendants intended to oppose Plaintiffs' ex parte application, and that he intended to file a request for a continuance. Pursuant to this Court's rules, I responded to the email chain to notify Mr. Kelly that, if his client intended to oppose Plaintiffs' application, he would have 48 hours from the filing and service of the application to file any.

8.      On behalf of Plaintiffs, I respectfully request that the Court issue an order granting leave for Plaintiffs to file the three-page [proposed] supplemental brief attached to this application.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on August 18, 2022.

                                        *s/ Anna M. Barvir*
                                        Anna M. Barvir
                                        Declarant

DECLARATION OF ANNA M. BARVIR

# EXHIBIT 1

| | |
|---|---|
| **From:** | Kevin Kelly |
| **To:** | Anna M. Barvir; Donald Kilmer |
| **Subject:** | Junior Sports Magazines Inc. v. Bonta |
| **Date:** | Wednesday, August 17, 2022 10:16:41 AM |
| **Attachments:** | RN2218698 firearms marketing.pdf |

Anna, Don –

Our office has learned that the Legislature is actively considering some clarifying amendments to AB 2571 that would explicitly state that the law applies only to communications whose main purpose is to encourage recipients to engage in a commercial transaction, and that certain types of communications are exempt from the law. Exempted communications would include those offering or promoting firearm safety programs, hunting safety or promotional programs, shooting events and competitions, organizational memberships, and lawful hunting activities. While our position is that the law in its current form does not apply to these types of communications, the goal of these amendments would be to remove any doubt on the issue. As of right now, we understand that the Legislature is likely to approve the bill before the Legislature adjourns at the end of August, and the amendments would take effect immediately upon the Governor signing the bill.

As you know, a hearing on the preliminary injunction motion is scheduled for Monday, August 22. While we obviously do not control the Legislature or Governor and cannot guarantee that these amendments will be adopted, we think that they would likely obviate some or all of the plaintiffs' claims (or at least require supplemental briefing on them). Attached is the current version of the amendments, which we are told are likely to be introduced in a bill later this week or early next.

As such, would the plaintiffs be willing to stipulate to a short continuance of the hearing to September 12 while the amendments are resolved (as September 5 is a holiday)? If the amendments are adopted, we think a continuance may work to preserve the resources of all parties, as well as the Court's.

Thank you for your consideration.

Best,
Kevin

-----------------------------------
Kevin J. Kelly
Deputy Attorney General
California Department of Justice, Government Law Section
300 S. Spring St., Ste. 9012
Los Angeles, CA 90013
(213) 269-6615
kevin.kelly@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate

applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 2

UNBACKED                    08/11/22  12:06 PM

64569                                           RN 22 18698  PAGE 1

An act to amend Section 22949.80 of the Business and Professions Code, relating to firearms.





THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

SECTION 1.   Section 22949.80 of the Business and Professions Code is amended to read:

22949.80.   (a) (1) A firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication ~~concerning offering or promoting~~ any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors.

(2) In determining whether marketing or advertising of a firearm-related product is attractive to minors, as described in paragraph (1), a court shall consider the totality of the circumstances, including, but not limited to, whether the marketing or advertising:

(A) Uses caricatures that reasonably appear to be minors or cartoon characters to promote firearm-related products.

(B) Offers brand name merchandise for minors, including, but not limited to, hats, t-shirts, or other clothing, or toys, games, or stuffed animals, that promotes a firearm industry member or firearm-related product.

(C) Offers firearm-related products in sizes, colors, or designs that are specifically designed to be used by, or appeal to, minors.

(D) Is part of a marketing or advertising campaign designed with the intent to appeal to minors.

(E) Uses images or depictions of minors in advertising and marketing materials to depict the use of firearm-related products.

(F) Is placed in a publication created for the purpose of reaching an audience that is predominately composed of minors and not intended for a more general audience composed of adults.

(3) This subdivision does not apply to a communication offering or promoting any firearm safety program, hunting safety or promotional program, firearm instructional course, sport shooting event or competition, or any similar program, course, or event, nor does it apply to a communication offering or promoting membership in any organization, or promotion of lawful hunting activity, including, but not limited to, any fundraising event, youth hunting program, or outdoor camp.

(b) A firearm industry member publishing material directed to minors in this state or who has actual knowledge that a minor in this state is using or receiving its material, shall not knowingly use, disclose, compile, or allow a third party to use, disclose, or compile, the personal information of that minor with actual knowledge that the use, disclosure, or compilation is for the purpose of marketing or advertising to that minor any firearm-related product.

(c) As used in this chapter:

(1) "Ammunition" has the same meaning as provided in subdivision (b) of Section 16150 of the Penal Code.

(2) "Firearm" has the same meaning as provided in subdivisions (a) and (b) of Section 16520 of the Penal Code.

(3) "Firearm accessory" means an attachment or device designed or adapted to be inserted into, affixed onto, or used in conjunction with, a firearm which is designed, intended, or functions to alter or enhance the firing capabilities of a firearm, the lethality of the firearm, or a shooter's ability to hold, carry, or use a firearm.

(4) "Firearm industry member" means any of the following:



(A) A person, firm, corporation, company, partnership, society, joint stock company, or any other entity or association engaged in the manufacture, distribution, importation, marketing, wholesale, or retail sale of firearm-related products.

(B) A person, firm, corporation, company, partnership, society, joint stock company, or any other entity or association formed for the express purpose of promoting, encouraging, or advocating for the purchase, use, or ownership of firearm-related products that does one of the following:

(i) Advertises firearm-related products.

(ii) Advertises events where firearm-related products are sold or used.

(iii) Endorses specific firearm-related products.

(iv) Sponsors or otherwise promotes events at which firearm-related products are sold or used.

(5) "Firearm-related product" means a firearm, ammunition, reloaded ammunition, a firearm precursor part, a firearm component, or a firearm accessory that meets any of the following conditions:

(A) The item is sold, made, or distributed in California.

(B) The item is intended to be sold or distributed in California.

(C) It is reasonably foreseeable that the item would be sold or possessed in California.

(D) Marketing or advertising for the item is directed to residents of California.

(6) "Marketing or advertising" means, in exchange for monetary compensation, to make a communication to one or more individuals, or to arrange for the dissemination to the public of a communication, about a ~~product or service~~ product, the primary purpose of which is to encourage recipients of the communication to ~~purchase or use the product or service.~~ engage in a commercial transaction.

(7) "Minor" means a natural person under 18 years of age who resides in this state.

(d) This section shall not be construed to require or authorize a firearm industry member to collect or retain age information about users or subscribers of products or services offered.

(e) (1) Any person who violates any provision of this chapter shall be liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General or by any district attorney, county counsel, or city attorney in any court of competent jurisdiction.

(2) The court shall impose a civil penalty under paragraph (1) for each violation of this chapter. In assessing the amount of the civil penalty, the court shall consider any one or more of the relevant circumstances presented by any of the parties to the case, including, but not limited to, the nature and seriousness of the misconduct, the number of violations, the persistence of the misconduct, the length of time over which the misconduct occurred, the willfulness of the defendant's misconduct, and the defendant's assets, liabilities, and net worth.

(3) A person harmed by a violation of this section may commence a civil action to recover their actual damages.

(4) The court shall also order injunctive relief, including a permanent or temporary injunction, restraining order, or other order against the person or persons responsible

for the conduct, as the court deems necessary to prevent the harm described in this section.

(5) Upon a motion, a court shall award reasonable attorney's fees and costs, including expert witness fees and other litigation expenses, to a plaintiff who is a prevailing party in an action brought pursuant to this section.

(6) Each copy or republication of marketing or advertising prohibited by this section shall be deemed a separate violation.

(f) The provisions of this section are severable. If any portion, subdivision, paragraph, clause, sentence, phrase, word, or application of this section is for any reason held to be invalid by any court of competent jurisdiction, that decision shall not affect the validity of the remaining portions of this chapter. The Legislature hereby declares that it would have adopted this section and each and every portion, subdivision, paragraph, clause, sentence, phrase, word, and application not declared invalid or unconstitutional without regard to whether any other portion of this section or application thereof would be subsequently declared invalid.

- 0 -



UNBACKED

64569

08/11/22  12:06 PM
RN 22 18698  PAGE 1

## LEGISLATIVE COUNSEL'S DIGEST

Bill No.
as introduced, _____.
General Subject: Firearms: marketing.



Existing law prohibits a firearm industry member, as defined, from engaging in advertising or marketing related to firearms that is intended for minors or reasonably appears to be attractive to minors, as specified.

This bill would exempt from this prohibition any advertising that is offering or promoting classes or events related to firearm safety, hunting, or sport shooting, as specified, or promoting membership in any organization.

Vote: majority.  Appropriation: no.  Fiscal committee: no.  State-mandated local program: no.

## **PLAINTIFFS' [PROPOSED] SUPPLEMENTAL BRIEF**

Whether the State's gambit to amend AB 2571 was instigated after this lawsuit was filed on July 8, 2022, or prior to that filing, these inchoate amendments to this law seem to address some aspects of the law's overbroad, vague, and ambiguous language; deficiencies that plaintiffs noted in their pleadings and moving papers. This suggests that the State's proposal to amend AB 2571 is being made in response to this lawsuit. After exchanging emails with opposing counsel and having had a discussion among the Plaintiffs regarding this new development, Plaintiffs could not (and did not) stipulate to any continuance of the August 22, 2022, hearing for at least four reasons.

First, this Court could just treat this email from the defendants' counsel and its attachment (sent to plaintiffs after we filed our reply brief) as an admission by a party opponent under Fed. R. Evid. 801(d)(2) and draw the logical inference that the defendants acknowledge that AB 2571, in its current form, is fatally overbroad and thus is likely unconstitutional.

The spin of opposing counsel's email—that (somehow) AB 2571 is just fine as it is and that these amendments make no substantive changes—should be seen for what it is: The government trying to have its cake and eat it too. AB 2571 must be analyzed by this Court as it was written and signed into law, at the time this lawsuit was filed, and as the text has been in effect until the time this Court has set for hearing. These "changes" to the law are not effective now, may never be effective, and should not impact the Court's analysis, except to the extent they evidence the State's recognition that the law is unconstitutional. If the potential amendments are truly non-substantive and have nothing to do with this lawsuit, then why the request for a postponement of the hearing on the injunction request? Contra wise, if AB 2571 is flawed and requires amendment, then plaintiffs' motion for a preliminary injunction should be granted—in part—based on the implied recognition by the defendants that the current law is overbroad.

Second, this rumor of a potential but by no means certain "fix-it" bill, whether it is expressly intended to address the constitutional deficiencies of AB 2571, or as opposing counsel offers, is only intended to create additional exceptions to the legislative policy—the  plain facts are that the proposed amendments will make this a more narrowly tailored law. That itself is a concession that the law as it exists today is overbroad.

This does not warrant any delay in addressing the ongoing irreparable harms that Plaintiffs (and countless others similarly situated) have been suffering under this ill-conceived law for the greater part of a month. This Court may recall that it denied Plaintiffs' request for an expedited hearing, and that the current hearing set for August 22, 2022, is already a postponement of adjudicating the fundamental rights at stake in this matter. The Court may also recall, these harms were invited upon Plaintiffs because the State chose to pass AB 2571 as an urgency measure, taking effect immediately upon adoption. Mem. Supp. Ex Parte Mot. for Order Shortening Time  (ECF No. 13-1). As Plaintiffs have explained, this kept Plaintiffs from availing themselves of the normal procedures for seeking preliminary relief before the law would take effect. *Id.* at 6. And it prevented the State itself from introducing its proposed amendments to address the concerns Plaintiffs' lawsuit raised before the law would have taken effect on January 1, 2023, *if it had not been passed as an urgency measure*, thus stripping tens or hundreds of thousands of people of their free speech rights immediately upon the law taking effect on June 30, 2022.

Third, even if the proposed amendments are introduced, the defendants' lawyers did not (because they cannot) give any assurance that the Legislature will actually pass the proposed bill, what the final language of the bill will be, or whether the Governor will even sign the bill into law once it gets to his desk. Plaintiffs should not be expected to spend time and their limited resources to address any legal issues raised by a phantom bill, nor should plaintiffs be forced to live with their rights restricted while the State goes through its legislative process. Unless and until

this language is introduced as a bill, let alone signed into law, and takes effect, it is inappropriate to rely on pie-in-the-sky possibilities to continue to delay the preliminary relief that Plaintiffs are patently entitled to.

Fourth, and perhaps most importantly, even the rumored amendments do not cure the constitutional deficiencies of this law. The new law, if ever passed, and depending on its actual language, still unconstitutionally censors both pure speech and commercial speech because[1]: (1) it is still both a content based and viewpoint based regulation of speech, (2) it is still overbroad, vague, and ambiguous, (3) the law is not narrowly tailored or substantially related[2] to the public safety policy it purports to address, and (4) it is still an animus based law discriminating against people exercising a fundamental right that violates the 14th Amendment's Equal Protection Clause. Those issues are best addressed by this Court when and if that time ever comes.

Finally, this development undermines the State's opposition brief and supporting material. If the current language of AB 2571 requires amendment to appease certain interest groups or to cure (some of) its constitutional defects, then the State should have filed a non-opposition to Plaintiffs' request for a preliminary injunction (or stipulated to its entry) and then filed notice of the (rumored) impending change to the law in their answer. But the defendants didn't do that. If they had, the lawsuit could then have been stayed after entry of the injunction, pending any changes in the law that actually comply with the Constitution. That way the status quo could be maintained as to the Plaintiffs' rights while the California

---

[1] *See* Pls.' Mem. Supp. Mot. Prelim. Inj. (ECF No. 12-1) and Pls.' Reply to Opp'n to Pls' Mot. Prelim. Inj. (ECF No. 21).

[2] E.g., If this bill merely defined firearm marketing to minors, and rather than banned that speech outright, required a warning label directing viewers and readers of any marketing material to California's law restricting firearms sales to adults, and penalizing possession and sales to minors without parental consent, the law might be less offensive to the First Amendment.

3

1  Legislature and Governor take their time to try and salvage its intrinsically
2  unconstitutional policy of censoring free speech.

3    Plaintiffs have preemptively filed this supplemental brief based on this
4  development: (1) because it is new information unavailable to the plaintiffs when
5  they filed their reply brief that materially advances Plaintiffs' existing arguments in
6  favor of granting the preliminary injunction, and (2) to give the Court as much
7  notice as possible that this new development will be dropped in its lap on or before
8  next Monday.

9    Plaintiffs respectfully ask the Court to:

10   1.   Enter an Order preliminarily enjoining the enforcement of AB 2571
11        effective immediately upon filing of the Order;

12   2.   Stay further litigation in this matter until the State files a notice with the
13        Court that AB 2571 has in fact been amended and those amendments
14        have taken effect or, alternatively, that the proposed amendments have
15        been rejected by either the Legislature or the Governor, at which point
16        the burden would shift to the State to file a motion to modify or vacate
17        the injunction under Rule 65 of the Federal Rules of Civil Procedure.

18

19  Dated:  August 18, 2022          **MICHEL & ASSOCIATES, P.C.**

20                                   *s/ Anna M. Barvir*
21                                   Anna M. Barvir
                                     Counsel for Plaintiffs Junior Sports Magazines,
22                                   Inc., Raymond Brown, California Youth
                                     Shooting Sports Association, Inc., Redlands
23                                   California Youth Clay Shooting Sports, Inc.,
                                     California Rifle & Pistol Association,
24                                   Incorporated, The CRPA Foundation, and Gun
                                     Owners of California, Inc.

25

26  Dated:  August 18, 2022          **LAW OFFICES OF DONALD KILMER, APC**

27                                   *s/ Donald Kilmer*
                                     Donald Kilmer
28                                   Counsel for Plaintiff Second Amendment
                                     Foundation

4

**CERTIFICATE OF SERVICE**

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*

Case No.:   2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL OR SUR-REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF ANNA M. BARVIR IN SUPPORT; EXHIBITS 1-2; PLAINTIFFS' [PROPOSED] SUPPLEMENTAL BRIEF**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013
*Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct. Executed August 18, 2022.

Laura Palmerin