1  C.D. Michel-SBN 144258
   Anna M. Barvir-SBN 268728
2  Tiffany D. Cheuvront-SBN 317144
   MICHEL & ASSOCIATES, P.C.
3  180 East Ocean Blvd., Suite 200
   Long Beach, CA 90802
4  Telephone: (562) 216-4444
   Fax: (562) 216-4445
5  Email: cmichel@michellawyers.com

6  Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California
   Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting
7  Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA
   Foundation, and Gun Owners of California, Inc.
8
   Donald Kilmer-SBN 179986
9  Law Offices of Donald Kilmer, APC
   14085 Silver Ridge Road
10 Caldwell, Idaho 83607
   Telephone: (408) 264-8489
11 Email: Don@DKLawOffice.com

12 Attorney for Plaintiff Second Amendment Foundation

13                IN THE UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 15  JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br> Defendant. | CASE NO: 2:22-cv-04663-CAS (JCx) <br><br> **PLAINTIFFS' SUR-REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

1

PLAINTIFFS' SUR-REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

**PLAINTIFFS' SUR-REPLY BRIEF**

Whether the State's gambit to amend AB 2571 was instigated after this lawsuit was filed on July 8, 2022, or prior to that filing, these inchoate amendments to this law seem to address some aspects of the law's overbroad, vague, and ambiguous language; deficiencies that plaintiffs noted in their pleadings and moving papers. This suggests that the State's proposal to amend AB 2571 is being made in response to this lawsuit. After exchanging emails with opposing counsel and having had a discussion among the Plaintiffs regarding this new development, Plaintiffs could not (and did not) stipulate to any continuance of the August 22, 2022, hearing for at least four reasons.

First, this Court could just treat this email from the defendants' counsel and its attachment (sent to plaintiffs after we filed our reply brief) as an admission by a party opponent under Fed. R. Evid. 801(d)(2) and draw the logical inference that the defendants acknowledge that AB 2571, in its current form, is fatally overbroad and thus is likely unconstitutional.

The spin of opposing counsel's email—that (somehow) AB 2571 is just fine as it is and that these amendments make no substantive changes—should be seen for what it is: The government trying to have its cake and eat it too. AB 2571 must be analyzed by this Court as it was written and signed into law, at the time this lawsuit was filed, and as the text has been in effect until the time this Court has set for hearing. These "changes" to the law are not effective now, may never be effective, and should not impact the Court's analysis, except to the extent they evidence the State's recognition that the law is unconstitutional. If the potential amendments are truly non-substantive and have nothing to do with this lawsuit, then why the request for a postponement of the hearing on the injunction request? Contra wise, if AB 2571 is flawed and requires amendment, then plaintiffs' motion for a preliminary injunction should be granted—in part—based on the implied recognition by the defendants that the current law is overbroad.

Second, this rumor of a potential but by no means certain "fix-it" bill, whether it is expressly intended to address the constitutional deficiencies of AB 2571, or as opposing counsel offers, is only intended to create additional exceptions to the legislative policy—the plain facts are that the proposed amendments will make this a more narrowly tailored law. That itself is a concession that the law as it exists today is overbroad.

This does not warrant any delay in addressing the ongoing irreparable harms that Plaintiffs (and countless others similarly situated) have been suffering under this ill-conceived law for the greater part of a month. This Court may recall that it denied Plaintiffs' request for an expedited hearing, and that the current hearing set for August 22, 2022, is already a postponement of adjudicating the fundamental rights at stake in this matter. The Court may also recall, these harms were invited upon Plaintiffs because the State chose to pass AB 2571 as an urgency measure, taking effect immediately upon adoption. Mem. Supp. Ex Parte Mot. for Order Shortening Time  (ECF No. 13-1). As Plaintiffs have explained, this kept Plaintiffs from availing themselves of the normal procedures for seeking preliminary relief before the law would take effect. *Id.* at 6. And it prevented the State itself from introducing its proposed amendments to address the concerns Plaintiffs' lawsuit raised before the law would have taken effect on January 1, 2023, *if it had not been passed as an urgency measure*, thus stripping tens or hundreds of thousands of people of their free speech rights immediately upon the law taking effect on June 30, 2022.

Third, even if the proposed amendments are introduced, the defendants' lawyers did not (because they cannot) give any assurance that the Legislature will actually pass the proposed bill, what the final language of the bill will be, or whether the Governor will even sign the bill into law once it gets to his desk. Plaintiffs should not be expected to spend time and their limited resources to address any legal issues raised by a phantom bill, nor should plaintiffs be forced to live with their rights restricted while the State goes through its legislative process. Unless and until

this language is introduced as a bill, let alone signed into law, and takes effect, it is inappropriate to rely on pie-in-the-sky possibilities to continue to delay the preliminary relief that Plaintiffs are patently entitled to.

Fourth, and perhaps most importantly, even the rumored amendments do not cure the constitutional deficiencies of this law. The new law, if ever passed, and depending on its actual language, still unconstitutionally censors both pure speech and commercial speech because[1]: (1) it is still both a content based and viewpoint based regulation of speech, (2) it is still overbroad, vague, and ambiguous, (3) the law is not narrowly tailored or substantially related[2] to the public safety policy it purports to address, and (4) it is still an animus based law discriminating against people exercising a fundamental right that violates the 14th Amendment's Equal Protection Clause. Those issues are best addressed by this Court when and if that time ever comes.

Finally, this development undermines the State's opposition brief and supporting material. If the current language of AB 2571 requires amendment to appease certain interest groups or to cure (some of) its constitutional defects, then the State should have filed a non-opposition to Plaintiffs' request for a preliminary injunction (or stipulated to its entry) and then filed notice of the (rumored) impending change to the law in their answer. But the defendants didn't do that. If they had, the lawsuit could then have been stayed after entry of the injunction, pending any changes in the law that actually comply with the Constitution. That way the status quo could be maintained as to the Plaintiffs' rights while the California

---

[1] *See* Pls.' Mem. Supp. Mot. Prelim. Inj. (ECF No. 12-1) and Pls.' Reply to Opp'n to Pls' Mot. Prelim. Inj. (ECF No. 21).

[2] E.g., If this bill merely defined firearm marketing to minors, and rather than banned that speech outright, required a warning label directing viewers and readers of any marketing material to California's law restricting firearms sales to adults, and penalizing possession and sales to minors without parental consent, the law might be less offensive to the First Amendment.

Legislature and Governor take their time to try and salvage its intrinsically unconstitutional policy of censoring free speech.

Plaintiffs have preemptively filed this supplemental brief based on this development: (1) because it is new information unavailable to the plaintiffs when they filed their reply brief that materially advances Plaintiffs' existing arguments in favor of granting the preliminary injunction, and (2) to give the Court as much notice as possible that this new development will be dropped in its lap on or before next Monday.

Plaintiffs respectfully ask the Court to:

1. Enter an Order preliminarily enjoining the enforcement of AB 2571 effective immediately upon filing of the Order;

2. Stay further litigation in this matter until the State files a notice with the Court that AB 2571 has in fact been amended and those amendments have taken effect or, alternatively, that the proposed amendments have been rejected by either the Legislature or the Governor, at which point the burden would shift to the State to file a motion to modify or vacate the injunction under Rule 65 of the Federal Rules of Civil Procedure.

Dated: August 19, 2022        **MICHEL & ASSOCIATES, P.C.**

*s/ Anna M. Barvir*
Anna M. Barvir
Counsel for Plaintiffs Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Dated: August 19, 2022        **LAW OFFICES OF DONALD KILMER, APC**

*s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff Second Amendment Foundation

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.:   2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

    I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013
   *Attorney for Defendant*

    I declare under penalty of perjury that the foregoing is true and correct.

Executed August 19, 2022.

                                        Laura Palmerin