1  C.D. Michel-SBN 144258
   Anna M. Barvir-SBN 268728
2  Tiffany D. Cheuvront-SBN 317144
   MICHEL & ASSOCIATES, P.C.
3  180 East Ocean Blvd., Suite 200
   Long Beach, CA 90802
4  Telephone: (562) 216-4444
   Fax: (562) 216-4445
5  Email: cmichel@michellawyers.com

6  Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California
   Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting
7  Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA
   Foundation, and Gun Owners of California, Inc.
8
   Donald Kilmer-SBN 179986
9  Law Offices of Donald Kilmer, APC
   14085 Silver Ridge Road
10 Caldwell, Idaho 83607
   Telephone: (408) 264-8489
11 Email: Don@DKLawOffice.com

12 Attorney for Plaintiff Second Amendment Foundation

13                     IN THE UNITED STATES DISTRICT COURT

14                        CENTRAL DISTRICT OF CALIFORNIA

15 | JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION, | CASE NO: 2:22-cv-04663-CAS (JCx)

**SUPPLEMENTAL DECLARATION OF ANDY FINK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION SUPPLEMENTAL BRIEFING REQUESTED**

Hearing Date:  October 17, 2022
Hearing Time:  10:00 a.m.
Courtroom:     8D
Judge:         Christina A. Snyder

Plaintiffs,

v.

ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,

Defendant.

1

SUPPLEMENTAL DECLARATION OF ANDY FINK

**SUPPLEMENTAL DECLARATION OF ANDY FINK**

1. I, Andy Fink, am the Publisher and Editor-in Chief of Junior Sports Magazines, Inc. ("Junior Sports Magazines"), a plaintiff in the above-entitled action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. AB 2571, as adopted on June 30, 2022, and as currently enforced bars Junior Sports Magazines from publishing and distributing its quarterly online and print magazine *Junior Shooters*—a magazine dedicated to promoting youth in the shooting sports—to minors under 18 in California. While adults may enjoy the magazine, it is a magazine for youth that promotes the use and possession of firearm-related products and is not specifically intended for a broader audience of adults. *Junior Shooters* thus involves advertising, marketing, or arranging for the placement of communications promoting the use of firearm-related products directly to minors and in ways that might be considered attractive to minors.

3. Before the adoption of AB 2571, Junior Sports Magazines distributed its *Junior Shooters* magazine to tens of thousands of subscribers and youth shooters throughout the country, including California. To prevent substantial civil liability under AB 2571, Junior Sports Magazines was forced to end all distribution of *Junior Shooters* in California. The home page of our website informs visitors to the site that, due to AB 2571, we have suspended distribution of the magazine in California. We have placed warnings on our website and our magazine covers to deter youth in California from entering the site and consuming advertising, marketing, and other communications promoting the use and possession of firearm-related products. And we have posted warnings to California minors on our social media platforms. Though, due to the nature of the internet, it is impossible to prevent all access to our website and social media by youth in California unless we entirely shut down our online presence.

4. But for the adoption and enforcement of AB 2571, Junior Sports Magazines would continue to produce its *Junior Shooters* magazine and distribute it to young readers in California, celebrating youth in the shooting sports and advertising, marketing, or arranging for the placement of communications promoting the use of firearm-related products among minors as it has for years. And if the law is enjoined, Junior Sports Magazines will in fact resume these activities.

5. But for the adoption and enforcement of AB 2571, Junior Sports Magazines would remove content warnings from our website and social media pages to allow visitors under the 18 from California to view our content. And if the law is enjoined, *Junior Shooters* will in fact remove content warnings from our website and social media pages to allow visitors under the 18 from California to view our content.

6. Even if AB 160 goes into effect, and some limited exemptions are made to California's ban on firearm-related speech, the law still bars Junior Sports Magazines from distributing issues of *Junior Shooters* magazine in California that include articles and images in its *Junior Shooters* magazine that endorse or recommend firearm-related products that are designed for use by minors or come in colors or sizes that might be "appealing to minors." For instance, Junior Sports Magazines could not publish articles written by youth shooters endorsing specific firearms or ammunition appropriate for competitive shooting applications by youth and smaller shooters.

7. Even if AB 160 goes into effect, and some limited exemptions are made to California's ban on firearm-related speech, the amended law does not exempt the sorts of traditional advertising promoting firearm-related products found in the pages of Junior Sports Magazines' *Junior Shooters* magazine. To the contrary, the law expressly bans communications promoting or offering firearm-related products if some third party might think they are attractive to minors. As

such, to prevent substantial liability under AB 2571 (and the AB 160 amendments), Junior Sports Magazines must either remove all advertisements for firearm-related products (even though such advertisements are truthful and lawful in the 49 other states where *Junior Shooters* maintains circulation) or continue to bar distribution and subscriptions of *Junior Shooters* magazine in California. Of course, traditional advertising of firearm-related products makes publication and distribution of *Junior Shooters* magazine economically possible, so ending such advertising is not a feasible option.

8. But for the adoption and enforcement of AB 2571 (and the AB 160 amendments), Junior Sports Magazines would continue including traditional (truthful and otherwise lawful) advertisements promoting firearm-related products in *Junior Shooters* magazine. And if the law is enjoined, Junior Shooters Magazines will in fact continue publishing traditional (truthful and otherwise lawful) advertisements promoting firearm-related products in its *Junior Shooters* magazine and distributing the magazine to young readers in California.

9. What's more, the AB 160 amendments to AB 271 do very little to address the vagueness and overbreadth concerns that plaintiffs identified in their complaint and moving papers. In fact, by adding *even more* unclear language rather than taking it away, the amendments make the law in many ways *more vague and more overbroad*. Junior Sports Magazines thus remains unsure exactly what speech is prohibited or permitted in our publications should we elect to resume distribution in California in the future. This confusion chills our speech.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on September 28, 2022.

Andy Fink
Declarant

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.:    2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**SUPPLEMENTAL DECLARATION OF ANDY FINK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013
   *Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 28, 2022.

_____
Laura Palmerin

CERTIFICATE OF SERVICE