C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendant. | CASE NO: 2:22-cv-04663-CAS (JCx)<br><br>**SUPPLEMENTAL DECLARATION OF JONATHAN L. COLEMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:    October 17, 2022<br>Hearing Time:    10:00 a.m.<br>Courtroom:       8D<br>Judge:           Christina A. Snyder |

1

SUPPLEMENTAL DECLARATION OF JONATHAN L. COLEMAN

**SUPPLEMENTAL DECLARATION OF JONATHAN COLEMAN**

1. I, Jonathan L. Coleman, am the Vice President of Plaintiff California Youth Shooting Sports Association, Inc. ("CYSSA"), a plaintiff in the above-entitled action and make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. AB 2571, as adopted on June 30, 2022, and as currently enforced, restricts CYSSA from offering its youth clay shooting program in California because it necessarily involves, among other things: recruiting minors under 18 to participate in the clay shooting sports; coaching, training, and practicing with youth in the clay shooting sports; speaking with youth about and endorsing firearm-related products necessary to participate in the clay shooting sports; advertising, promoting, offering, hosting, facilitating, and registering youth for competitive shooting events and practices; working with youth shooters and recruiters for college clay shooting teams; and other communications promoting and celebrating youth in the competitive shooting sports. These activities necessarily involve advertising, marketing, or arranging for the placement of communications promoting the use of firearm-related products *directly to minors* and in ways that are likely to be attractive to minors.

3. To prevent substantial liability under the new law, CYSSA has stopped advertising, marketing, and other communications promoting youth competitive shooting events and practices where firearms, ammunition, and related products are lawfully possessed, handled, and used by youth. And we added content warnings to our website and social media pages to deter youth under 18 residing in California from viewing our content. Barring removing our online content altogether, this was our only option. We must still weigh every communication that goes out against the substantial risk of violating this law.

4. But for the adoption and enforcement of AB 2571, CYSSA would

continue our truthful and otherwise lawful advertising, marketing, and other communications about competitive shooting programs to youth in California. We would be publishing and distributing communications promoting participation in the 2022 – 2023 shooting season and events, encouraging new youth shooter participation, registering youth for the upcoming season, working with youth and recruiters, holding matches, raising sponsor dollars and promoting our sponsors' businesses, and posting general information about participation in youth shooting sports. As it stands now, our program and website are frozen in time. *See* Coleman Decl., ¶ 9. If the law is enjoined, CYSSA will immediately resume these activities.

5. Many of our youth work for years developing their skills in the hopes of being recruited for college shooting teams and scholarships. But AB 2571, as adopted and as currently enforced, has led college shooting teams to end youth recruiting in California. Indeed, since the passage of this law, recruiters have refused to engage with youth in California around any shooting sport activity. But for the adoption and enforcement of AB 2571, CYSSA would continue to work with youth and recruiters to pursue college shooting opportunities and scholarships.

6. Even if AB 160 goes into effect, and some limited exemptions are made to California's ban on firearm-related speech that would allow CYSSA to recruit members and advertise lawful competitive shooting events, the amended law expressly exempts only speech that offers or promotes such programs, it does not exempt the speech that takes place at those events. For instance, companies that manufacture youth firearms and gear for the sport would no longer be able to place their logo on shooting jerseys or promote their products to youth shooters. These companies sponsor many of our teams, matches, coaches, and individual youth athletes, just like any other sport with sponsors involved in the promotion of the sport and their products. These sponsors are necessary to the success of our program and barring their full participation in CYSSA youth shooting programs will be detrimental to it.

7. But for the enactment and enforcement of AB 2571 (and the AB 160 amendments), CYSSA would continue to partner with, accept sponsorships from, and promote the products of businesses that manufacture youth firearms and shooting gear for the sport. And if the law is enjoined, CYSSA would immediately resume these activities.

8. Similarly, even if AB 160 goes into effect, and some limited exemptions are made to California's ban on firearm-related speech, CYSSA volunteers and affiliated coaches and trainers will still be prohibited from endorsing, promoting, or suggesting their young athletes obtain firearm-related products necessary for their success in the shooting sports. Nor could they promote a specific brand of ammunition or a particular firearm that works best for young and smaller athletes without violating the law.

9. But for the enactment and enforcement of AB 2571 (and the AB 160 amendments), CYSSA volunteers and its affiliated coaches and trainers would resume endorsing, promoting, and suggesting their young athletes obtain firearm-related products necessary for their success in the shooting sports. And if the law is enjoined, CYSSA volunteers and its affiliated coaches and trainers would in fact resume these activities.

10. What's more, the AB 160 amendments to AB 271 do very little to address the vagueness and overbreadth concerns that plaintiffs identified in their complaint and moving papers. In fact, by adding *even more* unclear language rather than taking it away, the amendments make the law in many ways *more vague and more overbroad*. We thus remain unsure exactly what speech is prohibited or permitted going forward, and each time we attempt to engage the public, we have to weigh the risks of speaking to and about youth shooting programs and activities against the very real and very substantial risk of civil liability. This chills the speech of CYSSA and its members across the state because we are unsure what can be said without fear of violating the law and being subject to substantial liability.

4
SUPPLEMENTAL DECLARATION OF JONATHAN L. COLEMAN

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on September 27, 2022.

*Jonathan L. Coleman*
Jonathan L. Coleman
Declarant

5
SUPPLEMENTAL DECLARATION OF JONATHAN L. COLEMAN

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.:   2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

 I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

 I am not a party to the above-entitled action. I have caused service of:

**SUPPLEMENTAL DECLARATION OF JONATHAN L. COLEMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013
 *Attorney for Defendant*

 I declare under penalty of perjury that the foregoing is true and correct.

Executed September 28, 2022.

*[signature]*
Laura Palmerin