C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendant. | CASE NO: 2:22-cv-04663-CAS (JCx)<br><br>**SUPPLEMENTAL DECLARATION OF SAM PAREDES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: October 17, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Christina A. Snyder |

1

SUPPLEMENTAL DECLARATION OF SAM PAREDES

## SUPPLEMENTAL DECLARATION OF SAM PAREDES

1. I, Sam Paredes, am the Executive Director of Gun Owners of California, Inc. ("GOC"), a plaintiff in the above-entitled action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. AB 2571, as passed on June 30, 2022, and currently enforced, bars GOC from supporting youth shooting teams by raising and contributing financial resources to their programs and sponsoring individual young shooters through their careers as juniors looking to earn scholarships at major universities. Because these activities require GOC to encourage minors to use firearm-related products, these activities necessarily involves advertising, marketing, or arranging for the placement of communications promoting the use of firearm-related products—*directly to minors* and in ways likely to be attractive to them. To prevent substantial civil liability under the new law, GOC has withdrawn this important support of youth shooting teams.

3. But for the adoption and enforcement of AB 2571, GOC would continue to sponsor and support youth shooting teams, offer scholarship programs to youth shooters, and communicate with minors as it has done for years. And if the law is enjoined, GOC will in fact resume these activities.

4. AB 2571, as passed on June 30, 2022, and currently enforced, also restricts GOC's ability to engage in pro-gun speech concerning the use of firearm-related products directly with minors or in ways that are designed, intended, or reasonably appear to be attractive to them. To prevent substantial civil liability under the new law, GOC has had to halt or drastically limit the distribution of advertisements, mentions, recruitment information, and other content so that those under 18 years of age are not likely to receive it.

5. But for the adoption and enforcement of AB 2571, GOC would continue to engage in pro-gun speech concerning the use of firearm-related

products directly with minors or in ways that are designed, intended, or reasonably appear to be attractive to them. And if the law is enjoined, GOC will in fact resume these activities.

6. What's more, the AB 160 amendments to AB 271 do very little to address the vagueness and overbreadth concerns that plaintiffs identified in their complaint and moving papers. In fact, by adding *even more* unclear language rather than taking it away, the amendments make the law in many ways *more vague and more overbroad*. We thus remain unsure exactly what speech is prohibited or permitted going forward, and each time we attempt to engage the public, we have to weigh the risks of speaking to and about youth shooting programs and activities against the very real and very substantial risk of civil liability. This chills the speech of GOC and its thousands of members across the state because we are unsure what can be said without fear of violating the law and being subject to substantial liability.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on September 27, 2022.

Sam Paredes
Declarant

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.: 2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**SUPPLEMENTAL DECLARATION OF SAM PAREDES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013
   *Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 28, 2022.

_/s/ Laura Palmerin_
Laura Palmerin