C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>     Plaintiffs,<br><br>     v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>     Defendant. | CASE NO: 2:22-cv-04663-CAS (JCx)<br><br>**SUPPLEMENTAL DECLARATION OF STEVE GOMEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: October 17, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom:  8D<br>Judge:    Christina A. Snyder |

1
SUPPLEMENTAL DECLARATION OF STEVE GOMEZ

# SUPPLEMENTAL DECLARATION OF STEVE GOMEZ

1. I, Steve Gomez, am the President of The CRPA Foundation (CRPAF), a plaintiff in the above-entitled action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. AB 2571, as passed on June 30, 2022, and currently enforced, bars CRPAF from planning, advertising, marketing, promoting, sponsoring, hosting, facilitating and/or participating in recreational events where youth are extremely likely to be in attendance and where youth lawfully use, handle, observe, or otherwise possess firearm-related products. Because these programs involve print and online advertising, signage, flyers, discussions, branded merchandise and giveaways, and other communications depicting minors enjoying or otherwise encouraging minors to possess and use lawful firearms for lawful purposes, they necessarily involve advertising, marketing, or arranging for the placement of communications promoting the use of firearm-related products—*directly to minors* and an in ways likely to be attractive to minors. *See* Gomez Decl., ¶7.

3. But for the adoption and enforcement of AB 2571, CRPAF would continue planning, advertising, marketing, promoting, sponsoring, hosting, facilitating and/or participating in recreational or competitive shooting events specifically for youth or where youth are extremely likely to be in attendance and where youth lawfully use, handle, observe, or otherwise possess firearm-related products. And if the law is enjoined, CRPAF will in fact resume planning, advertising, marketing, promoting, sponsoring, hosting, facilitating and/or participating such programs.

4. Even if AB 160 goes into effect, and some limited exemptions are made to California's ban on firearm-related speech, the amended law expressly exempts only speech that offers or promotes lawful shooting programs and activities, it does not exempt the speech that takes place at those events. Such events often involve

signage, flyers, discussions, branded merchandise and giveaways, and other communications that promote or offer firearm-related products. What's more, the cost of hosting shooting opportunities for youth is often offset by sponsors, including businesses that sell or manufacture firearm-related products. Sponsors are often offered booth space, banners, signage, logo placement, or other forms advertising at these events in exchange for their financial support. It is also customary, just like in other sports, to place sponsor logos not just on signage or vendor booths, but on the shirts or uniforms competitors receive. This apparel is not only commemorative to the youth shooters, but advertising for sponsors. Because AB 2571 provides no exception for sponsors of lawful youth shooting events or for the speech that takes place at such events, both as originally adopted and as recently amended, the restricts CRPAF's ability to host and sponsor shooting events for youth.

5. But for the adoption and enforcement of AB 2571 (including the AB 160 amendments), CRPAF would continue planning, advertising, marketing, promoting, sponsoring, hosting, facilitating and/or participating in recreational or competitive shooting events specifically for youth or where youth are extremely likely to be in attendance and where youth lawfully use, handle, observe, or otherwise possess firearm-related products. And if the law is enjoined, CRPAF will in fact resume planning, advertising, marketing, promoting, sponsoring, hosting, facilitating and/or participating such programs.

6. AB 2571, as passed on June 30, 2022, and currently enforced, bars CRPA from publishing and distributing the full variety of its informational bulletins, brochures, and articles, including a youth activity booth that teaches children about their Second Amendment rights and the heritage of shooting and hunting. Because these publications are meant to bring awareness to issues, laws, and general information that gun owners and shooters *of all ages* should be aware of it necessarily includes communications promoting the use of firearm-related products

*directly to minors* or in ways likely to be attractive to minors. Gomez Decl. ¶ 8. Because of the enactment and enforcement of AB 2571, CRPAF has had to pull some of its publications, "clean" the CRPAF webpage, and will be unable to promote our kid-friendly activity book. If we continue these activities unabated, I reasonably believe that the organization will be subject to substantial civil liability under AB 2571. *See* Gomez Decl. ¶ 10.

7. But for the enactment and enforcement AB 2571, CRPAF would continue to offer this and other dynamic content concerning and promoting the possession and use of firearms throughout California regardless of the age of the participant. And if the law is enjoined, CRPAF will in fact resume offering this and other dynamic content concerning and promoting the possession and use of firearms throughout California regardless of the age of the participant.

8. AB 2571, as adopted on June 30, 2022, and as currently enforced bars CRPAF from offering and promoting its grants to youth shooting teams, CRPAF Youth Scholarship Program, and Youth Ambassador Program—all programs that seek to engage youth in the shooting sports and encourage youth to exercise their Second Amendment rights. These programs necessarily involve advertising, marketing, or arranging for the placement of communications promoting the use of firearm-related products—*directly to minors*.

9. But for the adoption and enforcement of AB 2571, CRPAF would continue to promote and offer its grants to youth shooting teams, CRPAF Scholarship Programs, and Youth Ambassador Program, as it has done for years. And if the law is enjoined, CRPAF will in fact resume offering its grants to youth shooting teams, CRPAF Scholarship Programs, and Youth Ambassador Program.

10. Even if AB 160 goes into effect, and some limited exemptions are made to California's ban on firearm-related speech, the amended law still limits what speech CRPAF and its supporters may safely engage in—through CRPAF's various family-friendly pro-gun publications and its Youth Ambassador Program. The AB

160 amendments to AB 271 do very little to address the vagueness and overbreadth concerns that plaintiffs identified in their complaint and moving papers. In fact, by adding *even more* unclear language rather than taking it away, the amendments make the law in many ways *more vague and more overbroad*. CRPAF fears that even under the amended language of the law, CRPAF must continue to weigh the substantial risk of running afoul of the law against the benefit of educating youth in California about our core mission of promoting and advocating for the lawful purchase, use, and ownership of firearms and firearm-related products.

      I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on September 28, 2022.

                                                Steve Gomez
                                                Declarant

# CERTIFICATE OF SERVICE
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.:   2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

   I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

   I am not a party to the above-entitled action. I have caused service of:

**SUPPLEMENTAL DECLARATION OF STEVE GOMEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013
   *Attorney for Defendant*

   I declare under penalty of perjury that the foregoing is true and correct.

Executed September 28, 2022.

*Laura Palmerin*