C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendant. | CASE NO: 2:22-cv-04663-CAS (JCx)<br><br>**SUPPLEMENTAL DECLARATION OF RAYMOND BROWN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: October 17, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Christina A. Snyder |

1
SUPPLEMENTAL DECLARATION OF RAYMOND BROWN

# SUPPLEMENTAL DECLARATION OF RAYMOND BROWN

1. I, Raymond Brown, am a plaintiff in the above-entitled action and make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. AB 2571, as adopted on June 30, 2022, and as currently enforced bars me from actively coaching youth in the shooting sports in California because, during my training and coaching sessions with young shooters, minors lawfully use, handle, observe, and otherwise possess firearm-related products. Depending on the student's needs, I might also engage in discussions with or provide recommendations to youth shooters concerning firearm-related products that are most suitable for young and/or beginner shooters. These activities necessarily involve advertising, marketing, or arranging for the placement of communications promoting the use of firearm-related products—*directly to minors* and in ways likely to be attractive to minors.

3. To prevent substantial liability under the new law, I have stopped offering courses in California specifically for youth and have barred youth under 18 from participating my general classes. I have also been forced to remove all mention of youth shooting from my website for fear of violating AB 2571.

4. But for the adoption and enforcement of AB 2571, I would continue to coach youth in shooting and hunting and would continue to suggest firearm-related products to my minor students throughout California. I would also continue making mention of youth shooting on my website. If the law is enjoined, I would in fact immediate resume these activities.

5. Even if AB 160 goes into effect, and some limited exemptions are made to California's ban on firearm-related speech that would allow me to offer or promote firearm training and hunting courses, the amended law expressly exempts only speech that offers or promotes these programs, it does not exempt the speech that takes place during those programs. As such, if I choose to resume offering such

courses to youth under 18 after the AB 160 amendments take effect, I must still carefully censor my speech since such courses inherently include speech promoting firearm-related products, including recommendations about specific products. Because of the enactment and enforcement of AB 2571 (even as amended by AB 160), I no longer feel comfortable speaking to youth about what equipment, firearms, and ammunition they should use for their sport or recreational shooting. All equipment I promote to youth would be "attractive to minors" because those particular minors are involved in a sport where they use firearms and firearm-related equipment. It is natural that I would tell them about the best products to use just like any other coach in other sports would tell their youth about.

6. But for the adoption and enforcement of AB 2571 (and the AB 160 amendments), I would continue to coach youth in shooting and hunting and would continue to suggest firearm-related products to my minor students throughout California. I would also continue making mention of youth shooting on my website. If the law is enjoined, I would in fact immediate resume these activities.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on September 28, 2022.

*Raymond Brown*
Declarant

3
SUPPLEMENTAL DECLARATION OF RAYMOND BROWN

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.: 2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**SUPPLEMENTAL DECLARATION OF RAYMOND BROWN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013
    *Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 28, 2022.

_____
Laura Palmerin