C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION,

Plaintiffs,

v.

ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,

Defendant.

Case No.: 2:22-cv-04663-CAS (JCx)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE MANDATE AND ISSUE PRELIMINARY INJUNCTION**

Hearing Date: June 10, 2024
Hearing Time: 10:00 a.m.
Courtroom: 8D
Judge: Christina A. Snyder

## TABLE OF CONTENTS

**Page**

Table of Contents ..... ii

Table of Authorities ..... iii

Introduction ..... 1

Factual Background ..... 2

I. Statement of Facts ..... 2

A. California enacts § 22949.80 to prohibit advertising firearm-related products "in a manner that is designed, intended, or reasonably appears to be attractive to minors." ..... 2

B. The district court denies Junior Sports Magazines Inc. preliminary injunctive relief against the enforcement of § 22949.80. ..... 3

II. Procedural History After Ninth Circuit Opinion ..... 4

Argument ..... 6

I. The Ninth Circuit Has Already Held That Plaintiffs Are Likely to Succeed on the Merits ..... 6

A. Section 22949.80 Impermissibly Infringes on Plaintiffs' Right to Free Speech ..... 6

B. The State's Claim That Only Subsection (a) Is Subject to Injunction Is Frivolous ..... 7

II. The Ninth Circuit Has Already Held that Plaintiffs Satisfy the Remaining Factors and Are Entitled to Preliminary Injunctive Relief ..... 10

Conclusion ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046 (9th Cir. 2009) ........ 6

*Central Hudson Gas & Electric Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980) ........ 3

*Chalk v. U.S. Dist. Ct. (Orange Cnty. Superin. of Schs.)*, 840 F.2d 701 (9th Cir. 1998) ........ 6

*Junior Sports Magazines, Inc., v. Bonta*, 80 F.4th 1109 (9th Cir. 2023) ........ passim

*Junior Sports Magazines, Inc., v. Bonta*, 2023 U.S. App. LEXIS 27018 (9th Cir. Oct. 11, 2023) ........ 4

*Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) ........ 11

*NAACP v. Alabama ex rel. Patterson*, 360 U.S. 240 (1959) ........ 7

*Safari Club Int'l v. Bonta*, No.: 222-cv-01395-DAD-JDP (E.D. Cal.) ........ 5, 9

*Sibbald v. United States*, 37 U.S. 488 (1838) ........ 7

**Statutes**

Assemb. B. 2571, Ch. 77 § 1 (Cal. 2022) ........ 2

Cal. Bus. & Prof. Code § 22949.80 ........ passim

Cal. Penal Code § 29610 ........ 2

Cal. Penal Code § 29615 ........ 2

**Other Authorities**

*2023 Everytown Gun Law Rankings*, Everytown Rsch. & Pol'y (Jan. 12, 2023), https://everytownresearch.org/rankings ........ 2

*Hunting Licenses and Tags*, Cal. Dep't of Fish & Wildlife, https://wildlife.ca.gov/licensing/hunting ........ 2

*License Statistics: Hunting Licenses*, Cal. Dept. of Fish & Wildlife (last visited July 24, 2023), https://wildlife.ca.gov/Licensing/Statistics/action/review/content/6949#huntinglicenses ........ 2

**Rules**

Fed. R. App. P. 41 .......... 6

Fed. R. Civ. P. 2 .......... 7

Fed. R. Civ. P. 11 .......... 7

## INTRODUCTION

This motion should not even be necessary—and not because some action by this Court is not required—but because the State should have cooperated in securing the post-mandate preliminary injunction, that was ordered by the Court of Appeals, without forcing the parties and this Court to engage in unnecessary litigation.

From the summary of the published opinion in *Junior Sports Magazines, Inc., v. Bonta*, 80 F.4th 1109 (9th Cir. 2023):[1]

> The panel reversed the district court's denial of plaintiffs' motion for a preliminary injunction seeking to enjoin, pursuant to the First and Fourteenth Amendments, a California law that prohibits the advertising of any "firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors." California Business and Professions Code § 22949.80.
>
> The panel assumed that California's law regulates only commercial speech and that intermediate scrutiny applies.
>
> Applying intermediate scrutiny, the panel first concluded that because California permits minors under supervision to possess and use firearms for hunting and other lawful activities, Section 22949.80 facially regulates speech that concerns lawful activity and is not misleading. Next, the panel held that section 22949.80 does not directly and materially advance California's substantial interests in reducing gun violence and the unlawful use of firearms by minors. There was no evidence in the record that a minor in California has ever unlawfully bought a gun, let alone because of an ad. Finally, the panel held that section 22949.80 was more extensive than necessary because it swept in truthful ads about lawful use of firearms for adults and minors alike. Because plaintiffs had shown a likelihood of success on the merits and the remaining preliminary injunction factors weighed in plaintiffs' favor, the panel reversed the district court's denial of the preliminary injunction and remanded for further proceedings.

Given this outcome and the time and resources already expended in this matter, the State should have entered into a stipulation for compliance with the Ninth Circuit's mandate and agreed to the entry of a preliminary injunction. Because it will not agree to do so, Plaintiffs find themselves forced to file this motion.

---

[1] The full opinion is attached as Exhibit A to the Declaration of Anna M. Barvir and filed simultaneously herewith.

# FACTUAL BACKGROUND

## I. STATEMENT OF FACTS

Because this Court is already familiar with this case, the facts recounted in this post-mandate motion are taken from the Ninth Circuit decision verbatim.

### A. California enacts § 22949.80 to prohibit advertising firearm-related products "in a manner that is designed, intended, or reasonably appears to be attractive to minors."

California's gun restriction laws are considered among the strictest of any state in the nation. *2023 Everytown Gun Law Rankings*, Everytown Rsch. & Pol'y (Jan. 12, 2023), https://everytownresearch.org/rankings. Yet firearm-related activities, such as hunting and sport shooting, remain popular among Californians, including minors, across a vast swath of this state. *See, e.g.*, *License Statistics: Hunting Licenses*, Cal. Dept. of Fish & Wildlife (last visited July 24, 2023), https://wildlife.ca.gov/Licensing/Statistics/action/review/content/6949#huntinglicenses. California allows minors—with the consent or supervision of a parent or guardian—to possess and use firearms for "lawful, recreational sport, including, but not limited to, competitive shooting, or agricultural, ranching, or hunting activity." Cal. Penal Code §§ 29615, 29610. In fact, California law encourages and incentivizes lawful firearm use among minors. *See, e.g.*, *Hunting Licenses and Tags*, Cal. Dep't of Fish & Wildlife, https://wildlife.ca.gov/licensing/hunting (offering discounted license fees for "junior hunters," *i.e.*, those under sixteen years old).

Amid concerns about gun violence, however, the California legislature recently became wary of youth interest in firearms. According to the legislature, "the proliferation of firearms to and among minors poses a threat to the health, safety, and security of all residents of, and visitors to, [the] state," as "[t]hese weapons are especially dangerous in the hands of minors." Assemb. B. 2571, Ch. 77 § 1 (Cal. 2022). The legislature thus sought to quell that interest. But rather than repeal California's firearm-possession laws for minors (which could spark opposition from many Californians who use firearms lawfully), the legislature chose to regulate the "firearm industry" by limiting what it can say in the state. The resulting law, Assembly Bill (AB) 2571, is the subject of this appeal.

AB 2571, as later amended by AB 160, is codified at § 22949.80 of the California Business and Professions Code. The statute mandates that "[a] firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is

designed, intended, or reasonably appears to be attractive to minors." Cal. Bus. & Prof. Code § 22949.80(a)(1). It thus applies only to marketing or advertising, which it defines as making, "in exchange for monetary compensation, . . . a communication, about a product, the primary purpose of which is to encourage recipients of the communication to engage in a commercial transaction." *Id.* § 22949.80(c)(6). The law does not apply, however, to communications "offering or promoting" firearm safety programs, shooting competitions, hunting activities, or membership in any organization. *Id.* § 22949.80(a)(3).

For advertisements that fall within the scope of the regulation, § 22949.80 prescribes a totality-of-the-circumstances test to determine whether the marketing is "attractive to minors." *Id.* § 22949.80(a)(2). This assessment considers, for example, whether the advertisement "[o]ffers brand name merchandise for minors"; "[o]ffers firearm-related products in sizes, colors, or designs that are specifically designed to be used by, or appeal to, minors"; or "[u]ses images or depictions of minors in advertising and marketing materials to depict the use of firearm-related products." *Id.* § 22949.80(a)(2)(B)—(C), (E).

Section 22949.80 is enforced with civil penalties not exceeding $25,000 for each violation, and injunctive relief is available "as the court deems necessary to prevent the harm described in this section." *Id.* § 22949.80(e)(1), (4).

**B. The district court denies Junior Sports Magazines Inc. preliminary injunctive relief against the enforcement of § 22949.80.**

Junior Sports Magazines Inc. publishes *Junior Shooters*, a youth-oriented magazine focused on firearm-related activities and products. According to Junior Sports Magazines, its ability to publish *Junior Shooters* depends on advertising revenue. Fearing liability under § 22949.80, Junior Sports Magazines has ceased distributing the magazine in California and has placed warnings on its website deterring California minors from accessing its content.

Shortly after California enacted AB 2571, Junior Sports Magazines challenged its constitutionality under the First and Fourteenth Amendments. Junior Sports Magazines also moved to preliminarily enjoin the enforcement of § 22949.80. The district court denied the injunction, however, determining that Junior Sports Magazines was not likely to succeed on the merits of its claims. In particular, the court found that § 22949.80 regulates only commercial speech. It thus did not review the law under strict scrutiny—as would typically apply to laws restricting speech—and instead applied the less-stringent intermediate scrutiny standard established by *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 100 S. Ct. 2343, 65 L. Ed. 2d 341 (1980). Under this standard, the

court found that § 22949.80 is likely constitutional, determining that the law is no more restrictive than necessary to advance the government's substantial interest in reducing unlawful firearm possession and preventing violence. Junior Sports Magazines timely appealed the district court's order.

## II. PROCEDURAL HISTORY AFTER NINTH CIRCUIT OPINION

On September 13, 2023, the Ninth Circuit reversed the denial of Plaintiffs' motion for preliminary injunction motion in a unanimous decision. *Jr. Sports Mags.*, 80 F.4th 1109. Its mandate to this Court is set forth in the conclusion of that opinion: "In sum, we hold that [California Business & Professions Code] § 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." *Id.* at 1121.

Later, the State notified the Ninth Circuit that it intended to move for a rehearing, and Junior Sports Magazines requested an injunction against enforcement of section 22949.80 while that petition was pending. The three-judge panel denied the injunction request. 2023 U.S. App. LEXIS 27018 (9th Cir. Oct. 11, 2023). But after no judge in the Ninth Circuit called for a vote to rehear the case en banc, the State's petition for rehearing en banc was denied. 2024 U.S. App. LEXIS 3878 (9th Cir. Feb. 20, 2024). The Ninth Circuit issued the mandate based on its September 13, 2023, opinion on February 28, 2024. Dkt. No. 51.

Once the case returned to this Court, the parties agreed to an extension of time for the State to file an answer up to April 22, 2024, on the grounds that it needed more time to consider its options for potential early resolution of this case. Dkt. No. 52. This Court granted the stipulated extension. Dkt. No. 53. This Court also entered an order setting a status conference regarding filing and spreading the Ninth Circuit Mandate. Dkt. No. 54.

In preparation for that conference, the parties met and conferred about potential avenues for the efficient disposition of this case. Barvir Decl. ¶ 3. The State refused to enter into a stipulation for entry of an order for a final judgment

enjoining enforcement of section 22949.80. *Id.* ¶ 3. It also refused to enter into a stipulation for the entry of an order for a preliminary injunction pending further discussions or litigation. *Id.* Instead, the State urged Plaintiffs to renew their motion for a preliminary injunction, stating that it would either not oppose the motion or would file a non-opposition. A day after meeting and conferring, counsel for the State gave notice that Defendants would, in fact, oppose any preliminary injunction that was not limited solely to subsection (a) of section 22949.80, *id.* ¶ 4—despite the Ninth Circuit's express holding that, without qualification, **"*§22949.80 is likely unconstitutional under the First Amendment*."** *Jr. Sports Mags.*, 80 F.4th at 1121 (double emphasis added).

During the April 8, 2024, status conference, this Court granted a further extension for the State to respond to the Complaint to and including May 22, 2024. Barvir Decl. ¶ 5. It also set another status conference for May 13, 2024, with a joint status conference statement due on May 6, 2024. *Id.* The Court orally encouraged the parties to continue to meet and confer to resolve the whole case and, if possible, enter any order necessary to address the mandate. *Id.* In compliance with the Court's directives, the parties exchanged correspondence discussing settlement and the scope of any order that would address the Ninth Circuit's mandate. But because the parties continue to disagree over whether the Ninth Circuit opinion addresses more than subsection (a), no agreement could be reached. *Id.* ¶ 6.

On April 18, 2024, the Plaintiffs filed a notice of the preliminary injunction issued in the coordinated case of *Safari Club Int'l v. Bonta*, No.: 222-cv-01395-DAD-JDP (E.D. Cal.) enjoining the entirety of Business & Professions Code section 22949.80. Dkt. No. 56. Even still, Defendants have refused to agree to enter an identical preliminary injunction here in this case. Barvir Decl. ¶ 6. Plaintiffs are thus forced to file this motion to enforce the Ninth Circuit's mandate and obtain the preliminary injunctive relief against enforcement of section 22949.80 while this case proceeds.

## ARGUMENT

"The purpose of a preliminary injunction is to preserve the status quo pending a determination of the action on the merits." *Chalk v. U.S. Dist. Ct. (Orange Cnty. Superin. of Schs.)*, 840 F.2d 701, 704 (9th Cir. 1998). To obtain relief, Plaintiffs must show (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The Ninth Circuit has already made all the necessary findings for granting a preliminary injunction in its disposition published at *Junior Sports Magazines, Inc. v. Bonta*, 80 F.4th 1109, 1120-21 (9th Cir. 2023). Those findings are binding on this Court and represent the law of the case. The mandate is effective when issued. Fed. R. App. P. 41(c). And the opinion on which the mandate is based "REVERSE[D] the district court's denial of a preliminary injunction." *Id.* at 1121. Plaintiffs are thus entitled to a preliminary injunction enjoining enforcement of section 22949.80—in its entirety—while this case proceeds to settlement or final judgment.

### I. THE NINTH CIRCUIT HAS ALREADY HELD THAT PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS

#### A. Section 22949.80 Impermissibly Infringes on Plaintiffs' Right to Free Speech

As noted, the law of the case as to the First Amendment issues is set forth in the Ninth Circuit's decision in *Junior Sports Magazines, Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023). The mandate, set forth in the conclusion of that opinion, is not open to reexamination or further review that the State is apparently now insisting on. Indeed, it is well-established that:

> [W]hatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided

> on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded.

*Sibbald v. United States*, 37 U.S. 488 (1838). *See also NAACP v. Alabama ex rel. Patterson*, 360 U.S. 240, 245 (1959).

For purposes of Plaintiffs' post-mandate motion for a preliminary injunction, it is Business & Professions Code section 22949.80—in its entirety—that is (likely) unconstitutional. *Jr. Sports Mags.*, 80 F.4th at 1120-21 ("In sum, we hold that § 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion.")

Because that is now the law of the case, Plaintiffs need not retread their successful First Amendment Commercial Speech arguments or their claims brought under the right to associate and the Equal Protection Clause.[2]

### B. The State's Claim That Only Subsection (a) Is Subject to Injunction Is Frivolous

The State has not provided Plaintiffs with any authority during their meet-and-confer efforts for the recently concocted claim that the Ninth Circuit declared only subsection (a) unconstitutional. The plain text of the opinion—which is now the law of the case—contradicts that assertion. Any pleading the State files making that argument comes dangerously close to violating rule 11(b)(1) and (b)(2) of the Federal Rules of Civil Procedure.[3] Because Plaintiffs have not had the opportunity to analyze a formal brief (or even informal argument) from the State on this point, they offer the observations below in anticipation of the State making that frivolous argument.

---

[2] They do not, however, waive any of those other constitutional claims or the arguments they made in their initial motion or on appeal that are not based on the commercial speech doctrine. The Court of Appeals, applying the doctrine of avoidance, found it unnecessary to address those claims because full relief was available under the commercial speech doctrine. *Jr. Sports Mags.*, 80 F.4th at 1115, fn. 1, 1121, fn. 3.

[3] Certainly, Plaintiffs would not take any action regarding Rule 11 unless they are served with a pleading by the State that violates the rule.

1. The relief sought by Plaintiffs in their original motion for a preliminary injunction was clearly laid out in the proposed order filed with that motion. It expressly requested that "during the pendency of this action, the named Defendant, his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office, are enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of AB 2571, codified at Business & Professions Code section 22949.80." Dkt. No. 12-14. Nothing in the Ninth Circuit's opinion or the mandate suggests that this relief should now be narrower than what was requested by the Plaintiffs in their original motion and now mandated by the Court of Appeals.

2. Though subsection (a) of section 22949.80 is repeatedly cited in the State's Appellee's Answering Brief on appeal, the context of those citations makes clear that the brief was explaining the function of various subsections of that code. Appellees' Answering Brief 4-5, 15-16, 20, 34, *Jr. Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023), ECF No. 20. It should be noted that not once did California argue that *only* subsection (a)'s constitutionality was the *sole* issue on appeal. In fact, the table of authorities of the State's brief cites the full code section, Cal. Bus. & Prof. Code § 22949.80, as *passim. Id.* at vii, implying that they too understood that the constitutionality of the entire statute was at issue.

3. The State's Petition for Rehearing En Banc is even more damning in this respect. The table of contents and brief headings still treat "Section 22949.80" as a unitary law, as does the table of authorities. Appellees' Petition for Rehearing En Banc ii-iii, *Jr. Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023), ECF No. 49. The petition itself acknowledges that "[t]he law at issue here is Section 22949.80 of the California Business and Professions Code." *Id.* at 3. Furthermore, the petition's analysis was not limited to any particular subsection, *id.* Indeed, the

petition speaks broadly about the policy interests advanced by the legislature and its motive for enacting section 22949.80, not just subsection (a).

The brief even acknowledges that Plaintiffs here (and the companion case of *Safari Club International v. Bonta*) "moved for a preliminary injunction against Section 22949.80 *in its entirety*." *Id.* at 6 (emphasis added). There is no language at all in the petition seeking to limit the scope of the appeal to only subsection (a) or asking an en banc panel to limit the scope of the three-judge panel's reversal and remand to only subsection (a). Even if that request could be inferred by some (undisclosed) judicial insight or inspiration, not one judge on the Ninth Circuit thought the case worthy of en banc review for any reason. The petition failed to garner even a call for a vote. Order, *Jr. Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. Feb. 20, 2024), ECF No. 52.

4. As noted above, the Eastern District, in the coordinated case of *Safari Club International*, has already issued a preliminary injunction against the enforcement of the entire statute by Defendants. The injunction in favor of the plaintiffs in that case is enforceable statewide. So, unless the State is seeking modification or reconsideration of the order issued by the Eastern District, asking this Court to limit its preliminary injunction to only subsection (a) is both frivolous and reeks of bad faith.

5. At the risk of encouraging the State, this is a *preliminary injunction*. The place and time for California to seek a modification or limitation of any preliminary injunction—already mandated by the Court of Appeals—is to litigate the matter to a full and final judgment or to seek a modification of the preliminary injunction in the final injunction with different terms or negotiate a settlement that seeks a more limited remedy. They are foreclosed (as is this Court) from reconsidering the Ninth Circuit's opinion on remand.

6. The Ninth Circuit has published an opinion (that the entire Ninth Circuit declined to rehear or otherwise modify) which found that directly marketing

firearms to minors (as long as such marketing otherwise complies with state and federal law) is protected commercial speech under the First Amendment. It strains credulity to think that the rest of section 22949.80 is still somehow valid.

First, subsection (b) is wholly reliant on the marketing activities of firearm industry members that the Ninth Circuit has found to be protected speech. And subsection (b) merely prohibits the "use, disclos[ur]e, and compil[ation], of personal information … of [a] minor … for the purpose of marketing or advertising to ... minor[s] any firearm-related product." If marketing firearm products to minors is protected speech, how is the use and maintenance of mailing lists to conduct such marketing activities not also protected conduct?

As for the remaining subsections, if subsections (a) and (b) are unenforceable, none of them can survive in any functional way. Subsection (c) simply sets forth definitions, several of which merely repeat definitions from other statutes. The other definitions are now potentially vague and ambiguous because the law using those code-specific definitions has been found unconstitutional. Subsection (d) contradicts subsection (b) and suffers from the same constitutional infirmities as (b). Subsection (e) is rendered nonsensical because it is the enforcement mechanism for a statutory scheme that is now unconstitutional under Ninth Circuit case law. And subsection (f) is the vestigial severability clause that California is trying to hang its hat on.

7. Lastly, it is borderline frivolous for California to suggest that the circuit court judges did not know where the parentheses and small "a" keys were on their keyboards when they drafted an opinion that concludes with "*§22949.80 is likely unconstitutional under the First Amendment*." *Jr. Sports Mags.*, 80 F.4th at 1121 (emphasis added).

## II. The Ninth Circuit Has Already Held that Plaintiffs Satisfy the Remaining Factors and Are Entitled to Preliminary Injunctive Relief

The Ninth Circuit held that Plaintiffs have "demonstrate[ed] a likelihood of success on the merits of its claim." *Jr. Sports Mags.*, 80 F.4th at 120-21. As the

Ninth Circuit held, "when a party has established likelihood of success on the merits of a constitutional claim—particularly one involving a fundamental right—the remaining *Winter* factors favor enjoining the likely unconstitutional law." *Id.* (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). That is because "the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Id.* (quoting *Melendres*, 695 F.3d at 1002). "It is no different here." *Id.*

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' Motion to Enforce the Mandate and Issue a Preliminary Injunction enjoining the enforcement of section 22949.80—in its entirety—while this case proceeds.

Dated: May 2, 2024

**MICHEL & ASSOCIATES, P.C.**

*s/ Anna M. Barvir*
Anna M. Barvir
Counsel for Plaintiffs Junior Sports Magazines Incorporated, Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports Inc., California Rifle & Pistol Association, Inc., The CRPA Foundation, and Gun Owners of California

Dated: May 2, 2024

**LAW OFFICES OF DONALD KILMER, APC**

*s/ Donald Kilmer*
Donald Kilmer
Counsel for Plaintiff Second Amendment Foundation

## ATTESTATION OF E-FILED SIGNATURES

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE THE MANDATE AND ISSUE PRELIMINARY INJUNCTION. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: May 2, 2024

*s/ Anna M. Barvir*
Anna M. Barvir

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc., certifies that this brief contains 3,719 which complies with the word limit of L.R. 11-6.1.

Dated: May 2, 2024

*s/ Anna M. Barvir*
Anna M. Barvir

**CERTIFICATE OF SERVICE**

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.: 2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE MANDATE AND ISSUE PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013

Gabrielle D. Boutin, Deputy Attorney General
gabrielle.boutin@doj.ca.gov
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
*Attorneys for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 2, 2024.

Laura Palmerin