ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
GABRIELLE D. BOUTIN
Deputy Attorney General
State Bar No. 267305
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6053
Fax: (916) 324-8835
E-mail: Gabrielle.Boutin@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUNIOR SPORTS MAGAZINES INC. et al.,**<br>Plaintiffs,<br>**v.**<br>**ROB BONTA, in his official capacity as Attorney General of the State of California et al.,**<br>Defendants. | 2:22-CV-04663-CAS-JCx<br>**JOINT STATUS REPORT**<br>Date: May 15, 2024<br>Time: 11:30 a.m.<br>Dept: 8D (Status Conference by Zoom)<br>Judge: Hon. Christina A. Snyder<br>Trial Date: None set<br>Action Filed: July 8, 2022 |

Plaintiffs and Defendant respectfully submit this joint status report pursuant to the Court's order at the April 8, 2024 statute conference. *See* ECF No. 55 (Status Conference Minutes). The parties submit below their respective statements regarding next steps in the litigation.

## I. Plaintiffs' Statement

### A. History of the Case

On September 13, 2023, the Ninth Circuit reversed the denial of Plaintiffs' motion for preliminary injunction in a unanimous decision. *Jr. Sports Mags. Inc., v. Bonta*, 80 F.4th 1109 (9th Cir. 2023). Its mandate to this Court is set forth in the conclusion of that opinion: "In sum, we hold that [California Business & Professions Code] § 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." *Id.* at 1121.

Thereafter, the State notified the Ninth Circuit that it intended to move for a rehearing, and Junior Sports Magazines requested an injunction against enforcement of section 22949.80 while that petition was pending. The three-judge panel denied the injunction request. 2023 U.S. App. LEXIS 27018 (9th Cir. Oct. 11, 2023). But after no judge in the Ninth Circuit called for a vote to rehear the case en banc, the State's petition for rehearing en banc was denied. 2024 U.S. App. LEXIS 3878 (9th Cir. Feb. 20, 2024). The Ninth Circuit issued the mandate on February 28, 2024. ECF No. 51.

Once the case returned to this Court, the parties agreed to an extension of time for the State to file an answer up to April 22, 2024, on the grounds that it needed more time to consider its options for potential early resolution of this case. ECF No. 52. This Court granted the stipulated extension. ECF No. 53. This Court also entered an order setting a status conference regarding filing and spreading the Ninth Circuit Mandate. ECF No. 54.

During the April 8, 2024, status conference, this Court granted a further extension for the State to respond to the Complaint to and including May 22, 2024. It also set another status conference for May 13, 2024, with a joint status conference statement due on May 6, 2024. The Court orally encouraged the parties

to continue to meet and confer to resolve the case and, if possible, enter any order necessary to address the mandate.

**B. Plaintiffs' Position**

The parties have met and conferred via teleconference, videoconference, and email to explore avenues for the final disposition of this case and regarding the entry of a preliminary injunction pursuant to the opinion and mandate issued by the Ninth Circuit in this matter. *See Jr. Sports Mags.*, 80 F.4th 1109. The parties have not been able to agree on the terms of any settlement or preliminary injunction, with the present controversy being the scope of the order. In spite of the plain language of the Ninth Circuit opinion, *id.* at 1121, the State contends that the Ninth Circuit's opinion was limited to subsection (a) of Business and Professions Code § 22949.80, also known and cited throughout this litigation as AB 2571.

Plaintiffs disagree. The plain text of the Ninth Circuit's opinion—which is now the law of the case—contradicts the State's claim. *Jr. Sports Mags.*, 80 F.4th at 1120-21 ("In sum, we hold that § 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion.") The Ninth Circuit did not limit its ruling to any particular subsection—for good reason. The complaint challenges the entirety of § 22949.80. *See* ECF No. 1 at 37 ("Prayer for Remedy" repeatedly referring to "AB 2571, codified at California Business & Professions Code section 22949.80"). And Plaintiffs' motion sought to preliminarily enjoin the entirety of § 22949.80. ECF No. 12-14 (proposed order for a preliminary injunction enjoining Defendants and others "from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of AB 2571, codified at Business & Professions Code section 22949.80"). This Court denied Plaintiffs' express request to preliminarily enjoin the entire law. ECF No. 35 at 51. And the Ninth Circuit expressly reversed that decision. *Jr. Sports Mags.*, 80 F.4th at 1120-21. What's more, when petitioning the

Ninth Circuit for rehearing en banc, the State itself acknowledged that Plaintiffs "moved for a preliminary injunction against Section 22949.80 *in its entirety*." Appellees' Petition for Rehearing En Banc 6, *Jr. Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023), ECF No. 49 (emphasis added). The State's post-remand position that Plaintiffs have not yet established that subsection (b) likely violates the First Amendment is a matter of mere opinion that is not supported by the Ninth Circuit's clear command "that § 22949.80 is likely unconstitutional under the First Amendment." *Jr. Sports Mags.*, 80 F.4th at 1120-21.

Even still, the State claims that "[t]hroughout the litigation, the parties and courts have referred to the law challenged in this action as 'section 22949.80,' as a convenient shorthand for the provision at issue." *See infra*. But that is simply not true. Plaintiffs have never adopted "section 22949.80" as shorthand for anything—let alone section 22949.80(a). On the contrary, they have consistently referred to "AB 2571" as shorthand for their challenge to the *entirety* of § 22949.80, including the amendments made to subsections (a) and (c) by AB 160. *See, e.g.*, ECF No. 1 at 14, fn. 3 ("Throughout this complaint, Plaintiffs refer to the challenged law, California Business & Professions Code section 22949.80, as 'AB 2571.'"); ECF No. 12-1 ("Throughout this motion, Plaintiffs refer to section 22949.80 as AB 2571."); ECF No. 30 at 1, fn. 2 ("For continuity, Plaintiffs refer to the challenged law—Business & Professions Code section 22949.80—as AB 2571."); *see also* Appellants' Opening Brief 2, fn. 1, *Jr. Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023), ECF No. 7 ("For ease of reference, Appellants refer to AB 2571 (as adopted and as later amended by AB 160) and California Business & Professions Code § 22949.80 as 'AB 2571.'"). This Court adopted a similar naming protocol. ECF No. 35 at 3 ("Governor Gavin Newsom signed many [gun laws] into law, including Business & Professions Code § 22949.80 (referred to hereinafter as "AB 2571"), challenged in this litigation."). The State, for its part, has never indicated in any brief that it was adopting "Section 22949.80" as shorthand for "Section

22949.80(a)."

**C. Plaintiffs' Proposals for Moving the Case Forward**

Plaintiffs have filed a Motion to Enforce the Mandate and Issue Preliminary Injunction. ECF No. 59. The motion is set to be heard on June 10, 2024, at 10:00 AM. If this Court does not enter a preliminary injunction enjoining the entirety of § 22949.80, Plaintiffs will seek interlocutory relief from the Ninth Circuit. Under Ninth Circuit General Order 3.6, this matter would qualify as a "Comeback Case." If this Court does enter an order enjoining the entirety of § 22949.80—and not just subsection (a)—Plaintiffs are prepared to proceed in one of the following ways:

1. Stipulated judgment for entry of a permanent injunction enjoining enforcement of Business and Professions Code § 22949.80, with specific terms to be determined as part of any negotiated settlement.
2. If settlement is not an option, Plaintiffs intend to file a motion for summary judgment.
3. If the motion for summary judgment does not resolve the matter, Plaintiffs are prepared to take the case to trial.

Additionally, before ruling on the Plaintiffs' Motion to Enforce the Mandate, this Court could order the parties to a mandatory settlement conference on the first available date, so as not to prejudice the Plaintiffs. Plaintiffs believe that this Court has the authority to expand the scope of such a settlement conference to include resolution of the entire case, including the terms of final judgment and award of any attorney fees and costs. If efforts to resolve the matter without further litigation are unsuccessful, Plaintiffs ask this Court to issue a scheduling order that would include deadlines for Rule 26 disclosures, discovery cutoffs, and a briefing schedule on cross-motions for summary judgment.

**D. Related Case**

Plaintiffs have already filed a notice of the preliminary injunction issued in the coordinated case of *Safari Club Int'l v. Bonta*, No.: 222-cv-01395-DAD-JDP (E.D.

Cal.) enjoining the entirety of Business & Professions Code section 22949.80. ECF No. 56.

## II. Defendant's Statement

Since the last status conference, the parties have not agreed on settlement terms. Plaintiff has now filed a motion for preliminary injunction. ECF No. 59. Defendant intends to oppose the motion, but only to the extent that the requested injunction goes beyond the scope of the Ninth Circuit's ruling, including by seeking to enjoin enforcement of California Business and Professions Code section 22940.80 in its entirety, and by seeking to enjoin the conduct of parties not before the Court.

Throughout the litigation, the parties and courts have referred to the law challenged in this action as "section 22949.80," as a convenient shorthand for the provision at issue. To be precise, however, only the requirements of *subdivision (a)* of section 22949.80 have been challenged by Plaintiff, and those are the only requirements that have been considered and ruled on by this Court and Ninth Circuit. Plaintiffs have never shown and neither court has even considered whether the separate requirements of subdivision (b) are unconstitutional, and certainly no court has ruled on the validity of subdivision (b). Indeed, subdivision (b) is severable from the rest of the statute. *See id.*, subd. (f) (severability clause). For these reasons, Defendant intends to oppose Plaintiff's latest motion to ensure that any preliminary injunction issued by this Court is limited to the enforcement of subdivision (a) only.

As mentioned at the outset, Defendant's opposition will also argue that any preliminary injunction should be limited to the conduct of parties actually before the Court, not the conduct of anyone not a party to this action. *See* ECF No. 59-3 at 2 (Plaintiffs' proposed order applying injunction to various nonparty local and state officials).

Resolution of the scope of any preliminary injunction will likely affect next

steps in the litigation. Defendant therefore suggests that the Court rule on the motion and then set a status conference shortly thereafter.

Finally, Defendant asks that the Court grant an extension of time to file his response to the Complaint. The current deadline is May 22, 2024, which is two days after Defendant's deadline to file his opposition to Plaintiff's motion for preliminary injunction. Defendant therefore requests a 28-day extension to June 19, 2024. Plaintiffs have communicated to Defendant that they "take no position on Defendants' latest request for an extension of time to file a responsive pleading."

Dated: May 6, 2024

Respectfully Submitted,

ROB BONTA
Attorney General of California
MARK. R. BECKINGTON
Supervising Deputy Attorney General

*s/ Gabrielle D. Boutin*
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

Dated: May 6, 2024

Respectfully Submitted,

MICHEL & ASSOCIATES, P.C.

*s/ Anna M. Barvir*
ANNA M. BARVIR
*Attorney for Plaintiffs Junior Sports Magazines Incorporated, Raymond Brown, California Youth Shooting Sports Association, Inc. Redlands California Youth Clay Shooting Sports Inc., California Rifle & Pistol Association, Inc., The CRPA Foundation, and Gun Owners of California*

Dated: May 6, 2024

Respectfully Submitted,

LAW OFFICES OF DONALD KILMER, APC

*s/ Donald Kilmer*
DONALD KILMER
*Attorney for Plaintiff Second Amendment Foundation*

**ATTESTATION OF E-FILED SIGNATURES**

I, Gabrielle D. Boutin, am the ECF User whose ID and password are being used to file this JOINT STATUS REPORT. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: May 6, 2024

*s/ Gabrielle D. Boutin*
Gabrielle D. Boutin

# CERTIFICATE OF SERVICE

Case Name: **Junior Sports Magazines Inc., et al. v. Rob Bonta, et al.**

Case Number: **2:22-cv-04663-CAS-JC**

I hereby certify that on May 6, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STATUS REPORT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 6, 2024, at Los Angeles, California.

| Dora Mora | Dora Mora |
|---|---|
| Declarant | Signature |

SA2022302966
66772021.docx