1 | ROB BONTA
Attorney General of California
2 | ANTHONY R. HAKL
Supervising Deputy Attorney General
3 | GABRIELLE D. BOUTIN
Deputy Attorney General
4 | State Bar No. 267308
  1300 I Street, Suite 125
5 | P.O. Box 944255
  Sacramento, CA 94244-2550
6 | Telephone: (916) 210-6053
  Fax: (916) 324-8835
7 | E-mail: Gabrielle.Boutin@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official*
8 | *capacity as Attorney General of the State of*
*California*
9 |

10 |                    IN THE UNITED STATES DISTRICT COURT

11 |                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 |

13 |

14 | **JUNIOR SPORTS MAGAZINES INC. et al.,**                 2:22-cv-04663-CAS-JC

15 |                                       **DEFENDANT'S LIMITED**
                             Plaintiffs,  **OPPOSITION TO MOTION TO**
16 |                                       **ENFORCE MANDATE AND ISSUE**
                                          **PRELIMINARY INJUNCTION**
17 |                        **v.**

18 | **ROB BONTA, in his official capacity**   Date: June 10, 2024
  **as Attorney General of the State of**  Time: 10:00 a.m.
19 | **California et al.,**                   Courtroom: 8D
                                          Judge: Hon. Christina M. Snyder
20 |                        Defendants.     Trial Date: None set
                                          Action Filed: July 8, 2022
21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

Introduction ............................................................................................................... 1

Background ................................................................................................................. 2

    I.     California Business and Professions Code Section 22949.80 .............. 2

    II.    The Complaint ............................................................................................. 3

    III.   Plaintiffs' Original Motion for Preliminary Injunction and This Court's Order ............................................................................................. 3

    IV.   Plaintiff's Appeal and the Ninth Circuit's Ruling .............................. 4

    V.    Recent Proceedings in *Safari Club v. Bonta* ........................................ 5

Argument ..................................................................................................................... 6

    I.     Any Preliminary Injunction Should Enjoin Only Subdivision (a) of Section 22949.80. .................................................................................. 6

    II.    The Persons Subject to Any Preliminary Injunction Should Be Limited to Those Enumerated in Federal Rule of Civil Procedure 65(d) ........................................................................................ 10

Conclusion ................................................................................................................ 11

Certificate of Compliance ..................................................................................... 12

i

Defendant's Limited Opp. to Mtn. to Enforce Mandate and Issue Prelim. Inj. (2:22-cv-04663-CAS-JC)

# TABLE OF AUTHORITIES

**Page**

CASES

*E. Bay Sanctuary Covenant v. Barr*
934 F.3d 1026 (9th Cir. 2019)......................................................... 1, 6, 10

*Junior Sports Mags., Inc. v. Bonta*
80 F.4th 1109 (9th Cir. 2023).............................................................*passim*

*Klein v. City of San Clemente*
584 F.3d 1196 (9th Cir. 2009)........................................................ 1, 6

*Regal Knitwear Co. v. NLRB*
324 US 9 (1945) ................................................................................ 10

*Safari Club Int'l v. Bonta*
No. 2:22-cv-01395-DAD-JDP (E.D. Cal. Mar. 20, 2024) ............................... 5, 6

*Sam Francis Found. v. Christies, Inc.*
784 F.3d 1320 (9th Cir. 2015)............................................................. 7

*Santa Barbara Sch. Dist. v. Superior Court*
13 Cal.3d 315 (1975)....................................................................... 7

*Vivid Ent., LLC v. Fielding*
774 F.3d 566 (9th Cir. 2014)............................................................... 7

*Winter v. Natural Res. Def. Council, Inc.*
555 U.S. 7 (2008) ........................................................................... 6

STATUTES

Cal. Bus. & Prof. Code

§ 22949.80 (a)...............................................................................*passim*
§ 22949.80(a)(1) ...........................................................................*passim*
§ 22949.80(b)................................................................................*passim*
§ 22949.80(c)................................................................................ 10
§ 22949.80(d)................................................................................ 10
§ 22949.80(e)................................................................................ 10
§ 22949.80(f) ................................................................................ 3, 7, 10

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3
COURT RULES

4
Fed. R. Civ. Proc. 65 ................................................................................2, 10, 11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Defendant Attorney General Rob Bonta respectfully submits this limited opposition to Plaintiffs' Motion to Enforce Mandate and Issue Preliminary Injunction.

"An injunction must be narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) (internal quotation omitted).  Defendant opposes Plaintiffs' motion because the proposed preliminary injunction is insufficiently tailored in two respects.

First, consistent with the Ninth Circuit's opinion in this matter, *Junior Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023), any preliminary injunction should enjoin only subdivision (a) of California Business and Professions Code section 22949.80.  Subdivision (a) concerns advertising firearm-related products to minors and is the only statutory provision that Plaintiffs have challenged in this action.  However, section 22949.80 includes another distinct, substantive regulation in subdivision (b).  Subdivision (b) is a privacy provision—as opposed to an advertising one—that imposes requirements relating to the use and dissemination of minors' personal information.  As described in detail below, Plaintiffs have never challenged subdivision (b), and neither this Court nor the Ninth Circuit has considered the validity of subdivision (b).  Moreover, the provisions of section 22949.80 are presumptively severable, and at no time have Plaintiffs rebutted that presumption.  Plaintiffs therefore failed to meet their burden of "establishing the elements necessary to obtain injunctive relief" as to subdivision (b).  *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

It is true that, since the filing of Plaintiffs' complaint, the parties and courts have often used references to "section 22949.80" or "AB 2571" as a shorthand for the advertising regulations in subdivision (a).  But that does not change the substance of what has—and has not—been litigated in this case.  Moreover,

1

Defendant's Limited Opp. to Mtn. to Enforce Mandate and Issue Prelim. Inj. (2:22-cv-04663-CAS-JC)

1   subdivisions (c) through (f) of the statute inform how to interpret and enforce both

2   subdivisions (a) and (b).   Thus, limiting the injunction to subdivision (a) is

3   therefore the only way to issue an injunction consistent with the Ninth Circuit's

4   opinion in the appeal.

5        Second, in accordance with Federal Rule of Civil Procedure 65, any

6   preliminary injunction should enjoin only Defendant, his officers, agents,

7   servants, employees, and attorneys, and persons who are in active concert or

8   participation with anyone of them.  *See* Fed. R. Civ. Proc. 65(d).  It should not

9   specifically enjoin "all District Attorneys, County Counsel, and City Attorneys" in

10  the State, per Plaintiffs' proposed order.  *See* ECF No. 59-3 at 2.

11       Defendant respectfully asks this Court to limit any preliminary injunction in

12  these two respects.

13  **BACKGROUND**

14  **I.**   **CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 22949.80**

15       Section 22949.80 contains two separate subdivisions that regulate speech or

16  conduct.  Subdivision (a) is the subdivision Plaintiffs challenge in this action.  *See*

17  Background, section II, *infra*.  It states: "A firearm industry member shall not

18  advertise, market, or arrange for placement of an advertising or marketing

19  communication offering or promoting any firearm-related product in a manner

20  that is designed, intended, or reasonably appears to be attractive to minors."  Cal.

21  Bus. & Prof. Code § 22949.80(a)(1).

22       Subdivision (b) of section 22949.80, meanwhile, does not purport to regulate

23  any advertising or similar types of communications.  *Id.* § 22949.80(b).  Rather, it

24  limits the use and dissemination of the personal information of minors.  *Id.*

25

26

27

28

Defendant's Limited Opp. to Mtn. to Enforce Mandate and Issue Prelim. Inj. (2:22-cv-04663-CAS-JC)

1   Subdivision (b) states:

2           "A firearm industry member publishing material directed to
        minors in this state or who has actual knowledge that a minor in this
3       state is using or receiving its material, shall not knowingly use,
        disclose, compile, or allow a third party to use, disclose, or compile,
4       the personal information of that minor with actual knowledge that
        the use, disclosure, or compilation is for the purpose of marketing
5       or advertising to that minor any firearm-related product."

6   *Id.*

7           Section 22949.80 also includes an express severability provision.  *Id.*

8   § 22949.80(f).

9   **II.   THE COMPLAINT**

10          Plaintiffs filed the operative Complaint on July 8, 2022.  ECF No. 1.  The

11  Complaint purports to "challenge the constitutionality of California Business &

12  Professions Code section 22949.80, which makes it unlawful for any "firearm

13  industry member" to "advertise, market, or arrange for placement of an

14  advertising or marketing communication concerning any firearm-related product

15  in a manner that is designed, intended, or reasonably appears to be attractive to

16  minors."  *Id.* at 2-3 (citing Cal. Bus. & Prof. Code § 22949.80(a)(1)).  The

17  Complaint regularly cites subdivision (a) of section 22949.80 (*id.* at 3, 14, 15, 16)

18  and alleges injuries and causes of action arising out of the advertising regulations

19  in that provision (*see, e.g., id.* at 30-36).   The Complaint does not mention or cite

20  to subdivision (b) of the statute at any point.  It also does not mention subdivision

21  (b)'s privacy regulations, or even allude to them.  This Court later acknowledged

22  in its order denying the original motion for preliminary injunction that the

23  Complaint does not challenge the constitutionality of the regulations in

24  subdivision (b).  ECF No. 35 at 6 n.3.

25  **III.   PLAINTIFFS' ORIGINAL MOTION FOR PRELIMINARY INJUNCTION AND THIS
        COURT'S ORDER**
26

27          Plaintiffs filed a preliminary injunction on July 20, 2022.  ECF No. 12.  In

28  the motion, Plaintiffs sought to "enjoin enforcement of section 22949.80."  ECF

Defendant's Limited Opp. to Mtn. to Enforce Mandate and Issue Prelim. Inj. (2:22-cv-04663-CAS-JC)

No. 12-1 at 30 (Memorandum of Points and Authorities).  The motion also used the term "AB 2571," the statute's enacting legislation.  *See* ECF No. 12-1.  However, consistent with the Complaint, all of Plaintiffs' arguments in the motion related to the statute's advertising regulations in subdivision (a).  *See id.*; ECF No. 21 (Reply brief).  Plaintiffs' motion did not once mention subdivision (b) or its privacy regulations.  *See* ECF Nos. 12-1, 21.

This Court issued a minute order denying the motion for preliminary injunction.  ECF No. 35.  The order considered whether the requirements of subdivision (a) are constitutional and otherwise subject to a preliminary injunction.  *See id.*  The order specifically concluded that subdivision (b) of section 22949.80 had *not* been "challenged by plaintiffs in their complaint or briefing on this motion, although [it is] evidently encompassed by plaintiffs' request to "enjoin the enforcement of section 22949.80."  *Id.* at 6, n.3.  The order therefore did not otherwise mention or discuss subdivision (b) or its privacy regulations.  *See* ECF No. 35.

## IV.  PLAINTIFF'S APPEAL AND THE NINTH CIRCUIT'S RULING

Plaintiffs appealed the district court's order to the Ninth Circuit Court of Appeals.  ECF No. 37.  Again, Plaintiffs' arguments concerned only the advertising restrictions in subdivision (a).  *See* Appellants' Opening Br., ECF No. 7, *Junior Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023) (No. 22-56090), 2022 WL 17980278; Appellants' Reply Br., ECF No. 25, *Junior Sports*, 80 F.4th 1109, 2023 WL 2226847.  Plaintiffs made no mention of subdivision (b) or its privacy regulations.  Moreover, Plaintiffs did not dispute the district court's earlier conclusion that they had not challenged the constitutionality of subdivision (b) in either their complaint or motion for preliminary injunction.

The Ninth Circuit reversed the district court's denial of the Plaintiffs' motion for preliminary injunction and remanded "for further proceedings consistent with [the] opinion."  *Junior Sports*, 80 F.4th at 1121.  In the decision, the court

1  considered only whether the requirements of subdivision (a) are constitutional and

2  otherwise subject to a preliminary injunction.  *See Junior Sports*, 80 F.4th 1109.

3  The court did not mention, allude to, or consider the constitutionality of

4  subdivision (b)'s privacy regulations or whether that subdivision is subject to a

5  preliminary injunction.  *See id*.  The court also took no issue with this Court's

6  determination that Plaintiffs had not challenged subdivision (b) in their Complaint

7  or motion.  *See id.*

8  **V.   RECENT PROCEEDINGS IN *SAFARI CLUB V. BONTA***

9       Following the Ninth Circuit's ruling in Plaintiffs' appeal, the same panel

10  issued a short Memorandum in the related preliminary injunction appeal of *Safari*

11  *Club International v. Bonta*.  No. 23-15199, 2023 WL 6178500 (9th Cir. Sept. 22,

12  2023), in which Attorney General Bonta is also the Defendant.  The Memorandum

13  stated, "For the reasons outlined in *Junior Sports Magazines v. Bonta*, No. 22-

14  56090 (9th Cir. Sept. 13, 2023), we reverse the denial of preliminary injunction

15  and remand for further proceedings consistent with that opinion."  *Id.* at *1.

16       Thereafter, the parties in *Safari Club* submitted to the district court a Joint

17  Status Report, in which the plaintiffs asked the Court to issue a preliminary

18  injunction "consistent with the Ninth Circuit's opinion and judgment."  Joint

19  Status Report at 2, ECF No. 32, *Safari Club Int'l v. Bonta*, No. 2:22-cv-01395-

20  DAD-JDP (E.D. Cal. Mar. 20, 2024).  Defendant took no position on that request.

21  *Id.*  When, after a brief period, no preliminary injunction had issued, Defendant

22  informed the *Safari Club* plaintiffs that he would not oppose a new motion for

23  preliminary injunction, but only if the motion requested "an injunction consistent

24  with the substance and scope of the Ninth Circuit's ruling."  *See* Decl. of Gabrielle

25  Boutin in Supp. of Mtn, for an Order Clarifying Prelim. Inj. ¶ 4, ECF No. 35-1,

26  *Safari Club Int'l v. Bonta*, No. 2:22-cv-01395-DAD-JDP (E.D. Cal. May 15,

27  2024).  Defendant specifically explained, "[f]or example, we assume you will

28  request an injunction only of subsection (a) of Business & Professions Code

1    section 22949.80, since that is the only restriction on speech that the 9th Circuit

2    addressed in its opinion [in *Junior Sports*].” *Id.*

3          Before the *Safari Club* plaintiffs filed a new motion for preliminary

4    injunction, however, the district court issued an Order Granting Pls’ Mtn. for a

5    Prelim. Inj..  Order Granting Plaintiffs’ Motion for a Preliminary Injunction, ECF

6    No. 33, *Safari Club Int’l v. Bonta*, No. 2:22-cv-01395-DAD-JDP (E.D. Cal. April

7    12, 2024).  The Order enjoins enforcement of “California Business & Professions

8    Code § 22949.80”  by “Defendant California Attorney General Rob Bonta and the

9    California Department of Justice, their officers, agents, servants, employees, and

10   anyone else in active concert or participation with any of the aforementioned

11   people or entities.” *Id.*

12         On May 15, 2024, Defendant filed a Motion for an Order Clarifying the

13   Preliminary Injunction.  *See* Mem. of P. & and A. Supp. of Mtn. for an Order

14   Clarifying Prelim. Inj., ECF No. 35, *Safari Club Int’l v. Bonta*, No. 2:22-cv-

15   01395-DAD-JDP (E.D. Cal. May 15, 2024).  There, Defendant has asked the court

16   to clarify that the existing injunction enjoins the enforcement only of subdivision

17   (a).[1]  *See id.* at 1.  That motion is set for hearing on July 2, 2024.  *Id.*

18                                **ARGUMENT**

19   **I.**    **ANY PRELIMINARY INJUNCTION SHOULD ENJOIN ONLY SUBDIVISION (A) OF**

20          **SECTION 22949.80.**

21         A plaintiff has the burden to show they are entitled to a preliminary

22   injunction of the scope that they seek.  *See Klein v. City of San Clemente*, 584

23   F.3d 1196, 1201 (9th Cir. 2009) (the plaintiff bears the burden of “establishing the

24   elements necessary to obtain injunctive relief”); *E. Bay Sanctuary Covenant v.*

---

25       [1] Prior to Plaintiffs’ filing of the instant motion in this case, Defendant

26   advised them that he was planning to ask the court in *Safari Club* to clarify that
     its preliminary injunction was limited to subdivision (a) of section 22949.80.  *See*

27   Pls’ Mem. of P. & and A. Supp. of Mtn. to Enforce Mandate & Issue a Prelim.
     Inj. (“Mtn.”), ECF No. 59-1, at 9.  Defendant also explained to Plaintiffs the

28   reasoning for this limited opposition to their motion.  *Id.* at 7.

1  *Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) ("[a]n injunction must be narrowly

2  tailored to remedy the specific harm shown" (internal quotation omitted)); *see*

3  *also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (injunctive

4  relief is an "extraordinary remedy that may only be awarded upon a clear showing

5  that the plaintiff is entitled to such relief").

6      Here, Plaintiffs have not shown that they are entitled to any injunction of

7  subdivision (b) of section 22949.80.  As this Court previously observed, Plaintiffs

8  did not challenge the constitutionality of the privacy regulations in subdivision (b)

9  in either their Complaint or their original preliminary injunction motion.  ECF No.

10  35 at 6 n.3.  Plaintiffs did not challenge subdivision (b)'s constitutionality in the

11  Ninth Circuit appeal.  And, at no stage have Plaintiffs established any of the

12  elements necessary for injunctive relief as to subdivision (b).

13      Instead, Plaintiffs' arguments and showing has been limited to the

14  advertising regulations in subdivision (a), which is presumptively severable from

15  the rest of the statute.  Cal. Bus. & Prof. Code § 22949.80(f) (severability

16  provision).  *See Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1325 (9th

17  Cir. 2015) ("Severability is . . . a matter of state law" (ellipsis in original)); *Vivid*

18  *Ent., LLC v. Fielding*, 774 F.3d 566, 574 (9th Cir. 2014) ("California law directs

19  courts to consider first the inclusion of a severability clause in the legislation . . .

20  'The presence of such a clause establishes a presumption in favor of severance"

21  (quoting *Cal. Redev. Ass'n v. Matosantos*, 53 Cal.4th 231, 270 (2011)).  Although

22  this is a rebuttable presumption, Plaintiffs have never attempted to meet their

23  burden to rebut the presumption.  *See Santa Barbara Sch. Dist. v. Superior Court*,

24  13 Cal.3d 315, 331 (1975) ("Although not conclusive, a severability clause

25  normally calls for sustaining the valid part of the enactment").

26      The Ninth Circuit's opinion and mandate does not require this Court to

27  preliminarily enjoin subdivision (b).  Rather, it requires this Court to conduct

28  further proceedings "consistent with" its opinion.  *Junior Sports Mags.*, 80 F.4th

7

at 1121.  Like this Court's appealed order, the Ninth Circuit opinion discusses and analyzes *only* the advertising regulations in subdivision (a).  It does not consider whether, much less rule that, the privacy regulations in subdivision (b) are likely unconstitutional or otherwise subject to a preliminary injunction.  It is true that the Ninth Circuit opinion, like the filings of this Court and the parties before it, generally refers at times to "section 22949.80" or "AB 2571."  But consistent with the scope of this action, the parties and the courts have simply used those phrases as shorthand for the advertising regulations in subdivision (a).  *See, e.g., Junior Sports Mags.*, 80 F.4th at 1113.  Indeed, the Ninth Circuit described the challenged regulation as follows:

> AB 2571, as later amended by AB 160, is codified at § 22949.80 of the California Business and Professions Code. The statute mandates that "[a] firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors." Cal. Bus. & Prof. Code § 22949.80(a)(1).

*Id.* at 1114; *see also id.* at 1113 ("this case is about whether California can ban a truthful ad about firearms used legally by adults and minors—just because the ad "reasonably appears to be attractive to minors").  No phrase or label used for rhetorical convenience can change the substance of the Court's legal discussion and analysis.[2]

---

[2] Defendant's own references in prior briefs to "section 22949.80" or subdivisions (c) and (e) of the statute are irrelevant to the issue of whether Plaintiffs have met their burden to show that subdivision (b) should be preliminarily enjoined.  *See* Mtn. at 8-9.  Even if those references were relevant, they do not indicate that Defendant thought that Plaintiffs challenged subdivision (b), despite Plaintiffs' failure to mention, much less discuss, that provision in their Complaint or briefs.  Each of Defendant's references was made to support his argument that *subdivision (a)*'s advertising regulations are constitutional and not subject to a preliminary injunction.  *See, e.g.,* Defendant-Appellee's Answering Br. at 4-5, 15-16, 20, 34, ECF No. 20, *Junior Sports*, 80 F.4th 1109 (9th Cir. 2023) (No. 22-56090), 2023 WL 1768545; Pet'n for Rehearing En Banc at 3-4, ECF No. 49, *Junior Sports*, 80 F.4th 1109.

1    Plaintiffs argue that they are entitled to a preliminary injunction of

2    subdivision (b) because their proposed order in support of their original motion for

3    preliminary injunction sought to enjoin enforcement of "AB 2571, codified at

4    Business & Professions Code section 22949.80" and the Ninth Circuit did not

5    suggest that narrower relief is appropriate.  *See* Mtn. at 8.  However, this Court

6    denied that motion, rejected the proposed order, and recognized that Plaintiffs had

7    not challenged subdivision (b)'s constitutionality.  Later, the Ninth Circuit simply

8    determined that the advertising regulations in subdivision (a) were properly

9    subject to a preliminary injunction and that this Court should conduct proceedings

10   consistent with that determination.[3]  The Ninth Circuit did *not* conclude that this

11   Court should have adopted Plaintiffs' previously-submitted proposed order.  *See*

12   *Junior Sports*, 80 F.4th 1109.

13   Plaintiffs also argue that subdivision (b) should be enjoined because it is

14   "wholly reliant on the marketing of firearm industry members that the Ninth

15   Circuit has found to be protected speech."  Mtn. at 10.  But during the preliminary

16   injunction proceedings, Plaintiffs never explained, much less proved, why this is

17   so.  Plaintiffs do not claim to have submitted any evidence or cited any legal

18   authorities on this point.  (Had they done so, then Defendant would have fairly

19   had the opportunity to rebut those submissions and citations.)  Logic alone does

20   not dictate that subdivision (b)'s privacy regulations necessarily prevent Plaintiffs

21   from speaking as described in subdivision (a).  For example, why do Plaintiffs

22   need to "knowingly . . . disclose" to third parties the personal information of a

23   minor in order to publish firearm advertisements directed to minors?  *See* Cal.

24   Bus. & Prof. Code § 22949.80(b).  And, why must publications knowingly use the

25

26   [3] Indeed, after the Ninth Circuit issued the opinion, but before mandate issued, the Ninth Circuit panel rejected Plaintiffs' request that it immediately
27   issue a preliminary injunction.  *See* Motion for Injunction Pending Appeal, ECF No. 44, *Junior Sports*, 80 F.4th 1109 (9th Cir. 2023) (No. 22-56090); Order, ECF
28   No. 48, *Junior Sports*, 80 F.4th 1109 (9th Cir. 2023) (No. 22-56090).

Defendant's Limited Opp. to Mtn. to Enforce Mandate and Issue Prelim. Inj. (2:22-cv-04663-CAS-JC)

1 personal information of minors, instead of their parents with whom they live?  *See*

2 *id.*  Plaintiffs do not attempt to address these or similar questions, and the answers

3 are not obvious.  In any event, neither this Court nor the Ninth Circuit has

4 determined that subdivisions (a) and (b) must stand or fall together.  Indeed, the

5 Legislature did not think so, having included a severability clause in AB 2571.

6 Finally, there is no need to preliminarily enjoin subdivisions (c) through (f)

7 of section 22949.80.  *See* Mtn. at 10.  Again, a preliminary injunction must be

8 narrowly-tailored.  *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th

9 Cir. 2019).  Unlike subdivisions (a) and (b), subdivisions (c) through (f) do not

10 proscribe any speech or conduct.  Rather, they simply inform how subdivisions (a)

11 and (b) are to be interpreted and enforced.  *See* Cal. Bus. & Prof

12 Code § 22949.80(c) (providing definitions of terms); *id.* § 22949.80(d) (describing

13 conduct *not* affected by the statute); *id.* § 22949.80(e) (describing how the statute

14 is enforced); *id.* 22949.80(f) (severability provision).

15 **II.  THE PERSONS SUBJECT TO ANY PRELIMINARY INJUNCTION SHOULD BE**
16 **LIMITED TO THOSE ENUMERATED IN FEDERAL RULE OF CIVIL PROCEDURE 65(D)**

17 If this Court issues a preliminary injunction, it should also limit the scope of

18 the persons bound by the injunction.  Under Federal Rule of Civil Procedure

19 65(d), a preliminary injunction binds only the following persons who receive

20 actual notice of the injunction: "(A) the parties; (B) the parties' officers, agents,

21 servants, employees, and attorneys; and (C) other persons who are in active

22 concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."  Fed.

23 R. Civ. P. 65(d); *see also Regal Knitwear Co. v. NLRB*, 324 US 9, 13, 65  (1945)

24 (courts may not grant injunction "so broad as to make punishable the conduct of

25 persons who act independently and whose rights have not been adjudged

26 according to law").

27 Here, in their proposed order, Plaintiffs seek to enjoin the conduct of

28 "Defendant, his employees, agents, successors in office, and all District Attorneys,

Defendant's Limited Opp. to Mtn. to Enforce Mandate and Issue Prelim. Inj. (2:22-cv-04663-CAS-JC)

1   County Counsel, and City Attorneys holding office in the state of California, as

2   well as their successors in office." ECF No. 59-3 at 2. This Court should decline

3   to enjoin the conduct of this list of persons, as many are not parties to this action.

4   The Court should instead issue the injunction against only those persons identified

5   in Rule 65(d)—Defendant, his officers, agents, servants, employees, and

6   attorneys, and other persons in active concert with them. Plaintiffs have not

7   provided any legal authority or argument for enjoining any persons other than

8   those listed in Rule 65(d).

9                                    **CONCLUSION**

10          For the reasons described above, Defendant respectfully submits that any

11   preliminary injunction issued by this Court should enjoin only enforcement of

12   section 22949.80, subdivision (a), and enjoin only those persons enumerated in

13   Federal Rule of Procedure 65(d).

14

15   Dated: May 20, 2024                    Respectfully submitted,

16                                          ROB BONTA
                                           Attorney General of California
17                                         MARK R. BECKINGTON
                                           Supervising Deputy Attorney General

18

19                                         *s/ Gabrielle D. Boutin*
                                           GABRIELLE D. BOUTIN
20                                         Deputy Attorney General
                                           *Attorneys for Defendant Rob Bonta, in*
21                                         *his official capacity as Attorney*
                                           *General of the State of California*
22

23

24

25

26

27

28

Defendant's Limited Opp. to Mtn. to Enforce Mandate and Issue Prelim. Inj. (2:22-cv-04663-CAS-JC)

1

**CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Defendant Rob Bonta, in his official

3   capacity as Attorney General for the State of California, certifies that this brief

4   contains 3364 words, which complies with the word limit of L.R. 11-6.1.

5

6   Dated:  May 20, 2024                              Respectfully submitted,

7                                                    ROB BONTA
                                                      Attorney General of California
8

9
                                                     *s/ Gabrielle D. Boutin*
10                                                   GABRIELLE D. BOUTIN
                                                      Deputy Attorney General
11                                                   *Attorneys for Defendant Rob Bonta, in*
                                                      *his official capacity as Attorney*
12                                                   *General of the State of California)*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

12

# CERTIFICATE OF SERVICE

Case Name:  ***Junior Sports Magazines Inc., et al. v. Rob Bonta, et al.***    Case Number:  **2:22-cv-04663-CAS-JC**

I hereby certify that on <u>May 20, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANT'S LIMITED OPPOSITION TO MOTION TO ENFORCE MANDATE AND ISSUE PRELIMINARY INJUNCTION

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 20, 2024</u>, at Los Angeles, California.

| Dora Mora | *Dora Mora* |
|:---:|:---:|
| Declarant | Signature |

SA2022302966
66804362.docx