C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC., et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>      Defendant. | Case No.: 2:22-cv-04663-CAS (JCx)<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' LIMITED OPPOSITION TO MOTION TO ENFORCE THE MANDATE AND ISSUE PRELIMINARY INJUNCTION**<br><br>Hearing Date: June 10, 2024<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Christina A. Snyder |

REPLY TO OPPOSITION TO MOTION TO ENFORCE THE MANDATE

# TABLE OF CONTENTS

**Page**

Table of Contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

Introduction ......................................................................................................... 1

Argument ............................................................................................................. 1

I.  The Preliminary Injunction Should Bind the Attorney General, His Officers, Employees, Agents, and Attorneys, and Every Person in Active Concert or Participation with Him ............................................................................. 1

II. The Ninth Circuit Held That the Entirety of Section 22949.80 Is Likely Unconstitutional; This Court Has No Authority to Narrow the Scope of the Mandate to Only Subsection (a) .............................................................. 5

   A. The Ninth Circuit's Opinion Is Not Ambiguous, and the State's Plea That This Court Should Narrow or Modify the Ninth Circuit Mandate Invites Reversible Error ........................................................................ 5

   B. This Court Has No Power to Review the Ninth Circuit Opinion or Mandate for Any Perceived Error ................................................................. 8

   C. Any Request Made to this Court for Modification of the Mandate Is Not Ripe .................................................................................................. 10

Conclusion .......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records v. Napster, Inc.*,
  284 F.3d 1091 (9th Cir. 2002) .................................................................................. 10

*Brockett v. Spokane Arcades*,
  472 U.S. 491 (1985) .................................................................................................. 10

*Cal. Chamber of Com. v. Council for Educ. & Research on Toxics*,
  29 F.4th 468 (9th Cir. 2022) ....................................................................................... 2

*E. Bay Sanctuary Covenant v. Barr*,
  934 F.3d 1026 (9th Cir. 2019) .................................................................................... 9

*Ex parte Young*,
  209 U.S. 123 (1908) .................................................................................................... 3

*Golden State Bottling Co. v. NLRB*,
  414 U.S. 168 (1973) ............................................................................................... 2, 4

*Herrgott v. U.S. Dist. Ct. for the N. Dist. of Cal. (In re Cavanaugh)*,
  306 F.3d 726 (9th Cir. 2002) ...................................................................................... 6

*Hutto v. Davis*,
  454 U.S. 370 (1982) .................................................................................................. 10

*Jr. Sports Mags., Inc. v. Bonta*,
  80 F.4th 1109 (9th Cir. 2023) ....................................................................... 6, 7, 8, 10

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873 (9th Cir. 2009) ...................................................................................... 4

*Martin v. Hunter's Lessee*,
  14 U.S. 304 (1816) ...................................................................................................... 9

*NAACP v. Alabama ex rel. Patterson*,
  360 U.S. 240 (1959) .................................................................................................... 8

*Nat'l Spiritual Assem. of Ba'hais of U.S. Under Hereditary Guardianship, Inc. v.
  Nat'l Spiritual Assem. of Ba'hais of U.S., Inc.*,
  628 F.3d 837 (7th Cir. 2010) ...................................................................................... 3

*New York State Rifle & Pistol Ass'n v. Bruen*,
  597 U.S. 1 (2022) ........................................................................................................ 5

*Regal Knitwear Co. v. NLRB*,
   324 U.S. 9 (1945) ............................................................................................ 2, 4

*Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*,
   91 F.3d 914 (7th Cir. 1996) ................................................................................. 4

*Safari Club Int'l v. Bonta*,
   No. 22-cv-01395 (E.D. Cal. April 11, 2024) ......................................................... 2

*Saga Int'l, Inc. v. John D. Brush & Co.*,
   984 F. Supp. 1283 (C.D. Cal. 1997) ..................................................................... 4

*Seminole Tribe of Fla. v. Florida*,
   517 U.S. 44 (1996) ............................................................................................. 10

*Sibbald v. United States*,
   37 U.S. 488 (1838) ............................................................................................... 8

*United States v. ITT Rayonier, Inc.*,
   627 F.2d 996 (9th Cir. 1980) ................................................................................ 4

**Statutes**

Assem. B. 2571, Cal. Reg. Sess. 2021-2022 (Cal. 2022) 2571 ........................... 2, 3, 4

Cal. Bus. & Prof. Code § 22949.80 ................................................................... passim

Cal. Const. art. 5, § 13 ............................................................................................... 4

**Rules**

Fed. R. Civ. Proc. 65 ........................................................................................ 1, 2, 3

**Other Authorities**

Scalia, Antonin & Bryan A. Garner,
   *Reading Law: The Interpretation of Legal Texts* 295 (Thomson/West, Kindle
   ed. 2012) ............................................................................................................... 8

*Information Bulletins*, Rob Bonta, Attorney General, State of California Department
   of Justice, https://oag.ca.gov/info-bulletins (last visited May 24, 2024) ............... 5

Tribe, Laurence H.,
   *Comment*, in Antonin Scalia, *A Matter of Interpretation: Federal Courts and
   the Law* 65, 66 (1997) ......................................................................................... 8

## INTRODUCTION

The State objects to the scope of relief requested on the grounds that Plaintiffs seek to restrain nonparties from enforcing Business & Professions Code section 22949.80. Although the issue of "to whom" an injunction should apply was not expressly addressed on appeal, Federal Rule of Civil Procedure 65 provides sufficient guidance to this Court as it implements the Ninth Circuit's mandate after reversing this Court's denial of Plaintiffs' request for a preliminary injunction. Indeed, Rule 65 expressly authorizes this Court to enjoin not only the named defendant, but also his "officers, agents, servants, employees, and attorneys," *and* any person "in active concert or participation with" those persons. This includes anyone in "privity" with the Attorney General, including all public officials authorized to enforce AB 2571.

The State also objects to the scope of the relief requested on an issue that the Ninth Circuit expressly addressed—that is, whether all of section 22949.80 is likely unconstitutional and therefore subject to preliminary injunctive relief. This objection lacks merit. Essentially, the State's argument is that the Ninth Circuit panel's opinion is ambiguous or somehow just plain wrong. More seriously, California is advocating judicial anarchy—asking this Court to violate a number of sacrosanct judicial principles, including the law of the case, judicial precedent, stare decisis, collateral estoppel, and issue preclusion. The State also thumbs its nose at the rules of civil and appellate procedure. This Court should decline the State's invitation to defy the Ninth Circuit and, instead, it should issue a preliminary injunction that faithfully applies the reasoning and letter of the panel's mandate.

## ARGUMENT

**I. THE PRELIMINARY INJUNCTION SHOULD BIND THE ATTORNEY GENERAL, HIS OFFICERS, EMPLOYEES, AGENTS, AND ATTORNEYS, AND EVERY PERSON IN ACTIVE CONCERT OR PARTICIPATION WITH HIM**

Plaintiffs have requested, among other orders, a prohibitory preliminary injunction against the enforcement of section 22949.80 directed to the Attorney

General, "his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office." The Attorney General counters that this Court may not restrain the enforcement of AB 2571 by anyone other than the named party, his successors in office, and their agents. Opp'n 10-11. The argument lacks merit.

Federal Rule of Civil Procedure 65(d)(2) allows district courts to enjoin any of "the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). "The Supreme Court has interpreted this language to allow injunctions to bind not only defendants but also people 'identified with them in interest, in "privity" with them, represented by them or subject to their control.'" *Cal. Chamber of Com. v. Council for Educ. & Research on Toxics*, 29 F.4th 468, 483 (9th Cir. 2022) (quoting *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179 (1973); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945)). Otherwise, defendants could "nullify a decree by carrying out prohibited acts through aiders and abettors" simply because they were not named parties. *Regal Knitwear*, 324 U.S. at 14. To avoid that outcome here, the Court should fashion preliminary injunctive relief that binds all public officials expressly authorized to enforce AB 2571—both parties and non-parties. At a minimum, this Court should enjoin enforcement by the Attorney General, his officers, agents, servants, and employees, and anyone else in active concert or participation with those persons.[1]

---

[1] This is similar to the injunction the Eastern District issued in the companion case of *Safari Club International v. Bonta*: "Accordingly, the court ORDERS that pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant California Attorney General Rob Bonta and the California Department of Justice, their officers, agents, servants, employees, and anyone else in active concert or participation with any of the aforementioned people or entities, are hereby preliminarily enjoined from enforcing California Business & Professions Code § 22949.80." Order Granting Plaintiffs' Motion for a Preliminary Injunction 2, *Safari Club Int'l v. Bonta*, No. 22-cv-01395 (E.D. Cal. April 11, 2024), ECF No. 56.

2
REPLY TO OPPOSITION TO MOTION TO ENFORCE THE MANDATE

It is undisputed that Attorney General Bonta, his successors in office, and their agents are the proper subject of Plaintiffs' requested injunction. Opp'n 11. The Attorney General is a named party. Compl. ¶ 21. He is sued in his official capacity. *Id.* And he is expressly tasked with enforcing AB 2571 through civil suits to recover civil penalties. Cal. Bus. & Prof. Code § 22949.80(e)(1). The Attorney General is thus appropriately bound by any injunction this Court issues. Fed. R. Civ. P. 65(d)(2); *Ex parte Young*, 209 U.S. 123, 157 (1908) (holding that the public official to be restrained "must have some connection with the enforcement of the act").

Under Rule 65(d)(2), this Court may direct a preliminary injunction to not only the Attorney General but also to those subordinate officers over whom he has direct supervisory authority. Fed. R. Civ. P. 65(d)(2)(B). This includes all 58 District Attorneys who, along with the Attorney General, are expected to bring civil actions to enforce AB 2571 in the name of the People of the State of California. Cal. Bus. & Prof. Code § 22949.80(e)(1). Indeed, under Article V, section 13 of the California Constitution, the Attorney General's powers include "direct supervision over every district attorney and sheriff and over such other law enforcement officer as may be designated by law, in all matters pertaining to the duties of their respective offices."

Finally, this Court may enjoin enforcement of AB 2571 by nonparty County Counsels and City Attorneys even though they are employed by and represent local political subdivisions and not the State itself. Both Rule 65 and the common-law principles it stands for contemplate two categories of nonparties that an injunction may bind: (1) "nonparties acting in concert with a bound party"; and (2) "nonpart[ies] in 'privity' with an enjoined party." *Nat'l Spiritual Assem. of Ba'hais of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assem. of Ba'hais of U.S., Inc.*, 628 F.3d 837, 848 (7th Cir. 2010) (citing *Golden State Bottling*, 414 U.S.

---

Plaintiffs have not submitted a revised proposed order adopting this language, but they would not oppose an injunction that mirrors the one issued in *Safari Club*. And, if this Court prefers, Plaintiffs will provide a new proposed order that reflects this.

at 179-80, 94; *Regal Knitwear*, 324 U.S. at 14; *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 91 F.3d 914, 919 (7th Cir. 1996)). This case concerns the latter type.

"[P]rivity exists when a third party's interests are so intertwined with a named party's interests that it is fair under the circumstances to hold the third party bound by the judgment against the named party." *Saga Int'l, Inc. v. John D. Brush & Co.*, 984 F. Supp. 1283, 1287 (C.D. Cal. 1997) (citing *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980)). Privity can arise if the nonparty's "interests are adequately represented by the named party … or if some other implied or in-fact representation or alignment of interests existed between the parties." *Id.* (citing *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980)). Here, the interests of nonparty County Counsels and City Attorneys are *identical* to the interests of the Attorney General. They are all authorized by the State to bring civil actions in the name of the People under AB 2571, Cal. Bus. & Prof. Code § 22949.80(e)(1), and they all share the same interest in seeing the law enforced. That interest is *more than adequately* represented by the Attorney General, who (as the chief law officer of the state) has a duty to "see that the laws of the State are uniformly and adequately enforced." Cal. Const. art. 5, § 13.

For these reasons, this Court has the authority to issue an injunction that binds not only the Attorney General, but his officers, employees, agents, employees, and attorneys, and every person in active concert or participation with him—including those state and local public officials authorized to enforce AB 2571.

This Court also has the authority to issue mandatory injunctive relief. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009). If this Court disagrees that it has the authority to bind County Counsels and City Attorneys, Plaintiffs ask that the Court also grant a mandatory injunction, directing the Attorney General to issue an alert notifying District Attorneys, County Counsels, and City Attorneys in California of this lawsuit and that enforcement of AB 2571 has been preliminarily enjoined. An alert is necessary to give notice to

these officials that the law is likely unconstitutional and therefore unenforceable—especially given that the Attorney General notified "all California criminal justice and law enforcement agencies" of the law's adoption through an official information bulletin in 2022. *See* Suppl. Barvir Decl., Ex. B.

The mandatory relief that Plaintiffs propose is not unusual. In fact, the Attorney General regularly "issues information bulletins on a wide range of topics" in order to "provide technical guidance to partners across the state." Often, "these bulletins follow changes in state laws, *court precedent*, regulations, or technology. [And they] are generally sent to local authorities, including law enforcement and agencies that use information systems maintained by the Department." *Information Bulletins*, Rob Bonta, Attorney General, State of California Department of Justice, https://oag.ca.gov/info-bulletins (last visited May 24, 2024) (emphasis added). For instance, in response to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the Attorney General issued a bulletin informing local law enforcement and government lawyers of the decision and its impact on California's carry license regime. *See* Suppl. Barvir Decl., Ex. C. Providing similar notice in this case will give meaningful effect to the prohibitory injunction Plaintiffs are entitled to.

**II. THE NINTH CIRCUIT HELD THAT THE ENTIRETY OF SECTION 22949.80 IS LIKELY UNCONSTITUTIONAL; THIS COURT HAS NO AUTHORITY TO NARROW THE SCOPE OF THE MANDATE TO ONLY SUBSECTION (a)**

**A. The Ninth Circuit's Opinion Is Not Ambiguous, and the State's Plea That This Court Should Narrow or Modify the Ninth Circuit Mandate Invites Reversible Error**

The State contends that the Ninth Circuit's opinion was limited to subsection (a) of section 22949.80 and so too should the preliminary injunction—a claim it never once made before this case returned to this Court on remand. Opp'n 6. The argument, however, rests on a profound distortion of Plaintiffs' motion for preliminary injunction and the Ninth Circuit's decision. Indeed, the plain language of the Ninth Circuit's opinion—which is now the law of the case—contradicts the State's claim. "In sum, we hold that § 22949.80 is likely unconstitutional under the

First Amendment …." *Jr. Sports Mags., Inc. v. Bonta*, 80 F.4th 1109, 1120-21 (9th Cir. 2023). This language is not susceptible to two meanings. It is not overly complex or lacking in clarity; it does not require "Talmudic scholars nor skill[s] in the use of Urim and Thummin to construe it." *Herrgott v. U.S. Dist. Ct. for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729 (9th Cir. 2002). Even still, the State claims there is some latent ambiguity in the Court of Appeals' words because, despite the very plain language of the decision, the court *really* meant to hold that only subsection (a) is likely unconstitutional. Opp'n 8. The State is wrong.

      The Ninth Circuit did not limit its ruling to any subsection, and for good reason. The complaint challenges the entirety of section 22949.80. *See* ECF No. 1 at 37 ("Prayer for Remedy" repeatedly referring to "AB 2571, codified at California Business & Professions Code section 22949.80"). Plaintiffs' motion sought to preliminarily enjoin *all* of section 22949.80. ECF No. 12-14 (proposed order for a preliminary injunction enjoining Defendants and others "from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of AB 2571, codified at Business & Professions Code section 22949.80"). This Court denied Plaintiffs' express request to preliminarily enjoin the entire law. ECF No. 35 at 51.[2] And the Ninth Circuit reversed that decision. *Jr. Sports Mags.*, 80 F.4th at 1120-21.

      Even more astonishingly, the State effectively argues that Plaintiffs themselves had no idea what law they were challenging in either their complaint or their motion for preliminary injunction. Indeed, the State claims that "consistent with the scope of this action, the parties and the courts have simply used those phrases ["section 22949.80" or "AB 2571"] as shorthand for the advertising regulations in subdivision (a)." Opp'n 8. That is simply not true. Plaintiffs have

---

[2] In a footnote, this Court observed that it was not clear whether Plaintiffs had challenged anything but subsection (a), but it ultimately acknowledged that Plaintiffs' motion for preliminary injunction did seek to enjoin all subsections of the law. ECF No. 35 at 6, n.3.

never adopted "section 22949.80" as shorthand for anything—let alone section 22949.80(a). Rather, they have consistently referred to "AB 2571" as shorthand for their challenge to the entirety of § 22949.80, including the amendments made to subsections (a) and (c) by AB 160.³ And the State itself never once stated that it was adopting "Section 22949.80" as shorthand for "Section 22949.80(a)." In fact, when petitioning the Ninth Circuit for rehearing en banc, the State itself acknowledged that Plaintiffs "moved for a preliminary injunction against Section 22949.80 *in its entirety*." Appellees' Petition for Rehearing En Banc 6, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. 2023), ECF No. 49 (emphasis added).

It is more than frivolous for the State to suddenly reverse course and suggest that there is some hidden meaning in the parties' briefs or, even worse, the Ninth Circuit's opinion—an opinion that, in its penultimate declarative sentence, sets forth the simple and straightforward holding of the Court of Appeals. Is the State really suggesting that legal texts are susceptible to mind-reading exercises to gain insight into the panel's meaning and shorthand notations? If so, what other secret messages are contained in the opinion that are apparently discoverable only by the Attorney General's decoder ring?

The only rational approach to interpreting legal texts requires this Court to enjoin the entire statute because that is what the plain text of the mandate said in plain English. The State, however, asks this Court to narrow or modify the plain language of the mandate. This Court has no power to do as the State demands. The mere suggestion invites this Court to commit a clear error that will subject these proceedings to yet another interlocutory appeal. It is well settled that:

---

³ *See, e.g.*, ECF No. 1 at 14, n.3 ("Throughout this complaint, Plaintiffs refer to the challenged law, California Business & Professions Code section 22949.80, as 'AB 2571.'"); ECF No. 12-1 ("Throughout this motion, Plaintiffs refer to section 22949.80 as AB 2571."); ECF No. 30 at 1, n.2 ("For continuity, Plaintiffs refer to the challenged law—Business & Professions Code section 22949.80—as AB 2571."); *see also* Appellants' Opening Brief 2, n.1, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. 2023), ECF No. 7 ("For ease of reference, Appellants refer to AB 2571 (as adopted and as later amended by AB 160) and California Business & Professions Code § 22949.80 as 'AB 2571.'").

> The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded.

*Sibbald v. United States*, 37 U.S. 488, 491 (1838). *See also NAACP v. Alabama ex rel. Patterson*, 360 U.S. 240, 245 (1959). The "law of the case" was expressed in the Ninth Circuit's opinion and mandate. The plain language of that opinion and mandate is the exposition of the law itself. It is not some suggestion—or mere evidence—of the rule laid down by that court.[4]

"In sum, we hold that § 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." *Junior Sports Mags., Inc. v. Bonta,* 80 F.4th 1109, 1121 (9th Cir. 2023). Defiance of this mandate is reversible error.

**B.  This Court Has No Power to Review the Court of Appeals Opinion or Mandate for Any Perceived Error**

Perhaps the State's most remarkable argument—made for the first time in its post-appeal opposition brief— is its use of the simple truism that "[a]n injunction must be narrowly tailored to remedy the specific harm" to narrow the Ninth

---

[4] Professor Laurence H. Tribe has written about the interpretation of legal texts:

> "Like Justice Scalia, I never cease to be amazed by the arguments of judges, lawyers, or others who proceed as though legal texts were little more than interesting documentary evidence of what some lawgiver had in mind."
>
> ….
>
> "[I]t is the text's meaning, and not the content of anyone's expectations or intentions, that binds us as law."

Laurence H. Tribe, *Comment*, in Antonin Scalia, *A Matter of Interpretation: Federal Courts and the Law* 65, 66 (1997) (discussed in Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 295 (Thomson/West, Kindle ed. 2012)).

Circuit's clear holding. Opp'n 7 (citing *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019)). Setting aside that *East Bay* stands only for the proposition that a nationwide injunction is disfavored when the harm is occurring within one district or circuit, the State's reliance on *East Bay* is remarkable because of its not-so-subtle implication that the Ninth Circuit panel erred by holding all of section 22949.80—not just subsection (a)—is likely unconstitutional under the First Amendment. Even if the panel did err, the State cites no precedent authorizing trial courts to narrow the holding of an appellate court after the issuance of an unambiguous mandate from an interlocutory appeal.

As noted above, the Ninth Circuit's mandate is not ambiguous. The State even acknowledged in its failed petition for en banc review that Plaintiffs here (and in the companion *Safari Club International* case) "moved for a preliminary injunction against Section 22949.80 in its entirety." Appellees' Petition for Rehearing En Banc 6, *Jr. Sports Mags.*, 80 F.4th 1109. Yet there is no language in that petition (or anywhere else) seeking to limit the scope of the appeal to only subsection (a) or asking an en banc panel to limit the scope of the three-judge panel's reversal and remand with instructions to only enjoin subsection (a). The State's waiver of this issue in its failed en banc petition means the alleged error (assuming there is one and assuming it has been properly preserved on this record) can now be corrected only by the Supreme Court.

If the State is suggesting that the Ninth Circuit panel's holding is overbroad and thus in error, it is applying to the wrong court to remedy that alleged error. If this overbreadth conjecture is the foundation of the State's objection to enjoining the entirety of section 22949.80, then its remedy—from as far back in federal judicial practice as *Martin v. Hunter's Lessee*, 14 U.S. 304 (1816)—lies in a petition to the Supreme Court. It does not lie in advocating that this trial court defy an edict issued by a court of higher authority. "[U]nless we wish anarchy to prevail within the federal judicial system, a precedent … *must be followed by the lower federal courts*

9
REPLY TO OPPOSITION TO MOTION TO ENFORCE THE MANDATE

no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982) (emphasis added). Moreover, the lower courts must adhere not just to the result obtained by the higher court, but also to any reasoning necessary to that result. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996) (and collected cases).

In *Brockett v. Spokane Arcades*, 472 U.S. 491 (1985), the Supreme Court reviewed a Ninth Circuit opinion holding that an entire statute was null and void on First Amendment grounds. The Court reversed for a redetermination of exactly which provisions or subsections of the statute were unconstitutional. *Id.* at 507. Presumably, the Ninth Circuit panel knows the rule generated by *Brockett*—that a federal court may not extend its invalidation of a statute further than necessary to dispose of the case before it. If the panel members harbored any concern about impermissible judicial overreach, they understood well how to limit their ruling as shown by their use of the doctrine of constitutional avoidance to reserve judgment on Plaintiffs' equal protection and Freedom of Association claims. *See Jr. Sports Mags.*, 80 F.4th at 1120, n.3.

So, which is more plausible? That the three-judge panel made a conscious decision to enjoin the entirety of section 22949.80, or that three judges of the Ninth Circuit (including their clerks) ignored Supreme Court precedent and engaged in the judicial anarchy that California is urging this Court to engage in?

### C. Any Request Made to this Court for Modification of the Mandate Is Not Ripe

Finally, any power this Court has to modify or narrow the mandate of the Ninth Circuit—that section 22949.80 in its entirety is likely unconstitutional—requires a motion by the party seeking modification upon a showing of changed circumstances, a change in the law, or new facts that would warrant a modification of the original preliminary injunction that is required by the panel decision. *See A&M Records v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002). The State has

failed to even allege such changes, let alone document them with evidence and support them with valid arguments. At best, any modification of the Ninth Circuit's mandate is not ripe for review, especially when the government has not even filed an answer nor pleaded any affirmative defenses.

## CONCLUSION

The State never made the "only subsection (a)" argument in their merits briefs before the Ninth Circuit panel that decided this matter. It made no such argument in its failed petition for rehearing en banc. It did not request a narrower holding in a petition for panel rehearing. Nor has it moved to recall the mandate for clarification or petitioned for certiorari with the Supreme Court.

The Ninth Circuit's mandate is unambiguous, unreviewable, and unalterable by this Court. This Court must grant the relief requested by Plaintiffs and mandated by the Ninth Circuit's published opinion.

Dated: May 24, 2024                    **MICHEL & ASSOCIATES, P.C.**

                                       *s/ Anna M. Barvir*
                                       Anna M. Barvir
                                       Counsel for Plaintiffs Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Dated: May 24, 2024                    **LAW OFFICES OF DONALD KILMER, APC**

                                       *s/ Donald Kilmer*
                                       Donald Kilmer
                                       Counsel for Plaintiff Second Amendment Foundation

## ATTESTATION OF E-FILED SIGNATURES

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this PLAINTIFFS' REPLY TO DEFENDANTS' LIMITED OPPOSITION

11
REPLY TO OPPOSITION TO MOTION TO ENFORCE THE MANDATE

TO MOTION TO ENFORCE THE MANDATE AND ISSUE PRELIMINARY INJUNCTION. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: May 24, 2024            *s/ Anna M. Barvir*
                                             Anna M. Barvir

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc., certifies that this brief contains 3,784 which complies with the word limit of L.R. 11-6.1.

Dated: May 24, 2024            *s/ Anna M. Barvir*
                                             Anna M. Barvir

# CERTIFICATE OF SERVICE
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.: 2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' REPLY TO DEFENDANTS' LIMITED OPPOSITION TO MOTION TO ENFORCE THE MANDATE AND ISSUE PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kevin J. Kelly, Deputy Attorney General
kevin.kelly@doj.ca.gov
300 South Spring Street, Suite 9012
Los Angeles, CA 90013

Gabrielle D. Boutin, Deputy Attorney General
gabrielle.boutin@doj.ca.gov
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
   *Attorneys for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 24, 2024.

Laura Palmerin