UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

Present: The Honorable  CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                Not Present

**Proceedings:**  (IN CHAMBERS) - PLAINTIFFS' MOTION TO ENFORCE THE NINTH CIRCUIT'S MANDATE AND ISSUE PRELIMINARY INJUNCTION (Dkt. 59, filed on May 2, 2024)

## I.   INTRODUCTION

Presently before the Court is plaintiffs' motion to enforce the Ninth Circuit's mandate and enter preliminary injunction. Dkt. 59.

On July 7, 2022, plaintiffs Junior Sports Magazines Inc.; Raymond Brown, California Youth Shooting Sports Association, Inc.; Redlands California Youth Claw Shooting Sports, Inc.; California Rifle & Pistol Association, Incorporated; The CRPA Foundation; Gun Owners of California, Inc.; and Second Amendment Foundation (collectively, "plaintiffs") filed suit against Rob Bonta, in his official capacity as the Attorney General of California. Dkt. 1 ("Compl."). Plaintiffs challenge the constitutionality, and seek to prevent the enforcement, of California Business & Professions Code Section 22949.80. Id. at ¶ 4. Section 22949.80(a) prohibits firearm industry members from advertising or marketing, as defined, firearm-related products in a "manner that is designed, intended, or reasonably appears to be attractive to minors." Id.

Plaintiffs' complaint asserts claims for (1) violation of the right to free speech ("political & ideological speech") under the First Amendment; (2) violation of the right to commercial speech under the First Amendment; (3) violation of the rights to association and assembly under the First Amendment; and (4) violation of the Fourteenth Amendment's Equal Protection Clause. Compl. ¶¶ 107–230.

On July 20, 2022, plaintiffs filed a motion for a preliminary injunction enjoining enforcement of Section 22949.80. Dkt. 12-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

On August 30 and 31, 2022, the California Senate and Assembly passed AB 160, containing amendments to Section 22949.80. On September 29, 2022, Governor Gavin Newsom signed AB 160 into law.

On October 24, 2022, the Court denied plaintiffs' motion for a preliminary injunction. Dkt. 35. On November 21, 2022, plaintiffs appealed the Court's denial of their motion for a preliminary injunction to the Ninth Circuit. Dkt. 37.

On September 13, 2023, the Ninth Circuit reversed this Court's denial of plaintiffs' motion and remanded "for further proceedings consistent with [the Ninth Circuit's] opinion." Dkt. 46. On February 28, 2024, the Ninth Circuit issued its mandate. Dkt. 51.

On May 2, 2024, plaintiffs filed the instant motion to enforce the Ninth Circuit's mandate and issue a preliminary injunction. Dkt. 59 ("Mot."). On May 20, 2024, defendant filed a limited opposition. Dkt. 62 ("Opp."). On May 24, 2024, plaintiffs filed a reply. Dkt. 63 ("Reply").

On June 4, 2024, plaintiff filed a notice of supplemental authority. Dkt. 64.

On June 10, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

### A.  AB 2571/Section 22949.80

On June 30, 2022, Governor Gavin Newsom signed AB 2571 into law. Compl. ¶ 43. As initially enacted, AB 2571 adds Chapter 39 "Marketing Firearms to Minors" to the California Business and Professions Code. The newly modified Section 22949.80 includes subsections (a) through (f), described below.

####    1.    Subsection (a)

Section 22949.80(a)(1) establishes that "[a] firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

2. <u>Subsection (b)</u>

Section 22949.80(b) provides that "[a] firearm industry member publishing material directed to minors in this state or who has actual knowledge that a minor in this state is using or receiving its material, shall not knowingly use, disclose, compile, or allow a third party to use, disclose, or compile, the personal information of that minor with actual knowledge that the use, disclosure, or compilation is for the purpose of marketing or advertising to that minor any firearm-related product."

3. <u>Subsection (c)</u>

Section 22949.80(c) provides definitions for a number of terms referenced in other subsections. "Firearm industry member" is defined by Subsection 22949.80(c)(4) in two non-exclusive ways. The first definition is a "person, firm, corporation, company, partnership, society, joint stock company, or any other entity or association engaged in the manufacture, distribution, importation, marketing, wholesale, or retail sale of firearm-related products." Cal. Bus. & Prof. Code 22949.80(c)(4)(A). The second definition is:

> A person, firm corporation, company, partnership, society, joint stock company, or any other entity or association formed for the express purpose of promoting, encouraging, or advocating for the purchase, use, or ownership of firearm-related products that does one of the following:
>
> (i)   Advertises firearm-related products.
>
> (ii)  Advertises events where firearm-related products are sold or used.
>
> (iii) Endorses specific firearm-related products.
>
> (iv)  Sponsors or otherwise promotes events at which firearm-related products are sold or used.

<u>Id.</u> at 22949.80(c)(4)(B).

A "firearm-related product" is defined by Subsection 22949.80(c)(5) as a "firearm, ammunition, reloaded ammunition, a firearm precursor part, a firearm component, or a firearm accessory" meeting any of these four conditions: "[t]he item is sold, made, or distributed in California," "[t]he item is intended to be sold or distributed in California,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

"[i]t is reasonably foreseeable that the item would be sold or possessed in California," or "[m]arketing or advertising for the item is directed to residents of California." Id. at § 22949.80(c)(5).

"[M]arketing or advertising" is defined in Subsection 22949.80(c)(6) to mean, "in exchange for monetary compensation, to make a communication to one or more individuals, or to arrange for the dissemination to the public of a communication, about a product, the primary purpose of which is to encourage recipients of the communication to engage in a commercial transaction." Id. at § 22949.80(c)(6).

### 4. Subsection (d)

Section 22949.80(d) provides that "[t]his section shall not be construed to require or authorize a firearm industry member to collect or retain age information about users or subscribers of products or services offered."

### 5. Subsection (e)

Section 22949.80(e) provides that anyone who violates this section "shall be liable for a civil penalty not to exceed [$25,000] for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General or by any district attorney, county counsel, or city attorney in any court of competent jurisdiction." Id. § 22949.80(e)(1). Subsection 22949.80(e)(3) also authorizes any "person harmed by a violation of this section" to "commence a civil action to recover their actual damages," as well as "reasonable attorney's fees and costs." Id. at § 22949.80(e)(3)–(5).

### 6. Subsection (f)

Section 22949.80(f) is a severability clause that provides:

The provisions of this section are severable. If any portion, subdivision, paragraph, clause, sentence, phrase, word, or application of this section is for any reason held to be invalid by any court of competent jurisdiction, that decision shall not affect the validity of the remaining portions of this chapter. The Legislature hereby declares that it would have adopted this section and each and every portion, subdivision, paragraph, clause, sentence, phrase, word, and application not declared invalid or unconstitutional without regard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

to whether any other portion of this section or application thereof would be subsequently declared invalid.

Id. at § 22949.80(f).

### B. Denial of Plaintiff's Motion for Preliminary Injunction

On October 24, 2022, the Court denied plaintiffs' motion for a preliminary injunction enjoining the enforcement of Section 22949.80. Dkt. 35. The Court denied the motion after finding that plaintiffs were not likely to succeed on the merits of their claims. In doing so, the Court noted that, aside from Section 22949.80(a)'s prohibition on advertising firearm-related products to minors, Section 22949.80 "[also] contains two privacy-related provisions, Subsections 22949.80(b) and 22949.80(d)." Id. at 6 n.3. It further noted that "[n]either of [these subsections] have been challenged by plaintiffs in their complaint or briefing . . . , although they are evidently encompassed by plaintiffs' request to 'enjoin the enforcement of [S]ection 22949.80.'" Id. at 6 n.3.

### C. Ninth Circuit Opinion

The Ninth Circuit reversed, holding that "Junior Sports Magazines is likely to prevail on the merits of its First Amendment claim." Dkt. 46 at 11. Specifically, it concluded that "[Section] 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." Id. at 21.

Plaintiffs now move for a preliminary injunction ordering that:

> [D]uring the pendency of this action, the named Defendant, his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office, are enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of AB 2571, codified at Business & Professions Code section 22949.80[.]

Dkt. 59-3 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

## III. DISCUSSION

The parties disagree on two issues regarding the scope of the injunction required by the Ninth Circuit's mandate. First, they disagree as to whether the Ninth Circuit held that Section 22949.80 is likely unconstitutional *in its entirety*, or whether its holding was limited to *only subsection (a)* of Section 22949.80. Second, they disagree as to whether an injunction may extend to "all District Attorneys, County Counsel, and City Attorneys holding office in the state of California." See Dkt. 59-3 at 2. The Court addresses each issue in turn.

### A. Statutory Scope of Injunction

Plaintiffs argue that they are "entitled to a preliminary injunction enjoining enforcement of [S]ection 22949.80 [] in its entirety" because "[t]he Ninth Circuit has already made all the necessary findings for granting a preliminary injunction in its disposition." Mot. at 6. They contend that "[t]he plain text of the [Ninth Circuit's] opinion – which is now the law of the case – contradicts th[e] assertion" that "the Ninth Circuit declared only subsection (a) unconstitutional." Id. at 7. In support, they emphasize that (1) their initial motion for a preliminary injunction expressly requested an injunction enjoining "any enforcement of AB 2571, codified at Business and Professions Code [S]ection 22949.80"; (2) defendant never argued that "*only* subsection (a)'s constitutionality was the *sole* issue on appeal"; (3) defendant's petition for rehearing acknowledged that plaintiffs "moved for a preliminary injunction against Section 22949.80 *in its entirety*"; (4) the Eastern District, in the coordinated case of Safari Club International v. Bonta, No. 22-cv-01395-DAD-JDP (E.D. Cal.), has already issued a preliminary injunction against the enforcement of the entire statute; (5) defendant and this Court are "foreclosed . . . from reconsidering the Ninth Circuit's opinion on remand"; and (6) the Ninth Circuit would have added "(a)" after "§ 22949.80" if they intended to limit their holding to subsection (a). Id. at 8-10.

Plaintiffs further argue that "[i]t strains credulity to think that the rest of [S]ection 22949.80 is still somehow valid" in light of the Ninth Circuit's finding "that directly marketing firearms to minors (as long as such marketing otherwise complies with state and federal law) is protected commercial speech under the First Amendment." Mot. at 9-10. They assert that subsection (b), which prohibits the disclosure of minors' personal information for the purpose of marketing firearm-related products to such minors, impermissibly regulates protected conduct because the Ninth Circuit has found that "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

marketing activities of firearm industry members . . . [is] protected speech." Id. at 10. They claim that subsection (d) fails for the same reason. Id. They further contend that subsection (c)'s definitions "are now potentially vague and ambiguous because the law using those code-specific definitions has been found unconstitutional," and also argue that subsection (e) "is rendered nonsensical because it is the enforcement mechanism for a[n] [unconstitutional] statutory scheme." Id. Finally, they characterize subsection (f) as "the vestigial severability clause that California is trying to hang its hat on." Id.

In opposition, defendant argues that plaintiffs "have not shown that they are entitled to any injunction of subsection (b) of [S]ection 22949.80." Opp. at 7. They note that "this Court previously observed [that] [p]laintiffs did not challenge the constitutionality of the privacy regulations in subdivision (b) in either their [c]omplaint or their original preliminary injunction motion." Id. Plaintiffs allegedly also did not challenge subdivision (b)'s constitutionality in the Ninth Circuit appeal and "at no stage have [] established any of the elements necessary for injunctive relief as to subdivision (b)." Id. Rather, plaintiffs' arguments have allegedly "been limited to the advertising regulations in subdivision (a), which is presumptively severable from the rest of the statute." Id. (citing Cal. Bus. & Prof. Code § 22949.80(f)).

Defendant notes that the Ninth Circuit's opinion specifically required the Court to conduct further proceedings "consistent with" its opinion. Opp. at 7-8 (citing Dkt. 46). It argues that the Ninth Circuit's opinion "discusses and analyzes *only* the advertising regulations in subdivision (a)" and does not consider, much less rule on, the likely constitutionality of the privacy regulations in subdivision (b). Id. at 8. Although the opinion, "like the filings of this Court and the parties before it, generally refer at times to '[S]ection 22949.80' or 'AB 2571' . . . the parties and the courts have simply used those phrases as shorthand for the advertising regulation in subdivision (a)." Id. at 8. Defendant emphasizes that the Ninth Circuit, when describing the challenged regulation, quoted only subsection (a). Id. It further emphasizes that the Ninth Circuit "did *not* conclude that this Court should have adopted [p]laintiffs' previously-submitted proposed order." Id. at 9.

Defendant also argues that plaintiffs have never explained or proved that subdivision(b)'s privacy regulations "necessarily prevent [p]laintiffs from speaking as described in subdivision(a)." Opp. at 9. They question why it would be necessary to disclose a minor's information to third parties in order to publish firearm advertisements directed to minors, and why publications would need to use the personal information of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

minors instead of their parents. Id. at 9-10. Finally, they assert that "there is no need to enjoin subdivisions (c) through (f) of [S]ection 22949.80" because these subdivisions merely inform how subdivisions (a) and (b) are to be interpreted and enforced and "do not proscribe any speech or conduct." Id. at 10.

In reply, plaintiffs argue that defendant's claim is contradicted by the plain language of the Ninth Circuit's opinion, which reads, "[i]n sum, we hold that § 29949.80 is likely unconstitutional under the First Amendment." Reply at 5-6 (quoting Dkt. 46). They again emphasize that their complaint "challenges the *entirety* of section 22949.80." Id. at 6 (emphasis added). While this Court "observed that it was not clear whether [p]laintiffs had challenged anything but subsection (a), [] it ultimately acknowledged that [p]laintiffs' motion for preliminary injunction did seek to enjoin all subsections of the law." Id. Plaintiffs argue that they "never adopted '[S]ection 22949.80' as shorthand for anything – let alone [S]ection 22949.80(a)." Id. at 7.

There are two issues before the Court regarding the scope of plaintiff's request for a preliminary injunction: first, does the Ninth Circuit's mandate require the Court to enjoin subsection (a) *and* subsection (b) of Section 22949.80, and if not, second, does the Ninth Circuit's rationale suggest that subpart (b) is indistinguishable from subpart (a) such that both must be enjoined? The Court addresses each issue in turn.

The Court first finds that the Ninth Circuit's mandate requires it to enjoin the enforcement of subsection (a) but not subsection (b).

The rule of mandate provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012). However, the rule of mandate does not extend to issues not addressed or foreclosed by the appellate court. Although "lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate.'" United States v. Kellington, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (citing Herrington v. Cty. of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993)). Therefore, when a court is "confronted with issues that the remanding court never considered, the mandate 'requires respect for what the higher court decided, not for what it did not decide.'" Hall, 697 F.3d at 1067 (quoting Kellington, 217 F.3d at 1093) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

The Ninth Circuit has addressed the effect and scope of the rule of mandate following remand:

> When a case has once been decided by this court on appeal, and remanded to the [district] court, *whatever was before this court, and disposed of by its decree*, is considered as finally settled. The [district] court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other further relief, or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

United States v. Perez, 475 F.3d 1110, 1113 n.2 (9th Cir. 2007) (emphasis in original) (quoting Kellington, 217 F.3d at 1093); see also In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895).

Thus, "[t]he ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." Perez, 475 F.3d at 1113. In doing so, we consider "the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises." Id.

Here, the Court finds that the Ninth Circuit's mandate and opinion did not address the constitutionality of Section 22949.80(b). In ruling on plaintiffs' initial motion for a preliminary injunction, this Court explicitly noted that Section 22949.80 "[also] contains two privacy-related provisions, Subsections 22949.80(b) and 22949.80(d)." Id. at 6 n.3. It noted that "[n]either of [these subsections] have been challenged by plaintiffs in their complaint or briefing . . . , although they are evidently encompassed by plaintiffs' request to 'enjoin the enforcement of [S]ection 22949.80.'" Id. The Court proceeded to assess plaintiffs' arguments regarding subsection (a) and ultimately denied plaintiffs' request for an injunction enjoining enforcement of the entire statute. It did not consider or analyze whether defendant should be preliminarily enjoined from enforcing subsection (b) of the statute specifically.

On appeal, the Ninth Circuit also analyzed the parties' arguments regarding subsection (a) and reversed. See Dkt. 46 at 7 (characterizing Section 22949.80 as "mandat[ing] that '[a] firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

attractive to minors.' Cal. Bus. & Prof. Code § 22949.80(a)(1)"). The Ninth Circuit's opinion does not mention, much less consider the constitutionality of, the privacy regulations in subsection (b). While the Ninth Circuit does ultimately write that "[Section] 22949.80 is likely unconstitutional under the First Amendment," it is amply clear that its opinion did not consider or analyze any aspect of subsection (b).

Second, the Court finds that subsection (b) appears to proscribe different conduct than subsection (a) such that it does not fall within the scope of the Ninth Circuit's rationale regarding the constitutionality of subsection (a).

Subsection (b) appears to regulate the use, disclosure, and compilation of minors' personal information. Its prohibition is specifically limited to the use, disclosure, and compilation of such information with knowledge that such conduct "is for the purpose of marketing or advertising to [the relevant] minor[s] any firearm-related product." Cal. Bus. & Prof. Code 22949.80(b). In other words, it seems that subsection (b) does not prevent a firearm industry member from maintaining the private information of minors and making that information available to members of other non-firearm industries e.g., toy manufacturers, food product producers, etc. Subsection (b) therefore appears to be a privacy regulation targeted specifically at efforts to market/advertise firearms to minors, rather than a general regulation regarding the privacy of minors. The likely constitutionality of such a regulation has not been fully briefed and was not addressed by the Ninth Circuit, which only addressed the constitutionality of a ban on firearm advertisements to minors as opposed to a ban on collecting/disseminating private information.

Accordingly, after analyzing the Ninth Circuit's mandate and its corresponding opinion for the sole "purpose [of] execution," the Court denies plaintiffs' request for an injunction enjoining enforcement of Section 22949.80(b) at this juncture.[1] See Perez, 475

---

[1] At the hearing, the Court questioned whether it would be appropriate to certify a question regarding the scope of the Ninth Circuit's prior opinion to the court of appeals. The parties were amenable to this proposal. Upon review, however, it appears that, as a procedural matter, the Court must issue an order regarding plaintiff's motion to enforce the Ninth Circuit's mandate which may then be immediately appealed. See 28 U.S.C. § 1292(a) (providing that "the courts of appeals shall have jurisdiction of appeals from [] interlocutory orders of the district courts of the United States . . . modifying [or] refusing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

F.3d at 1113 n.2 (holding that the district court "cannot vary [the mandate], or examine it for any [] purpose *[other] than execution*") (emphasis added).

### B. Parties to be Enjoined

In their proposed order, plaintiffs seek to enjoin the conduct of "[d]efendant, his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office." Dkt. 59-3 at 2.

Federal Rule of Civil Procedure 65(d)(2) provides that an injunction or restraining order "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described" in paragraphs (A) or (B).

In its limited opposition, defendant argues that any preliminary injunction should be limited to "only those persons identified in Rule 65(d) – Defendant, his officers, agents, servants, employees, and attorneys, and other persons in active concert with them." Opp. at 10-11.

In reply, plaintiffs argue that "this Court may direct a preliminary injunction to not only the Attorney General" (i.e., the named defendant) "but also to those subordinate officers over whom he has direct supervising authority." Reply at 3. They contend that this list includes "all 58 District Attorneys who, along with the Attorney General, are expected to bring civil actions to enforce AB 2571." Id. They also claim that this Court "may enjoin . . . nonparty County Counsels and City Attorneys even though they are employed by and represent local political subdivisions and not the State itself." Id. Specifically, they claim that such nonparties are in "privity" with the named defendant, the Attorney General. Id. at 4. Plaintiffs assert that "[p]rivity can arise if the nonparty's 'interests are adequately represented by the named party . . . or if some other implied or in-fact representation or alignment of interests exist[s] between the parties." Id. (citing Saga Int'l, Inc. v. John D. Brush & Co., 984 F. Supp. 1283, 1287 (C.D. Cal. 1997)). Here, the interests of the nonparty County Counsels and City Attorneys are allegedly

---

. . . injunctions"). Because the parties have adequately briefed this question, the Court proceeds to rule on the motion based on the present record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

"identical to the interests of the Attorney General" because "[t]hey are all authorized by the State to bring civil actions . . . under AB 2571 . . . and they all share the same interest in seeing the law enforced."[2] Id. at 4.

In their notice of supplemental authority, plaintiffs additionally argue that the Supreme Court's recent decision in National Rifle Association of America v. Vullo, No. 22-842, 2024 WL 2751216, at *11 (U.S. May 30, 2024), "supports [p]laintiffs' argument that the preliminary injunction in this matter must be enforceable against this state's District Attorneys, County Counsels, and City Attorneys – and not just the Attorney General." Dkt. 64 at 2. They point specifically to the Supreme Court's holding that "the First Amendment prohibits government officials from wielding their power selectively to punish or suppress speech, directly or (as alleged here) through private intermediaries."[3] Vullo, No. 22-842 at *11.

The Court finds that the preliminary injunction should be limited to the Attorney General, his officers, agents, servants, employees, and attorneys, and other persons in active concert with him. The Court declines to expand the injunction to include non-party District Attorneys, County Counsels, and City Attorneys that are not employed by, and do not represent, the state itself, seeing as these parties did not have an opportunity to be heard in this action. However, the Court grants plaintiffs' request for a mandatory injunction directing the Attorney General to issue an alert notifying District Attorneys, County Counsels, and City Counsels in California of this lawsuit and that enforcement of Section 22949.80(a) has been preliminarily enjoined.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part and DENIES in part** plaintiffs' motion for a preliminary injunction. The Court **DENIES** plaintiffs'

---

[2] In the event the Court disagrees, plaintiffs "ask that the Court . . . grant a mandatory injunction[] directing the Attorney General to issue an alert notifying District Attorneys, County Counsels, and City Attorneys in California of this lawsuit and that enforcement of AB 2571 has been preliminarily enjoined." Reply at 4.

[3] The Supreme Court's decision in Vullo does not appear to address the question of whether non-party County Counsels and City Attorneys are in privity with the state Attorney General such that they may be bound by an injunction pursuant to Rule 65(d)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

motion to enjoin enforcement of Section 22949.80 in its entirety and instead **GRANTS** a preliminary injunction enjoining the enforcement of only Section 22949.80(a). The injunction will bind defendant, his officers, agents, servants, employees, and attorneys, and other persons in active concert with them. The Attorney General is further directed to issue an alert notifying District Attorneys, County Counsels, and City Counsels in California of this lawsuit and that enforcement of Section 22949.80(a) has been preliminarily enjoined.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |