**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC.; RAYMOND BROWN; CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC.; REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC.; CALIFORNIA RIFLE & PISTOL ASSOCIATION; THE CRPA FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; SECOND AMENDMENT FOUNDATION, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California, <br><br> Defendant-Appellee. | No. 24-4050 <br><br> D.C. No. 2:22-cv-04663-CAS-JC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted June 24, 2025
Seattle, Washington

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We earlier held that Section 22949.80 of the California Business and Professions Code—a statutory scheme that bars firearm advertising that "reasonably appears to be attractive" to minors—violates the First Amendment. *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023). On remand, the district court declined to preliminarily enjoin subsection (b) of Section 22949.80, which prevents the firearm industry from compiling or using personal information of minors for marketing purposes. *Junior Sports Mags. Inc. v. Bonta*, 2024 WL 3236250, at *8 (C.D. Cal. June 18, 2024). We reverse the district court and clarify that our constitutional analysis applied to the entirety of Section 22949.80.

## BACKGROUND

In 2022, Junior Sports Magazines Inc. and other plaintiffs (together, "Junior Sports") challenged the constitutionality of a new California law that regulated the advertising and marketing of firearm-related products to minors. *Junior Sports*, 80 F.4th at 1114; *see* CAL. BUS. & PROF. CODE § 22949.80. Junior Sports—which publishes the youth-oriented firearm magazine *Junior Shooters*—argued that the statute improperly burdened free speech under the First and Fourteenth Amendments and moved for a preliminary injunction. The challenged statute has several components:

First, subsection (a) of the statute prohibits "firearm industry members" from "advertising, marketing, or arranging for" communications "offering or promoting

any firearm-related product in a manner . . . attractive to minors." § 22949.80(a) (cleaned up).  Second, subsection (b) of the law prohibits firearm industry members from using or compiling the personal information of minors "for the purpose of marketing or advertising to th[e] minor any firearm-related product." § 22949.80(b).  Third, the law provides for a civil penalty of up to $25,000 per violation, to be enforced by the California Attorney General or by local officials, as well as a private cause of action.  § 22949.80(e).  Finally, the statute contains additional subsections with definitions, limitations, and clarifications.  *See* §§ 22949.80(c)–(d), (f).

Junior Sports ceased distributing its magazine in California after the law passed but argued that it posed an unconstitutional burden to free speech.  *Junior Sports*, 80 F.4th at 1114.  We agreed.  Reviewing Junior Sports' motion for a preliminary injunction, we held that it was likely to succeed on the merits of its First Amendment claim, even under an intermediate scrutiny standard of review.  *Id.* at 1116.

First, we held that Section 22949.80 placed a burden on protected commercial speech, as defined in *Central Hudson*, because it regulated "speech whose content concerns lawful activities and is not misleading." *Id.* at 1117; *see Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 564 (1980).  Minors can, for example, legally shoot and hunt in California, but an advertisement for these activities would be swept up by multiple provisions of the law.  *See Junior Sports*,

80 F.4th at 1116.  Next, we held that Section 22949.80 did not "directly and materially advance" California's substantial interests in "preventing unlawful possession of firearms by minors and [ ] protecting its citizens from gun violence," because the state did not show that lawful and truthful advertising about firearms spurred gun violence.  *Id.* at 1117, 19 ("California even encourages demand for gun use by minors by giving permit discounts for young hunters.").  Finally, we held that even if the statute did materially advance these interests, it still would be unconstitutionally broad.  Because the statute's provisions cover *any* gun-related marketing or advertising directed at minors—and not only advertisements for illegal or violent behavior—it posed an excessive burden on speech.  *See id.* at 1119–20.  We thus held that Junior Sports succeeded on the first prong of the preliminary injunction test, as well as on the remaining prongs.  *Id.* at 1120–21.

On remand, the district court denied "plaintiffs' motion to enjoin enforcement of Section 22949.80 . . . and instead . . . enjoin[ed] the enforcement of only Section 22949.80(a)."  2024 WL 3236250, at *8.  Junior Sports appeals this decision.

## DISCUSSION

We review the district court's denial of a preliminary injunction for abuse of discretion.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  But "[w]e review conclusions of law de novo and findings of fact for clear error."  *Id.* (citation omitted).  "When the district court is alleged to have relied on an

erroneous legal premise, we review the underlying issues of law de novo." *Harris v. Bd. of Supervisors, Los Angeles Cnty.*, 366 F.3d 754, 760 (9th Cir. 2004).

As a threshold matter, we need not even consider California's argument that subdivision (b) should be severed from the rest of the statute because this argument has been waived. California never argued in the prior appeal that subdivision (a) should be solely enjoined or that subdivision (b) should be severed; this argument shows up for the first time on remand. *See Junior Sports*, 2024 WL 3236250, at *4 (citing § 22949.80(f)). Because California is "now raising a new issue that [it] did not raise in [its] last appeal," we "need not . . . consider a new contention that could have been" raised before. *Munoz v. Imperial Cnty.*, 667 F.2d 811, 817 & n.6 (9th Cir. 1982); *see also Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007).

California mistakenly argues that it had "no basis . . . to address" the severability issue before. If California wanted to save subdivision (b) from the preliminary injunction, it had a duty to raise that prior to this appeal. *Cf. United States v. City of Arcata*, 629 F.3d 986, 992 (9th Cir. 2010) (declining to consider the defendants' arguments about severability because the defendants "failed to present them clearly in their opening brief" and merely raised them for the first time on reply). Even so, it still fails to offer a credible defense of the district court's partial injunction. Both the structure and reasoning of our prior opinion apply to subsection (b) of Section 22949.80.

First, our prior opinion addressed the statute as a whole and not just subdivision (a). *See Junior Sports*, 80 F.4th at 1114 ("The resulting law," "AB 2571, as later amended by AB 160," "is the subject of this appeal."). We began by framing the parties' dispute over the entire statute, namely "whether we should review § 22949.80 as a restriction of purely commercial speech . . . or as a content- and viewpoint-based restriction of speech." *Id.* at 1115. We characterized the statute's subdivisions as parts of an integral whole—including the advertising, definitions, and penalties subdivisions—since these subsections work together to regulate speech. *See id.* at 1114; CAL. BUS. & PROF. CODE § 22949.80(e) (authorizing injunctive relief to "prevent the harm described in th[e] section" as a whole). And we stated that "§ 22949.80 is likely unconstitutional under the First Amendment." *Junior Sports*, 80 F.4th at 1121.

Second, while our opinion mostly draws from subdivision (a), our analysis of "California's advertising restriction" also applies to subdivision (b). *Id.* at 1116. That provision makes it unlawful to "use, disclose, [or] compile" a minor's personal information "for the purpose of *marketing or advertising* to that minor any firearm-related product." § 22949.80(b) (emphasis added). California tries to frame the provision as a "privacy regulation[]" rather than an advertising restriction, but as the district court noted, "the so-called privacy concerns in subsection (b) appear only to relate to the offering of guns to minors as opposed to for other purposes." Indeed,

the entire provision turns on prohibiting the use of certain information "for the purpose of marketing or advertising . . . firearm-related products" to minors. *Id.* In other words, subsection (b) suffers from the same constitutional flaw as subsection (a): it is a content-based restriction that the government has failed to justify. *See Junior Sports*, 80 F.4th at 1117 (requiring the state to prove that the law "directly and materially advances" the government's interest).

Moreover, California's mistaken argument that subdivision (b) is a privacy rule makes § 22949.80(b) *more* problematic under the logic of our opinion, not less. The state's alleged privacy rule "gives possessors of [minors'] information broad discretion and wide latitude in disclosing the information, while at the same time restricting the information's use by some speakers and for some purposes." *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 580 (2011); *cf. Junior Sports*, 2024 WL 3236250, at *6. But the Supreme Court has repeatedly held that a state may not "condition[] privacy on acceptance of a content-based rule that is not drawn to serve the State's asserted interest." *Sorrell*, 564 U.S. at 574; *accord Moody v. NetChoice, LLC*, 603 U.S. 707, 741 (2024). Like subdivision (a), § 22949.80(b) clearly targets only gun-related advertising and marketing, and there is nothing to indicate that it will materially advance any governmental interest. The state may not selectively burden otherwise-lawful speech in the name of protecting privacy, and the district court abused its discretion by enjoining only § 22949.80(a).

Finally, Junior Sports argues for an injunction naming not only the California Attorney General but also "all District Attorneys, County Counsel, and City Attorneys holding office in the state of California." We do not think this necessary. Already, the district court's injunction bound the AG's "officers, agents, servants, employees, and attorneys, and other persons in active concert with them"—consistent with the language of F.R.C.P. 65(d)(2). The district court also directed the AG "to issue an alert notifying" the other requested parties of the injunction. Our court "scrutinize[s] . . . injunctions closely to make sure that the remedy protects the plaintiffs' constitutional rights," but we otherwise defer to the district court. *Gluth v. Kangas*, 951 F.2d 1504, 1509 (9th Cir. 1991). Because Junior Sports has not provided any example of potential or actual improper enforcement of this statute by local officials or localities in the years since its enactment, we do not find it necessary to add them to the injunction.

## CONCLUSION

We **REVERSE** the district court's order denying in part the motion for a preliminary injunction and **REMAND** with instructions to issue a preliminary injunction against the enforcement of the entirety of Cal. Bus. & Prof. Code § 22949.80.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
  **A. Panel Rehearing:**
  - A party should seek panel rehearing only if one or more of the following grounds exist:
    - A material point of fact or law was overlooked in the decision;
    - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - An apparent conflict with another decision of the Court was not addressed in the opinion.
  - Do not file a petition for panel rehearing merely to reargue the case.

  **B. Rehearing En Banc**
  - A party should seek en banc rehearing only if one or more of the following grounds exist:
    - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
    - The proceeding involves a question of exceptional importance; or

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

Post Judgment Form - Rev. 12/2024

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [          ]

**Case Name** [          ]

The Clerk is requested to award costs to *(party name(s))*:

[          ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [          ]   **Date** [          ]

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | TOTAL: | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 10                                                                                           Rev. 12/01/2021