C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff Second Amendment Foundation

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California, <br><br> Defendant. | Case No.: 2:22-cv-04663-CAS (JCx) <br><br> **JOINT RULE 26(f) REPORT** <br><br> Conference Date: September 8, 2025 <br> Conference Time: 11:00 a.m. <br> Judge: Hon. Christina A. Snyder |

On August 18, 2025, Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, Gun Owners of California, Inc., and Second Amendment Foundation (collectively, "Plaintiffs") and Defendant Rob Bonta ("Defendant" and, together with Plaintiffs, the "Parties"), through their counsel of record, met and conferred pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's July 3, 2025 Order Setting Scheduling Conference (ECF No. 75). During that conference, counsel for the Parties discussed those matters required by Rule 26(f), Local Rule 26-1, and the orders of this Court.

The Parties hereby submit this Joint Rule 26(f) Report in advance of the Scheduling Conference set for September 8, 2025.

A.   **NATURE & BASIS OF THE PARTIES' CLAIMS & DEFENSES (FRCP 26(f)(2))**

   1.   **Statement of the Case**

Plaintiffs' Statement

In 2022, California passed—as emergency legislation—an amendment to Business and Professions Code section 22949.80. In summary, the law seeks to prohibit all "firearm-industry members" (and only those actors) from marketing any "firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors." *Id.* § 22949.80(a). The law also explicitly bars firearm-industry members (and only those actors) from "knowingly us[ing], disclos[ing], [or] compil[ing]" the personal information of minors if that use, disclosure, or compilation of "is for the purpose of marketing or advertising to that minor any firearm-related product." *Id.* § 22949.80(b). The law punishes such speech with civil penalties of $25,000 per occurrence.

Plaintiffs' lawsuit challenges the constitutionality of the entire law under the First and Fourteenth Amendments. ECF No. 1. After filing suit, Plaintiffs promptly moved for a preliminary injunction, enjoining enforcement of California Business &

Professions Code section 22949.80, in its entirety. ECF No. 12. This Court denied the motion, holding that Plaintiffs had not shown a likelihood of succeeding on the merits of their claims. ECF No. 35. Plaintiffs appealed. ECF No. 37.

On September 13, 2023, the Ninth Circuit reversed the denial of Plaintiffs' motion for preliminary injunction in a unanimous decision, holding that Plaintiffs were likely to succeed on their First Amendment claim and had met all other injunction criteria. *Jr. Sports Mags. Inc., v. Bonta*, 80 F.4th 1109, 1116-21 (9th Cir. 2023).[1] In so holding, the court reasoned that section 22949.80 is likely unconstitutional because it (1) regulates protected commercial speech; (2) does not directly and materially advance the State's substantial interests in reducing gun violence and the unlawful use of firearms by minors; and (3) is more extensive than necessary because it sweeps in truthful ads about lawful firearm uses for adults and minors alike. *Id.* at 1116-20. Concurring, Judge VanDyke wrote separately to emphasize that laws like section 22949.80, "which attempt to use the coercive power of the state to eliminate a viewpoint from public discourse, deserve *strict scrutiny*." *Id.* at 1121. (VanDyke, J., concurring) (emphasis added).

The State petitioned for rehearing en banc, but after no judge in the Ninth Circuit called for a vote to rehear the case, the State's petition was denied. 2024 U.S. App. LEXIS 3878 (9th Cir. Feb. 20, 2024). The Ninth Circuit issued the first mandate on February 28, 2024. ECF No. 51.

Once the case returned to this Court, the parties met several times to explore avenues for the swift disposition of this case and the entry of a preliminary injunction pursuant to the mandate issued by the Ninth Circuit. The parties could not come to terms on the scope of any such order, however, and Plaintiffs filed a Motion to Enforce the Mandate and Issue Preliminary Injunction, ECF No. 59. On June 18, 2024, this Court granted that motion, in part, enjoining only subsection (a) of section

---

[1] Because it resolved the case on First Amendment grounds, the Ninth Circuit did not resolve Plaintiffs' Fourteenth Amendment claim on appeal.

22949.80, despite the Ninth Circuit's clear mandate that "§ 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." *Jr. Sports Mags.*, 80 F.4th at 1121.

Plaintiffs again appealed. ECF No. 70. And they successfully moved the court to treat the case as a "comeback case" to be assigned to the same three-judge panel that heard the first appeal. On July 7, 2025, a unanimous panel of the Ninth Circuit reversed (again). *Jr. Sports Mags., Inc. v. Bonta*, 2025 WL 1863184 (9th Cir. July 7, 2025) (mem. op.). Among other things, the court confirmed that its "prior opinion addressed the statute as a whole and not just subdivision (a)," and that the subsections function together to regulate firearm marketing and advertising. *Id.* at *2. What's more, the panel explained, subsection (b), which prohibits using or compiling minors' personal information "for the purpose of marketing or advertising" firearm-related products, "suffers from the same constitutional flaw as subsection (a)." *Id.* That is, "it is a content-based restriction that the government has failed to justify." *Id.* (citing *Jr. Sports Mags.*, 80 F.4th at 1117 (requiring the state to prove that the law "directly and materially advances" the government's interest). In line with that reasoning, the panel remanded "with instructions to issue a preliminary injunction against the enforcement of the *entirety* of Cal. Bus. & Prof. Code § 22949.80." *Id.* at *3.

Defendant did not petition for en banc review, and the Ninth Circuit mandate issued on July 29, 2025.

<u>Defendant's Statement</u>

This case involves Plaintiffs' constitutional challenge to California Business and Professions Code section 22949.80, which restricts the marketing and advertising of firearm products to minors and regulates the use and distribution of minors' personal information.  The State of California enacted Assembly Bill 2571, codified in section 22949.80, in response to the "proliferation of firearms to and

among minors" that "poses a threat to the health, safety, and security of all residents of, and visitors to, this state." Assem. Bill No. 2571 (2021–2022 Reg. Sess.), § 1(a). Section 22949.80 regulates only commercial speech—the advertising, marketing, or arranging for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors. The statute expressly does not regulate communications that merely relate to firearm programs, events, or competitions. It also does not restrict core political speech about guns or conduct protected by the Second Amendment.

### 2. Subject Matter Jurisdiction

Federal jurisdiction of this action is founded on 28 U.S.C. § 1331 because the action arises under the Constitution and laws of the United States, thus raising federal questions. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the alleged deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the state of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

### 3. Statement of the Legal Issues

Plaintiffs' Statement

1. Whether California Business & Professions Code section 22949.80, California's statewide ban on marketing or advertising "firearm-related products" in such a way that is "reasonably attractive to minors," violates Plaintiffs' First Amendment free speech (i.e., political and ideological speech) rights on its face and as applied to Plaintiffs?

2. Whether California Business & Professions Code section 22949.80, California's statewide ban on marketing or advertising "firearm-related products" in such a way that is "reasonably attractive to minors," violates Plaintiffs' First Amendment commercial speech rights on its face and as applied to Plaintiffs?

3. Whether California Business & Professions Code section 22949.80, California's statewide ban on marketing or advertising "firearm-related products" in such a way that is "reasonably attractive to minors," violates the rights of Plaintiffs to equal protection under the law per the Fourteenth Amendment on its face and as applied to Plaintiffs?

Defendant's Statement

The legal issues in this case include whether section 22949.80 violates the rights of free speech, free association, and assembly under the First Amendment and equal protection under the Fourteenth Amendment.

**4. Parties**

Parties

Plaintiffs are Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, Gun Owners of California, Inc., and Second Amendment Foundation.

The Defendant is Rob Bonta, in his official capacity as Attorney General of the State of California.

**B. POSSIBILITY FOR SETTLING OR RESOLVING THE CASE (FRCP 26(f)(2))**

In light of the two decisions of the Ninth Circuit, the Parties have opened discussions to explore a resolution of this matter that does not unnecessarily require the further involvement of the Court.

If such a resolution is not possible, Plaintiffs intend to move for judgment on the pleadings. Otherwise, the Parties anticipate that this case can be decided on summary judgment.

**C. DISCOVERY PLAN (FRCP 26(f)(3))**

*Initial Disclosures (FRCP 26(f)(3)(A))*: The Parties agree to extend the deadline to exchange initial disclosures set by Rule 26(a) by 30 days. Initial disclosures will be made on or before **October 1, 2025**.

*Anticipated Scope & Subjects of Discovery (FRCP 26(f)(3)(B)):* The Parties agree that, if the case is not resolved by the Parties on their own or through a motion for judgment on the pleadings, discovery may be conducted on the allegations and claims contained in the Plaintiffs' operative complaint and the denials and defenses raised in the Defendant's answer.

The Parties may propound written discovery in the form of interrogatories, requests for production, and requests for admission as authorized by the Federal Rules. The Parties may also conduct the depositions of the parties and third-party expert witnesses.

The Parties agree that discovery need not be conducted in phases and will not be limited to particular issues.

Plaintiffs' Statement Re: Scope of Discovery

The central issues of this case revolve around legal determinations rather than factual findings and are thus not fact-discovery intensive. Plaintiffs thus do not anticipate propounding written discovery, or if they do, such discovery will likely be minimal and related to efforts to enforce section 22949.80 and the legislative history, meaning, and intent behind the law. If the case is not resolved by the Parties or through a motion for judgment on the pleadings and discovery becomes necessary, Plaintiffs will propound written discovery, including requests for admissions, interrogatories, and requests for production of documents, about these issues.

Plaintiffs also intend to depose the State's identified witnesses and designated experts, if any.

Defendant's Statement Re: Scope of Discovery

Defendant does not currently anticipate taking discovery. However, if the case is not resolved by the Parties or through a motion for judgment on the pleadings, Defendant anticipates that he may propound written discovery related to standing and depose any witnesses or experts identified by Plaintiffs.

*Discovery Cut-Off (FRCP 26(f)(3)(B)):* The Parties propose the following cutoff date for the completion of fact discovery, including the resolution of all discovery motions: **April 8, 2026**.

*Electronically Stored Information (FRCP 26(f)(3)(C)):* In accordance with Rule 26(f)(3)(C), the Parties have discussed electronically stored information. As guiding principles, the Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

*Privilege Issues (FRCP 26(f)(3)(D)):* In accordance with Rule 26(f)(3)(D), the Parties have discussed privilege and protection issues. At this time, the Parties agree there is no need for a protective order. Should a need arise for a protective order, the Parties agree to meet and confer in good faith to discuss the terms of a protective order and preserve their rights to seek such orders from the Court.

*Changes to Discovery Limitations (FRCP 26(f)(3)(E)):* Except for extending the deadlines to exchange Initial Disclosures discussed above, the Parties do not anticipate the need to change the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The Parties reserve the right to seek leave of Court to exceed these discovery limitations, if necessary.

*Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F)):* In accordance with Rule 26(f)(3)(F), the Parties have discussed the need for other discovery or scheduling orders under Rules 26(c), 16(b), and 16(c). They do not presently see the need for other discovery orders.

**D.    COMPLEX CASES (L.R. 26-1(a))**

The parties agree that the matter is not complex and thus propose that the procedures of the Manual for Complex Litigation need not be used in managing this

case.

E. **MOTION SCHEDULE (L.R. 26-1(b))**

If the Parties are unable to resolve this matter, Plaintiffs intend to file a motion for judgment on the pleadings for prompt resolution of this matter. If Plaintiffs' motion for judgment on the pleadings is unsuccessful, the Parties anticipate that this matter can likely be decided on cross-motions for summary judgment.

The Parties propose the following cutoff date for all dispositive motions: **July 21, 2026**.

F. **Alternative Dispute Resolution (ADR) (L.R. 26-1(c))**

Plaintiffs' Statement

If this Court mandates ADR or the Parties wish to engage in ADR, Plaintiffs agree to Procedure No. 1 (i.e., a settlement conference before the magistrate judge assigned to the case).

Defendant's Statement

Defendant does not believe that the Court should mandate ADR because this case involves a constitutional challenge to a state statute.

G. **TRIAL ESTIMATE (L.R. 26-1(d))**

The Parties anticipate that this matter will be decided on a motion for judgment on the pleadings or cross-motions for summary judgment. That said, if this case does go to trial, the Parties preliminarily anticipate that trial should take 3 court days.

H. **ADDITIONAL PARTIES (L.R. 26-1(e))**

The Parties agree that it is unlikely that any motion to add other parties or claims, to file amended pleadings, or to transfer venue will be filed at this time.

I. **EXPERT WITNESSES (FRCP 26(a)(2); L.R. 26-1(f))**

The Parties propose the following deadlines for disclosure of expert witnesses and any written report from an expert witness required under Rule 26(a)(2)(B):

| | | |
|---|---|---|
| 1 | Initial Expert Disclosure | March 23, 2026 |
| 2 | Rebuttal Expert Disclosure | April 22, 2026 |
| 3 | Sur-Rebuttal Report (if necessary) | May 2, 2026 |
| 4 | Expert Discovery Cut-Off | May 22, 2026 |

Dated: August 25, 2025        **MICHEL & ASSOCIATES, P.C.**

*s/ Anna M. Barvir*
Anna M. Barvir
Attorneys for Plaintiffs Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

Dated: August 25, 2025        **LAW OFFICES OF DONALD KILMER, APC**

*s/ Donald Kilmer*
Donald Kilmer
Attorneys for Plaintiff Second Amendment Foundation

Dated: August 25, 2025        **ROB BONTA**
**ATTORNEY GENERAL OF CALIFORNIA**
**MARK R. BECKINGTON**
**SUPERVISING DEPUTY ATTORNEY GENERAL**

*s/ Gabrielle D. Boutin*
Gabrielle D. Boutin
Deputy Attorney General
Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California

**ATTESTATION OF E-FILED SIGNATURES**

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this **JOINT RULE 26(f) REPORT**. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Dated: August 25, 2025                             *s/ Anna M. Barvir*
                                                                    Anna M. Barvir

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Junior Sports Magazines, Inc., et al. v. Bonta*
Case No.:   2:22-cv-04663-CAS (JCx)

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

    I am not a party to the above-entitled action. I have caused service of:

**JOINT RULE 26(f) REPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Gabrielle D. Boutin, Deputy Attorney General
gabrielle.boutin@doj.ca.gov
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
   *Attorneys for Defendant*

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on August 25, 2025 in Riverside, California.

_____
Laura Fera