JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUNIOR SPORTS MAGAZINES INC. et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California et al.,**<br><br>Defendants. | 2:22-cv-04663-CAS-JCx<br><br>**ORDER, FINAL JUDGMENT, AND PERMANENT INJUNCTION**<br><br>Judge:        Hon. Christina A. Snyder<br>Trial Date:   None set<br>Action Filed: July 8, 2022 |

The Court having considered the parties' Stipulation for Entry of Order, Final Judgment, and Permanent Injunction ("Stipulation") and finding good cause,

**IT IS HEREBY ORDERED** as follows:

### I. DEFINITIONS

For purposes of this Order, the following definitions apply:

1.    "Section 22949.80" means section 22949.80 of the California Business and Professions Code.

2.    "Plaintiffs" means Plaintiffs Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California

1

Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, Gun Owners of California, Inc., and Second Amendment Foundation, and each of their successors and assigns.

3. "Defendant" means Defendant Rob Bonta, in his official capacity as Attorney General of the State of California, his successors in office, and each of their agents acting within the scope of their official duties.

4. "Complaint" means the Complaint for Declaratory & Injunctive Relief filed in this action on July 8, 2022, ECF No. 1.

## II. JUDGMENT

Judgment is hereby entered in favor of Plaintiffs and against Defendant on the Second Cause of Action in the Complaint, "Violation of Right to Commercial Speech Under U.S. Const., amend. I." ECF No. 1 at 32. The Court dismisses the remaining claims with prejudice.

## III. JUDICIAL DECLARATION

**IT IS HEREBY DECLARED** that Section 22949.80, in its entirety, violates the First Amendment of the United States Constitution on its face and as applied to Plaintiffs.

## IV. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED** that Defendant shall be permanently enjoined from enforcing section 22949.80. The Attorney General is further directed to issue an alert through an information bulletin or other ordinary communications notifying all District Attorneys, County Counsels, and City Attorneys in California that enforcement of Section 22949.80 has been permanently enjoined in its entirety.

## V. OTHER ORDERS

**IT IS ORDERED** that this Court shall retain jurisdiction of this matter for the purpose of enforcing this Order, Final Judgment, and Permanent Injunction.

**IT IS ORDERED** that Plaintiffs shall recover from Defendant the amount of $900,000 in full compensation for the attorneys' fees and costs incurred by

Plaintiffs in connection with this action and the related appeals.  This award is subject to the following terms, to which the Parties have agreed and stipulated:

1.     Payment shall be made as follows:

A.     The amount of $550,000 shall be paid the law firm of Michel & Associates, P.C., for representation of Junior Sports Magazines Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.

B.     The amount of $350,000 shall be paid to the Law Offices of Donald Kilmer, A Professional Corporation, for representation of the Second Amendment Foundation.

2.     Post-judgment interest on the attorneys' fees and costs is stayed and abated if paid within 270 days of this Judgment. Post-judgment interest shall then begin to accrue on day 271 at a rate of three-and-a-half percent (3.5%), shall be computed daily to the date of payment, and shall be compounded annually.

3.     The date of payment is contingent upon certification of availability of funds, the approval of the Director of the Department of Finance and is subject to appropriation by the Legislature.

4.     Defendant shall keep Plaintiffs apprised of the progress of any bill (if necessary), and to act in good faith to facilitate its enactment as soon as practicable.

5.     If Defendant fails to pay the agreed upon amount on or before 270 days from the date of judgment, Plaintiffs retain the right to seek additional attorneys' fees, costs, and interest by noticed motion seeking more than the agreed-upon amount, and the Court retains jurisdiction to decide such a motion.

6.     In the event Plaintiffs are required to seek enforcement of this part of the judgment, Defendant will not oppose the request for the amounts set out above, and

3

Plaintiffs will not need to submit an affidavit or other evidence to the Court in support of this original award for fees and costs, as would otherwise be required.

**IT IS ORDERED** that all other relief sought in Complaint is denied.

FINAL JUDGMENT IS ENTERED pursuant to the terms of this Order.

**IT IS SO ORDERED.**

Dated: March 17, 2026

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE